THOMAS FITZPATRICK
Attorney at Law
500 Fifth Avenue, 34th floor
New York, NY 10110
(212) 930-1290
tfitzpatrick@tfitzpatrick.com

November 16, 2016

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States v. Dan Zhong
               Docket No. 16-mj-1000

Dear Judge Reyes:

    Please accept this letter in response to the Government's November 12, 2016 letter ("Letter") seeking to detain defendant Dan Zhong without bail in this case on the ground that Mr. Zhong is a flight risk. As set forth below, we respectfully submit that Mr. Zhong is not a risk of flight and that he should be released on bail under the Bail Reform Act. We also offer suggestions for financial and non-financial conditions which we suggest will provide "reasonable assurance" to the Court that Mr. Zhong will appear at all future proceedings.

    If the Court is not satisfied that a personal recognizance or unsecured appearance bond will assure the defendant's appearance, the Court looks to 18 USC 3142(c). The Court must impose the least restrictive condition or combination of conditions necessary to "reasonably assure" the defendant's appearance. 18 USC 3142(c)(1)(B).[1]

    The Bail Reform Act contains a legal presumption of release (18 USC 3142(c)(1)(B)) unless the Court determines that "no condition or combination of conditions will reasonably assume the appearance of the person in court ...." *See* 18 USC 3142(e).

    It is the Government's burden to prove that there are no conditions which will "reasonably assure" a defendant's attendance at trial.

---

[1] "Section 3142 speaks only of conditions that will 'reasonably' assure appearance, not guarantee it." *United States v. Xulum*, 84 F.3d 441, 443 (D.C. Cir. 1996) (per curiam).

1

BACKGROUND

Dan Zhong is a Chinese national who has lived continuously in the United States since 2000. Dan Zhong's wife moved to the United States in 2007 and they became permanent residents in 2010. He and his wife own a home in Livingston, New Jersey where they live with their eight-year-old daughter who was born in the United States and is an American citizen. Dan Zhong has an older daughter who came to the United States in 2008 and became a United States citizen within the past year and attends dental school at NYU. His stepson, who has been a permanent resident since 2010, attends New Jersey Institute of Technology. His wife's parents are staying with them. He has real roots in the United States and intends to live here permanently.

A.  The Nature and Circumstances of the Offense

The crimes charged – three conspiracy charges – do not involve narcotics or violence. They do not allege that Dan Zhong committed any physical acts. The charges are conspiracy to commit alien smuggling (8 USC 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i)); conspiracy to commit labor trafficking (18 USC 1594(b)) and conspiracy to commit visa fraud (18 USC 371).

B.  The Weight of the Evidence Against the Person

While a detention hearing is not the forum to contest the allegations in a complaint, the nature of the charges and the weight of the evidence are factors to be considered. While the Government suggests its case is substantial, we beg to differ. This case is riddled with unusual questions of law. In addition, we submit, the facts are weak. The Chinese workers apply to come to the United States and some come for multiple rotations. They go home for vacations. They are legally in the United States. We submit that the workers are happy and well paid especially when compared to similar work, pay and conditions in their home province in the PRC. There are materially and provably false or misleading statements in the complaint and discussed in the Letter. Some examples:

Allegation:    "The defendant is the principal of a construction business based in the [People's Republic of China]." Letter at 1.

Response:    Mr. Zhong is not a principal of the referenced Chinese based construction company. He is a principal of U.S. Rilin, a New York corporation based in New York City.

Allegation:    The Complaint describes alleged housing violations from a February 20, 2013 housing inspection to a series of apartments (which were the Chinese company's, not U.S. Rilin's). (¶22)

Response:    The Complaint omits that the citations for violations were dismissed.

2

| | |
|---|---|
| Allegation: | The Complaint reflects an "illegal cellar occupancy" (¶22), insinuating it was the Chinese company's areas. |
| Response: | The "illegal cellar occupancy" was apparently the friend of the superintendent and had nothing to do with the Chinese company and certainly nothing to do with Dan Zhong. |
| Allegation: | After discussing service of subpoenas on six workers as they were boarding a flight for China, originally returnable November 4, the Government writes, "The Passengers have not yet returned to the United States" (¶38), insinuating failure to comply with the subpoenas. |
| Response: | The Government omits key material facts here, including that the November 4 return date has been repeatedly adjourned because the workers (through counsel) moved to quash the subpoenas asserting diplomatic immunity. That challenge continues to be litigated and is being briefed in the Court of Appeals for the Second Circuit. So no worker has missed a return date for any grand jury subpoena. |

In addition, there is absolutely no hint, suggestion or evidence that Dan Zhong had any knowledge or anything to do with the Chinese workers leaving the United States.

