PT:AAS/DMP/ICR
F. #2015R01787

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

DAN ZHONG and
LANDONG WANG,

             Defendants.

– – – – – – – – – – – –X

FILED
CLERK

2016 DEC -1 AM 11:02

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

INDICTMENT

Cr. No. **CR 16 00614**

(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I) and
1324(b)(1); T. 18, U.S.C., §§ 371, 982(a)(6),
1589(a), 1589(b), 1589(d), 1592(a),
1594(b), 1594(d), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

**IRIZARRY, CH.J.**

**ORENSTEIN, M.J.**

THE GRAND JURY CHARGES:

COUNT ONE
(Forced Labor Conspiracy)

1.    In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAN ZHONG and LANDONG WANG, together with others, did knowingly and intentionally conspire to (1) provide and obtain the labor and services of one or more persons by means of (a) physical restraint, (b) serious harm and threats of serious harm to such persons and other persons, (c) the abuse and threatened abuse of law and legal process and (d) a scheme, plan and pattern intended to cause such persons to believe that, if they did not perform such labor and services, they would suffer serious harm and physical restraint, contrary to Title 18, United States Code, Section 1589(a), and (2) benefit, financially and by receiving one or more things of value from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that such venture had engaged in the providing and obtaining of

labor and services by any of such means, contrary to Title 18, United States Code, Section 1589(b).

(Title 18, United States Code, Sections 1589(d), 1594(b) and 3551 et seq.)

## COUNT TWO
(Forced Labor)

2. In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAN ZHONG and LANDONG WANG, together with others, did knowingly and intentionally (1) provide and obtain the labor and services of one or more persons by means of (a) physical restraint, (b) serious harm and threats of serious harm to such persons and other persons, (c) the abuse and threatened abuse of law and legal process and (d) a scheme, plan and pattern intended to cause such persons to believe that, if they did not perform such labor and services, they would suffer serious harm and physical restraint, and (2) benefit, financially and by receiving one or more things of value from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that such venture had engaged in the providing and obtaining of labor and services by any of such means.

(Title 18, United States Code, Sections 1589(a), 1589(b), 1589(d), 2 and 3551 et seq.)

## COUNT THREE
(Concealing Passports and Immigration Documents in Connection with Forced Labor)

3. In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAN ZHONG and LANDONG WANG, together with others, did knowingly and

3

intentionally conceal, remove, confiscate and possess one or more actual and purported passports and other immigration documents of one or more persons (a) in the course of one or more violations of Title 18, United States Code, Section 1589 and Title 18, United States Code, Section 1594(a), (b) with intent to violate Title 18, United States Code, Section 1589, and (c) to prevent and restrict and to attempt to prevent and restrict, without lawful authority, one or more persons' liberty to move and travel, in order to maintain the labor and services of such persons, when such persons were and had been victims of a severe form of trafficking in persons, as defined in section 103 of the Trafficking Victims Protection Act of 2000, to wit: the recruitment, harboring, transportation, provision, and obtaining of one or more persons for labor and services, through the use of force and coercion for the purpose of subjection to debt bondage.

(Title 18, United States Code, Sections 1592(a), 2 and 3551 et seq.)

## COUNT FOUR
(Alien Smuggling Conspiracy)

4. In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAN ZHONG and LANDONG WANG, together with others, knowingly and in reckless disregard of the fact that one or more aliens had remained in the United States in violation of law, did knowingly and intentionally conspire to transport and move such aliens within the United States by means of transportation, in furtherance of such violation of law,

and for the purpose of commercial advantage and private financial gain, contrary to Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

(Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
(Visa Fraud Conspiracy)

5. In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAN ZHONG and LANDONG WANG, together with others, did knowingly and intentionally conspire to utter, use, attempt to use, possess, obtain, accept and receive one or more documents prescribed by statute or regulation for entry into, and as evidence of authorized stay and employment in the United States, knowing such documents to have been procured by means of one or more false claims and statements and otherwise procured by fraud and unlawfully obtained, contrary to Title 18, United States Code, Section 1546(a).

6. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants DAN ZHONG and LANDONG WANG did commit and caused to be committed, among others, the following:

## OVERT ACTS

a. On or about December 10, 2014, WANG sent an electronic communication to ZHONG in which WANG sought ZHONG's assistance to arrange for workers to enter the United States from the People's Republic of China to perform work contrary to the terms of their United States visas.

5

    b. In or about June 2015, ZHONG and WANG caused workers to provide contracting work at a residence in Old Brookville, New York, contrary to the terms of their United States visas.

    c. In or about August 2015, ZHONG sent an electronic communication to an accessory, an individual whose identity is known to the Grand Jury ("Accessory #1"), concerning the use of workers to provide labor in the United States, contrary to the terms of their United States visas, at a residence in Old Brookville, New York.

    d. In or about September 2015, ZHONG and Accessory #1 exchanged electronic communications concerning the use of workers to provide contracting work at a residence in Flushing, New York, contrary to the terms of their United States visas.

    e. In or about October 2015, ZHONG and WANG caused workers to provide contracting work at a residence in Fresh Meadows, New York, contrary to the terms of their United States visas.

    f. In or about October 2015, WANG possessed workers' passports and visas at a residence in Fresh Meadows, New York.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH THREE

    7. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d) of (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of any such offenses, and any property traceable to such property;

and (b) any property, real or personal, constituting or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, or any property traceable to such property, including but not limited to:

 (i) all right, title and interest in the real property and premises located at 54 Glendale Avenue, Livingston, New Jersey 07039;

 (ii) all right, title and interest in the real property and premises located at 210 Pavonia Avenue, Jersey City, New Jersey 07302;

 (iii) all right, title and interest in the real property and premises located at 304 Fifth Avenue, New York, New York 10001;

 (iv) all right, title and interest in the real property and premises located at 5707 Parsons Boulevard, Fresh Meadows, New York 11365;

 (v) all right, title and interest in the real property and premises located at 147-37 Beech Avenue, Apartment 2C, Flushing, New York 11355; and

 (vi) all right, title and interest in the real property and premises located at 4 Valentine Farm Court, Old Brookville, New York 11545.

 8. If any of the above-described property, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

7

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR AND FIVE

  9. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts Four or Five, the government will seek forfeiture in accordance with (a) Title 8, United States Code, Section 1324(b)(1) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any conveyance, including any vessel, vehicle or aircraft that has been or is being used in the commission of such offenses, the gross proceeds of such offenses, and any property traceable to such conveyance or proceeds, and (b) Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offenses or a conspiracy to commit such offenses to forfeit any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses, and any property, real or personal, that constitutes or is derived from proceeds obtained directly or indirectly from the commission of such offenses, or that is used to facilitate or intended to be used to facilitate the commission of such offenses, including but not limited to:

(i)  all right, title and interest in the real property and premises located at 54 Glendale Avenue, Livingston, New Jersey 07039;

(ii)  all right, title and interest in the real property and premises located at 210 Pavonia Avenue, Jersey City, New Jersey 07302;

(iii)  all right, title and interest in the real property and premises located at 304 Fifth Avenue, New York, New York 10001;

(iv)  all right, title and interest in the real property and premises located at 5707 Parsons Boulevard, Fresh Meadows, New York 11365;

(v)  all right, title and interest in the real property and premises located at 147-37 Beech Avenue, Apartment 2C, Flushing, New York 11355; and

(vi)  all right, title and interest in the real property and premises located at 4 Valentine Farm Court, Old Brookville, New York 11545.

10.  If any of the above-described property, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b)(1); Title 18, United States Code, Section 982(a)(6); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2015R01787
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DAN ZHONG *and* LANDONG WANG,

Defendants.

## INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I) and 1324(b)(1); T. 18, U.S.C., §§ 371, 982(a)(6), 1589(a), 1589(b), 1589(d), 1592(a), 1594(b), 1594(d), 2 and 3551 et seq.; T. 21, U.S.C, § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
*Foreperson*

Filed in open court this ___That 1st___ day, of ___December___ A.D. 20 16

_____
*Clerk*

Bail, $ _____

Alexander A. Solomon, *Assistant U.S. Attorney (718) 254-6074*