

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PT:AAS/DMP/ICR                     *271 Cadman Plaza East*
F. #2015R01787                     *Brooklyn, New York 11201*

December 7, 2016

By Hand and ECF

Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Dan Zhong
>       Criminal Docket No. 16-614 (DLI)

Dear Chief Judge Irizarry:

The government respectfully submits this letter in connection with the
defendant Dan Zhong's latest bail request, which was filed yesterday afternoon.  For the
reasons detailed below, the defendant's detention hearing should not be reopened, absent any
"information . . . that was not known to the movant at the time of the [detention] hearing and
that has a material bearing on the issue whether there are conditions of release that will
reasonably assure the appearance of such person as required."  18 U.S.C. § 3142(f)(2)(B).
Zhong's initial appearance before Your Honor is scheduled for Thursday, December 8, 2016
at 3 p.m.

Under the Bail Reform Act, the Court may reopen a detention hearing at any
time before trial upon a finding by the Court that there exists "information . . . that was not
known to the movant at the time of the [detention] hearing and that has a material bearing on
the issue whether there are conditions of release that will reasonably assure the appearance of
such person as required."  Id.  Courts interpreting this clear language of the Bail Reform Act
have repeatedly confirmed that bail hearings should not be opened ad infinitum, absent new
and material information.  "A bail hearing should not be reopened on the basis of information
that was available to the defendant at the time of the hearing.  United States v. Lewis, 2016
WL 6902198, at *2 (S.D.N.Y. Nov. 16, 2016) (Kaplan, J.).  "New and material information
for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own
evaluation of his character or the strength of the case against him: truly changed
circumstances, something unexpected, or a significant event."  United States v. Rodriguez,
2012 WL 6690197, at *8 (W.D.N.Y. Dec. 21, 2012) (Koeltl, J.) (quoting United States v.
Ali, 2012 WL 2921642, at *3 (W.D.N.Y. July 17, 2012)).  "Where evidence was available to

the defendant at the time of the hearing, the hearing will not be reopened."  United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991).

Aside from a conclusory reference to "facts and law that were not addressed during the initial bail hearings," (Def. Ltr. at 1), Zhong's latest bail motion does not reference any new or material information that was unavailable to the defense during the November 17, 2016 detention hearing before United States District Judge Sterling Johnson, Jr.  Rather, the bail motion does little other than cast unfounded aspersions at the nature of the government's trial proof and regurgitate arguments already rejected by Judge Johnson, while essentially offering the same bail package the defendant offered last month.  Moreover, the government proffers the following additional facts militating against pretrial release:

- The defense has repeatedly asserted that Guidepost Solutions—the security firm chosen by Zhong to provide his proposed bail security plan—has unassailable credentials.  However, a representative for Guidepost Solutions improperly argued during the detention hearing before United States Magistrate Judge Ramon E. Reyes, Jr. that Zhong did not pose a risk of flight, notwithstanding the clear financial interest of Guidepost Solutions in having Zhong released pretrial.  The fact that Guidepost Solutions advocated for Zhong's pretrial release only reinforces the government's concern that Guidepost Solutions will not act in a manner beholden to the public interest.

- The defense also offers to post Zhong's "residence" in Livingston, New Jersey as collateral to any bond in this case.  (Def. Ltr. at 10).  However, Zhong's "residence" is now the subject of criminal forfeiture allegations in the above-referenced indictment.

- Finally, the investigation has revealed that neither Zhong nor his family was staying at his "residence" during the weeks leading up to his arrest.  Indeed, nobody was at the house at 6 a.m. on the day of his arrest; the government was unable to locate Zhong until his attorney contacted the government later that day.  This fact calls into doubt Zhong's purported strong ties to the local community and whether posting the "residence" would act as moral suasion to ensure his continued appearance.  The government is concerned that Zhong has access or ownership interest in another property—perhaps even his primary residence—that he has not disclosed to Pretrial Services.  Notably, Zhong did not disclose to Pretrial Services ownership interests in any other real estate properties or alternative residences.

Finally, should the Court agree to reopen the detention hearing, the government respectfully requests leave to submit a more substantive response to Zhong's latest bail letter.  In particular, the government submits that Zhong's letter contains a litany of factual misrepresentations that require correction prior to any re-adjudication of the issue

of pretrial detention.  Notably, the defendant does not consent to the government's request for any briefing schedule.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:      /s/ Alexander A. Solomon
Alexander A. Solomon
Douglas M. Pravda
Ian C. Richardson
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (by ECF)
        Defense counsel (by email)