D/R

Received
In Chambers of:
Chief U.S. District Judge
DORA L. IRIZARRY

AAS/DMP/ICR

**FILED**

FEB 2 2 2017

IN CLERK'S OFFICE
UNITED STATES DISTRICT COURT US DISTRICT COURT E.D.N.Y.
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - -X       ★   FEB 2 2 2017   ★

UNITED STATES OF AMERICA    BROOKLYN OFFICE
                                    PROTECTIVE ORDER

    - against -                                Cr. No. 16-614 (DLI)

DAN ZHONG,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - -X

        IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.    Any and all discovery material designated by the government as containing material with heightened sensitivity that is produced to the defendant and defense counsel by the government in the above-captioned case ("Sensitive Discovery Material"), and any and all copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, may be used by the defendant and defense counsel only for purposes of preparing and defending the case, including but not limited to trial, sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case;

        2.    The designation of discovery materials as Sensitive Discovery Material is within the sole discretion of the government pursuant to the terms of this Protective Order. The government will clearly label the specific materials that are Sensitive Discovery Material and thus subject to this Protective Order;

        3.    Any and all Sensitive Discovery Material produced to the defendant and defense counsel by the government and any copies, notes, transcripts, documents or other

1

information derived or prepared from the Sensitive Discovery Material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities (other than legal staff of the defense counsel, including project analysts, paralegals and IT staff, experts, or investigators/agents retained by defense counsel who have been provided a copy of and have agreed to be bound by the terms of this Protective Order by signing Attachment A, without further Order of the Court);

4.      Where the defendant and/or defense counsel wishes to disclose any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, to any individual other than a member of the legal staff of defense counsel (which legal staff includes project analysts, paralegals and IT staff, experts, and investigators/agents retained by defense counsel, who have been provided a copy of and have agreed to be bound by the terms of this Protective Order by signing Attachment A), unless the government consents to the disclosure, defense counsel must make an application to the Court for authorization to make such disclosure and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government;

5.      None of the Sensitive Discovery Material nor any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material or Sensitive Discovery Material shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to refer to or to attach any portion of the

Sensitive Discovery Material in public filings made with the Court, defense counsel must provide advance notice to the government and, unless the government consents to the disclosure, make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure, except that the requirements of advance notice to the government and application to the Court for authorization to make such disclosure shall not apply to the use of Sensitive Discovery Material at pretrial evidentiary hearings or at trial or where all documents referring to, attaching or consisting of Sensitive Discovery Material are filed under seal;

6.      Nothing in this Protective Order in any way releases counsel for the government or defense counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

7.      This Protective Order pertains solely to unclassified discovery materials. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) and/or the Classified Information Procedures Act as to particular items of discovery material, including classified discovery materials which are subject to additional handling restrictions and controls;

8.      If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material unless and until substitute counsel enters into this Protective Order;

9.      The defendant and defense counsel will destroy or return to the government the Sensitive Discovery Material and all copies thereof, whether in the possession

of the defendant, defense counsel or the legal staff of defense counsel (including project analysts, paralegals and IT staff, experts, or investigators/agents retained by defense counsel, who have been provided a copy of and have agreed to be bound by the terms of this Protective Order by signing Attachment A), at the conclusion of the trial if the defendant is acquitted on all counts or, in the case of a conviction either at trial or by a guilty plea, upon completion of any sentencing, appeal or collateral attack on the conviction made by the defendant, with the exception that defense counsel may retain one copy set for its records provided the defendant is given access to that copy set; and

10.    Any violation of this Protective Order, as determined by the Court, will require, in addition to any other sanction deemed appropriate by the Court, the

immediate destruction of or return to the United States of the Sensitive Discovery Material

and all copies thereof.

Dated: Brooklyn, New York
February 22, 2017

Protective Order Re: USv. Zhang, 16-cr. 614 (DLI)

SO ORDERED.

s/Chief Judge DLI
THE HONORABLE DORA L. IRIZARRY
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5

Attachment A to Protective Order

I have read the attached Protective Order in the matter of <u>United States v. Dan Zhong</u>, No. 16-CR-614 (DLI), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature | Date Signed |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6