The issue of diplomatic status for the workers is a complicated one with significant history involving the Chinese company and the Government – but it does not involve U.S. Rilin or Dan Zhong. It does involve Landong Wang and the Chinese workers – all of whom were notified of the State Department's view of their "status" in the United States by Diplomatic Note on November 9, 2016.

C.   The History and Characteristics of the Person

Mr. Zhong is employed by and the owner of U.S. Rilin Corp., a New York corporation. The Government alleges that he is a "principal of a construction business based in the People's Republic of China ("PRC")." The Government is not correct.

U.S. Rilin has cooperated and responded (through counsel) to a grand jury and other subpoenas served on the company. While the Government attempts to smear Dan Zhong by the actions of the co-defendant, the facts are vastly different. Dan Zhong is a permanent resident of the United States with real roots. Landong Wang was not.

To the contrary: Dan Zhong has been aware of this investigation for more than one year. During that time – on notice to the Government – he travelled to China for holiday and came back. (He was interviewed both ways in "border stops" and was cooperative.)[2]

---

[2] Landong Wang was apparently notified by the State Department on November 9, 2016 that his status (he had asserted diplomatic immunity) would expire on November 11, 2016. Mr. Wang met with the Government and was reportedly told by them he was "free to leave;" even though they had an arrest warrant for them. He left.

3

He directed all employees to cooperate with company counsel to respond to subpoenas. As recently as last week, at his direction, U.S. Rilin responded to an administrative audit with three days' notice, through company counsel, to these prosecutors.

Dan Zhong has never had any prior arrest or involvement with the law. He is 47 years old. He is married (second marriage) and lives with his wife and 8-year-old daughter (a U.S. citizen). He and his wife are both permanent residents. His wife's parents are staying with them. His adult daughter and son are in school at NYU Dental and NJIT. He intends to live in the United States for the rest of his life. His older children are "Americanized." His youngest child is an American.

Particularly given the fact that with full knowledge of the investigation he has not fled, Dan Zhong has demonstrated that he is not a flight risk.

There are several other factors which should be considered.

Dan Zhong speaks Mandarin and not English. So far he has found no one at MDC who speaks Mandarin. He is unable to communicate with anyone at MDC. He has been unable to use the commissary. It is much more difficult for him than for someone who can communicate.

Dan also has health issues. When arrested, he was taken to the medical unit for evaluation to see if he was sufficiently "fit" to go to the MDC.

D.   Conditions for Bail

Nonetheless, in order to give comfort to the Court, and what we contend is more than "reasonable assurance" of Dan Zhong's appearance at all future proceedings, we offer the following means of conditions from least to most onerous. We are willing to do any and all of these conditions (although we hope the Court does not require the last, very expensive option).

Proposed conditions (in addition to the usual standard ones):

1)   Home confinement: leave only to go to medical treatment, lawyers' offices, or court, with prior notice and return notice to Pretrial Services Officer;

2)   $1 million bail, secured by:

   a)   his home in Livingston, New Jersey (approximately FMV $700,000, $200,000 mortgage) and $500,000 in various bank and investment accounts (mechanics to be determined – to make the funds secure for bail);

3)   Reporting to Pretrial in any manner, as often as directed;

4)   Electronic monitoring;

5)   Guidepost "private guards," paid by family of Dan Zhong.

4

     We will submit a proposal for the Court to review which in effect has Mr. Zhong under 24/7 surveillance by armed guards, which would assure that he does not flee. There are onerous conditions attached to this surveillance including cameras, electronic surveillance, escorts and limits on visitors. We request to provide it to the Court in person rather than through ECF because of the sensitive nature and information. We will produce a copy in advance to the Government. A representative from Guidepost will be in the Court if the Court has questions.

     While we believe that these conditions would certainly allay any concerns, we are willing to address any concerns that the Court has.

## CONCLUSION

     A combination of these conditions should provide the Court "reasonable assurance" that Dan Zhong will appear at all future proceedings. We respectfully request that the Court order Dan Zhong released on bail on the least restrictive combination of conditions that gives the Court that reasonable assurance.

Respectfully submitted,

Thomas Fitzpatrick

cc:    AUSA Alexander Solomon
       AUSA Douglas Pravda
       AUSA Ian Richardson