```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------------x
     UNITED STATES OF AMERICA
 3                                    16 CR 614(DLI)
           versus
 4                                    U.S. Courthouse
     DAN ZHONG,                       225 Cadman Plaza East
 5                                    Brooklyn, NY 11201
                    Defendant.        May 22, 2017
 6   ------------------------------------x 10:00 a. m.

 7


 8       TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE

 9             BEFORE THE HONORABLE DORA IRIZARRY

10               UNITED STATES DISTRICT JUDGE

11


12                       APPEARANCES

13


14   For the Government:   BRIDGET ROHDE
                           UNITED STATES ATTORNEY
15                         EASTERN DISTRICT OF NEW YORK
                           271 Cadman Plaza East
16                         Brooklyn, New York 11201
                           BY: DOUGLAS PRAVDA, ESQ.
17                               IAN RICHARDSON, ESQ.
                                 NICHOLAS MOSCOW, ESQ.
18                         Assistant United States Attorneys

19   For the Defendant:    PROSKAUER ROSE, LLP
                           Eleven Times Square
20                         New York, New York 10036
                           BY:  ROBERT CLEARY, ESQ.
21                               BRITTANY BENAVIDEZ, ESQ.
                                 DIETRICH SNELL, ESQ.
22
                           DORSEY & WHITNEY
23                         51 West 52nd Street
                           New York, New York 10019
24                         BY:  NATHANIEL AKERMAN, ESQ.
                                 MICHELLE NG, ESQ.
25                               JOSHUA COLANGELO-BRYAN, ESQ.
```

LISA SCHMID, CCR, RMR

```
1    CONTINUED APPEARANCES:

2    For the Defendant:      THOMAS FITZPATRICK, ESQ.
                             500 Fifth Avenue
3                            New York, New York 10010

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   Court Reporter:         LISA SCHMID, CCR, RMR
                             Official Court Reporter
22                           225 Cadman Plaza East
                             Brooklyn, New York 11201
23                           Phone:  718-613-2644
                             Fax:  718-613-2379
24
     Proceedings recorded by mechanical stenography.  Transcript
25   produced by computer-aided transcription.
```

```
 1              THE CLERK:  All rise.

 2              THE COURT:  Please have a seat, everyone.

 3              MR. AKERMAN:  Good morning, Your Honor.

 4              THE COURT:  Good morning.

 5              THE CLERK:  Criminal Cause for Status Conference,

 6   Docket Number 16 CR 614, United States versus Dan Zhong.

 7              Please state your appearances.

 8              MR. PRAVDA:  Good morning, Your Honor.  Doug Pravda,

 9   Nick Moscow and Ian Richardson for the United States.

10              THE COURT:  Good morning to all of you.  Please have

11   a seat.

12              MR. PRAVDA:  And I also want to note the presence in

13   the courtroom of Harry Rucker, the Court Information Security

14   Officer.

15              THE COURT:  Yes.  Yes.  Good morning.

16              MR. AKERMAN:  Good morning.

17              THE COURT:  And current counsel?  Yes?

18              MR. AKERMAN:  Yeah.  Nick Akerman for the Defendant

19   Zhong.

20              MR. COLANGELO-BRYAN:  Josh Colangelo-Bryan, Dorsey

21   and Whitney, also for the defendant.

22              MS. NG:  Michelle Ng, Dorsey and Whitney, also for

23   the defendant.

24              MR. FITZPATRICK:  Thomas Fitzpatrick, also for the

25   defendant.
```

```
 1              THE COURT:  And good morning to all of you.  Please
 2   have a seat.
 3              MR. CLEARY:  Good morning, Your Honor.  Robert
 4   Cleary from Proskauer Rose for Mr. Zhong, who is present with
 5   me in court.  To his right is a court interpreter, and then to
 6   her right are my two colleagues, Dietrich Snell and Brittany
 7   Benavidez.
 8              THE COURT:  Good morning to all of you.
 9              And may we have, please, the name of the Spanish --
10   of the Mandarin interpreter for the record?
11              THE INTERPRETER:  Patsy Ong.
12              THE COURT:  Good morning, Ms. Ong.
13              May we have her sworn, please?
14              (Interpreter sworn.)
15              THE COURT:  Thank you.
16              All right.  I'm going to ask everyone, please, to
17   remain seated and speak in the microphones.  Make sure that --
18   there should be a little green light that's on if you touch
19   the base.  It should be on.  Otherwise, it's hard for us to
20   hear up here and certainly, the members of the audience.  Good
21   morning to all of you.  They will not be able to hear.
22              So this is on for a status conference, but before we
23   get into the Government's motion for a CIPA conference, there
24   is the matter of the firm of Dorsey and Whitney, who has been
25   representing Mr. Zhong and made a motion to withdraw as
```

1   counsel.

2          I have to say, Mr. Zhong, that I am somewhat

3   dismayed by the timing of this because I went to great lengths

4   to push the Department of Justice to expedite the security

5   clearance of all of your attorneys, which they did.  They did

6   what I frankly thought was impossible, given the current state

7   of the government and the many, many people that currently

8   have to undergo these security clearances, given a new

9   administration and new staffing -- which in terms of who gets

10  what priority, I can't say.  But certainly, I thought it was

11  an incredible feat that DOJ was able to accomplish the

12  security clearance of all of your attorneys, your initial

13  attorneys in the case.

14         And that put the Government to a great deal of time

15  and expense.  And I'm not sure what kind of gamesmanship that

16  you plan on engaging in, but it's not going to fly here.  You

17  have been insisting on moving this case forward quickly.  The

18  Court has done its best to accommodate it.  The Department of

19  Justice has done its best to accommodate that desire, so has

20  the Government.

21         And so now you've just delayed matters -- and I tell

22  you not because you don't have a right to have counsel of your

23  choosing.  You certainly do.  When you're paying for counsel,

24  you certainly have a right to counsel of your choosing.  But I

25  don't want too hear any complaints that the case is moving too

1    slowly.

2           Are we understood, sir?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Okay.  So, obviously, Mr. Zhong desires

5    to have new counsel and in fact, has retained new counsel.  So

6    I'm not going to keep current counsel from Dorsey and Whitney

7    on the case.  I would hope that you would turn over whatever

8    files you have to new counsel to sort of move the way.  There

9    has been a lot of pretty extensive discovery that's been

10   turned over already in this case.

11          Just to be aware, the Court cannot direct the

12   Department of Justice to withdraw your security clearance

13   because it's done.  It's a done deal; however, your need to

14   know on this case is over.  Are we understood about that for

15   counsel?

16          MR. AKERMAN:  Yes, Your Honor, and also includes

17   Mr. Fitzpatrick, as well.

18          THE COURT:  That's right.  And I'm sorry.  That's

19   right.  Mr. Fitzpatrick is his own firm.  Thank you.

20   Absolutely.  So you have the thanks of the Court and then I

21   won't delay you any further.

22          MR. AKERMAN:  Thank you, Your Honor.

23          THE COURT:  All right.  Thank you.

24          (Mr. Akerman, Ms. Ng, Mr. Colangelo-Brian and

25   Mr. Fitzpatrick left the courtroom.)

7

```
 1                THE COURT:  And I know you've just recently come in.
 2      Who's going to speak on behalf of the defense counsel?
 3                MR. CLEARY:  I will, Your Honor.  Robert Cleary.
 4                THE COURT:  Okay.  Thank you, sir.
 5                I know you've just recently come into the case.  The
 6      discovery is voluminous, but most importantly, we need to
 7      discuss whether or not any of you have the security clearance
 8      that's necessary in order to be able to view any of the
 9      classified information that there may be in the case.  The
10      Government has been going through the information on a rolling
11      basis, as I understand it.  The Government can correct me if
12      I'm saying something that's not correct, to see what can be
13      declassified, so as to avoid the cumbersome process of using
14      classified information.
15                So if you could clarify for me, Mr. Cleary, whether
16      or not you or any other members of your team have a security
17      clearance.
18                MR. CLEARY:  Your Honor, we don't currently.  We
19      have been working with Mr. Rucker to get those clearances.
20      Mr. Snell and I both had clearances in our prior lives as
21      Government lawyers.  We're hoping that will speed up the
22      process a little bit, but we don't really know that --
23                THE COURT:  It depends on how long ago that was, is
24      the issue.
25                MR. CLEARY:  Over ten years for both of us.
```

```
 1              THE COURT:  Yes.  I don't know how helpful that will
 2   be.  Hopefully, it will be helpful.
 3              And Mr. Rucker, can you give us an idea of how
 4   long -- this is Mr. Harry Rucker, for the record.
 5              Good morning, sir.
 6              MR. RUCKER:  Good morning, Your Honor.
 7              THE COURT:  Given that there are all kinds of things
 8   happening down in Washington with security clearances and so
 9   on --
10              MR. RUCKER:  Your Honor, we're at the beginning
11   stages.  Counsel is correct.  They were cleared previously;
12   however, that was over ten years, so we consider it out of
13   scope.  Essentially, we're starting from scratch with all of
14   them.
15              THE COURT:  Okay.
16              MR. RUCKER:  My estimate of the amount of time this
17   is going to take is about four months.  It's possible we can
18   get them interims; however, we're not that far in the process
19   to make that determination.
20              THE COURT:  Okay.  So I don't know if that in any
21   way, Mr. Pravda, informs the motion that the Government was
22   making to initiate a whole CIPA process, because we don't have
23   counsel that's really able to address any of those issues, but
24   what can we address now?  What can we do to get moving in that
25   direction?  Yes, Mr. Pravda?
```

1              MR. PRAVDA:  Your Honor, I don't think that that

2    actually changes the time line, from the Government's

3    perspective.  As the Court is aware, we have been reviewing

4    the Government's classified to determine what is potentially

5    discoverable in this case.  We have made tremendous progress.

6    We are not quite complete reviewing all the material, but we

7    are very close to being complete.

8              Your Honor, I would propose -- I'll go ahead and

9    file our CIPA Section 4 motion on July 24th, which is

10   approximately two months from today.

11             My anticipation at the moment, recognizing that

12   there is still a small volume of classified discovery to

13   review, is that there will not be any classified disclosures

14   made in this case; however, there will be classified material

15   that will be the subject of the Government's CIPA 4 motion.

16   So I think that we can go forward with that process.  We can

17   file --

18             THE COURT:  But they're not going to have any kind

19   of -- I'm just wondering whether that's just not too far in

20   advance.

21             When do you expect to be done with your review?

22             MR. PRAVDA:  Your Honor, I would say approximately

23   two or two and-a-half weeks from now.

24             THE COURT:  All right.  So we'll have the Government

25   file its CIPA Section 4 motion by July 24th.  Hopefully, it's

```
 1   not going to concern too much material, just for the sake of

 2   keeping the case moving forward.

 3              How long, Mr. Cleary, would you need for a response?

 4              MR. CLEARY:  If we could have two weeks, Your Honor?

 5              THE COURT:  Okay.

 6              MR. PRAVDA:  Your Honor, if I may?

 7              THE COURT:  Yes?

 8              MR. PRAVDA:  We intend to file a CIPA Section 4 ex

 9   parte and under seal.  We certainly have no objection to

10   Mr. Cleary filing an ex parte submission of his own, as has

11   been done in other cases, where he amplifies to the Court what

12   defenses he intends to present, so that the Court can have the

13   benefit of that in reviewing the Government's motion.

14              THE COURT:  And we've done that in the related case,

15   Ms. Lin's case, where defense counsel has filed -- has been

16   given leave to file her own ex parte motion explaining to the

17   Court from the defense perspective why the defense believes

18   that discovery of this information is necessary to the

19   defense.

20              I understand that you're kind of flying half blind,

21   since you don't really know what the information is, but it

22   certainly can help the Court conduct its review and its

23   evaluation.

24              So you think two weeks is going to be sufficient,

25   Mr. Cleary?
```

```
 1                    MR. CLEARY:  I do, Your Honor.  Thank you.

 2                    THE COURT:  And you're going to make that ex parte

 3       and under seal, as well?

 4                    MR. CLEARY:  Correct, Your Honor.

 5                    THE COURT:  Okay.  And my deputy will explain.

 6       (Consults with courtroom deputy.)

 7                    Oh, yes.  The defense doesn't have classified

 8       information, but the Government's papers may have to go

 9       through Mr. Rucker, but the defense papers don't have to go

10       through Mr. Rucker because they don't have access yet to any

11       classified information.  So it's just a sort of -- for want of

12       a better word, standard or unclassified.  There's nothing

13       standard about an ex parte submission -- unclassified would be

14       the better word -- ex parte submission.  So my deputy will let

15       you know what the procedures are for filing that.

16                    We prefer to do any filings on the docket ourselves

17       when it comes to sealed documents.  Okay?  I'm in the process

18       also of amending my individual rules.  So to avoid any kind of

19       confusion for criminal cases, I have an entirely separate

20       document entitled "Standard Requirements in Criminal Cases."

21       So ignore the sections that are in the civil case rules.

22       Okay?  That's all going to be separated out and they'll be two

23       separate documents, one for civil cases and one for criminal

24       cases.  If you do have any questions about filing, especially

25       filings under seal, just contact my deputy.
```

```
 1                MR. CLEARY:  Thank you.

 2                THE COURT:  Since the Government's not going to have

 3     access to the defendant's ex parte submission, are the parties

 4     available on Wednesday, September 6th?

 5                MR. CLEARY:  I'm sure we can be, Your Honor.

 6                THE COURT:  So that will be at ten o'clock.  That

 7     will be for either oral argument or status conference on the

 8     motion.  I don't know whether a hearing is going to be

 9     necessary or not.  I'll let the parties know if I think we

10     need to have a hearing or oral argument, for that matter.

11                MR. PRAVDA:  Your Honor, I personally -- I'm

12     scheduled to be on trial, but my colleagues will be available.

13                THE COURT:  Okay.  An Order of Excludable Delay is

14     entered until September 6th, due to motion practice, and this

15     case has already been deemed complex.

16                Is there anything else that the parties wanted to

17     address with the Court?  Have you received everything that the

18     prior counsel had?

19                MR. CLEARY:  We have, Your Honor.  He's been quite

20     cooperative with us.

21                THE COURT:  So do you have anything additional for

22     new counsel?

23                MR. PRAVDA:  Yes, Your Honor.  Actually, I have

24     additional discovery that I brought with me.  I didn't want to

25     be presumptuous as to who was going to be representing the
```

1    defendant.

2              THE COURT:  Okay.

3              MR. PRAVDA:  So I will get that to Mr. Cleary after

4    the conferences over, and we will file a Rule 16 letter on the

5    docket later today.

6              THE COURT:  Okay.  Is there anything else that the

7    parties want to raise today?

8              MR. CLEARY:  There are a couple matters I would like

9    to raise, Your Honor.

10             THE COURT:  Sure.

11             MR. CLEARY:  One relates to discovery generally, the

12   nonclassified discovery.  As I alerted the Government the

13   other day, I would like to ask the Court to set a strict

14   deadline for the Government to complete discovery of all of

15   its nonclassified materials that it currently has in its

16   possession, and I can explain to the Court why I would like to

17   do that.

18             In the January pretrial conference, the Government

19   represented to the Court that they would provide discovery

20   materials to the defense as they receive them.

21             THE COURT:  Right.

22             MR. CLEARY:  And I don't want to make a big deal of

23   this, but they didn't haven't done that.  That material, I'm

24   assuming they have had for a while.  They have not produced it

25   to either attorney, either Mr. Akerman, who has been counsel

1    of record, or to myself.

2            And they made a similar representation in February,

3    saying that they intend to and will be producing additional

4    unclassified discovery.  Now here, we're three months later

5    and we're just seeing that.

6            So with that record, I'd ask the Court to direct the

7    Government to produce the remaining nonclassified discovery

8    that they currently have in their possession within the next

9    two weeks and if that becomes impossible for them to do, they

10   can come back to the Court and we can adjust the schedule

11   accordingly.

12           THE COURT:  What is the status of the nonclassified

13   discovery, Mr. Pravda?

14           MR. PRAVDA:  Your Honor, as with the classified

15   discovery, we're making tremendous progress there, as well.

16   As you know, we previously produced over two hundred thousand

17   pages of documents to Mr. Akerman.  We have another 25,000

18   roughly in production that was given to Mr. Cleary today.

19   That is the substantial amount with all these documents that

20   are currently in the Government's possession with the

21   following caveat:  We have a small additional amount that

22   we're still working on producing, which we expect to be able

23   to turn over in the next several weeks.

24           In addition to that, Your Honor --

25           THE COURT:  When you say a small amount, how much

```
1    are you -- what do you mean?  A hundred pages?  A hundred
2    thousand?  Twenty thousand?
3              MR. PRAVDA:  Your Honor, probably a few hundred
4    pages, as well as some --
5              THE COURT:  So what.  I don't see -- why can you
6    give me a time frame?
7              MR. PRAVDA:  We can produce that in the next two
8    weeks, Your Honor.
9              In addition --
10             THE COURT:  Is that going to be the end of the
11   nonclassified discovery?
12             MR. PRAVDA:  No, Your Honor.  I was just getting to
13   the other two caveats.
14             THE COURT:  Okay.
15             MR. PRAVDA:  One is that we have some materials
16   that's been gathered that is subject to filter procedures
17   because they potentially contain attorney/client privileged
18   information of either the defendant or other individuals.
19             And we have set up a filter team that is working to
20   review those materials.  We -- the government lawyers sitting
21   at this table -- have not yet reviewed any of that material
22   because it is still with the filter team, and that is material
23   that we will continue to produce as we -- who are sitting at
24   the table -- are able to review that.
25             In addition, Your Honor, we are still receiving
```

LISA SCHMID, CCR, RMR

```
1    documents that are under subpoena that we have issued to,

2    among other entities, the defendant's employer.  So as those

3    documents come to us, we will also turn them over to defense

4    counsel.

5              THE COURT:  How many subpoenas are outstanding?

6              MR. PRAVDA:  Your Honor, there are two that were

7    issued to the company, to Verizon.  There are some other

8    subpoenas for which we may also continue to receive documents,

9    but we don't know that at this time.

10             THE COURT:  So you have subpoenas out there that

11   have not yet been complied with?  Is that what you're telling

12   me?

13             MR. PRAVDA:  Yes.

14             THE COURT:  Well, how long ago were those subpoenas

15   issued?

16             MR. PRAVDA:  Your Honor, could I have one moment?

17             THE COURT:  Yes.

18             MR. PRAVDA:  (Confers with co-counsel.)

19             THE COURT:  Yes?

20             MR. PRAVDA:  Your Honor, we have a number of

21   subpoenas that were issued back in 2016.  My colleague

22   clarifies that is not the case with the subpoena that no

23   documents have been provided in response to, but that some of

24   the subpoenas are to financial institutions that have been

25   providing us with documents on a rolling basis, which we have
```

1   also been giving to defense counsel on a rolling basis,

2   including in today's production.  But some of these

3   productions from the financial institutions have not yet been

4   completed and we're continuing to receive material from them

5   on a rolling basis.

6          THE COURT:  But they should be able to give you an

7   idea of how much more is out there and how long it's going to

8   take them to provide it to you.

9          MR. PRAVDA:  We can follow up with each of them,

10  Your Honor.

11         THE COURT:  Especially if the subpoenas were issued

12  back in 2016.  We're in the fifth month of 2017 already.

13         MR. PRAVDA:  I understand, but we did request quite

14  a substantial amount of information from them, Your Honor.  We

15  didn't deem any of them to be --

16         THE COURT:  I would imagine that all of this is on

17  computers.

18         MR. PRAVDA:  Your Honor, I can't really can't speak

19  for how they process the material.  All I can say is that they

20  have provided us the information.

21         THE COURT:  I don't see how a financial institution

22  survives in modern day without documents being on a computer.

23  So I, you know, don't tell me that they're, you know,

24  searching paper documents by hand.

25              And the other thing is, if you're going to have a

```
1   filter team and we're going to have a status conference and
2   you can expect that part of what's going to be discussed at
3   the status conference is discovery, then you need to have a
4   member of the filter team here, so that the filter team can
5   advise the Court knowingly as to what their schedule is.
6              MR. PRAVDA:  Okay.
7              THE COURT:  Have they given you an idea of when
8   they're going to be done with their review?
9              MR. PRAVDA:  Your Honor, we don't know.  And in the
10  future, we will have a member of the filter team here.
11             I will say for information to relates to the
12  defendant himself, we can make arrangements to turn those
13  materials over without us reviewing them with the
14  attorney/client privilege information on them because it's his
15  privilege to waive.  So that's something that we can arrange a
16  copy and produce without us actually reviewing it.  But there
17  are some other materials that are contained now that will need
18  to be reviewed for privileged information, to make sure that
19  they're excluded before it's turned over to the defendant.
20             THE COURT:  Well, I would expect that anything that
21  can be turned over to the defendant, that that discovery be
22  done by June 12th.  I want a report from the filter team on
23  June 12th.  That can be done by letter -- obviously, a copy to
24  defense counsel.  Also by June 12th, as to when they can
25  expect to be done with their review of any privileged
```

LISA SCHMID, CCR, RMR

1   documents.  I assume they're producing some sort of a

2   privilege log.  And from this team's end on June 12th, I would

3   like a status report as to what is left to produce and some

4   sort of a time line for the production of it.

5          MR. PRAVDA:  Okay.

6          THE COURT:  Obviously, if there's some issue with

7   those reports, I will be hearing from defense counsel.

8          MR. CLEARY:  When the Court's ready, I have two

9   other matters, Your Honor, briefly.

10         THE COURT:  Yes?

11         MR. CLEARY:  Thank you.

12         The Court issued an ex parte order on March 16 which

13  permits the Government to redact, delay or withhold certain

14  documents.  The Government, I assume, given the ex parte

15  nature of the order, has declined to provide us any

16  information on the basis of the order or the practical

17  implications in effect of it.  So I am kind of in the dark

18  about this one, as well.  But I had several questions about it

19  that I was wondering if the Court could answer.

20         And what we're really trying to find out is, what

21  evidence does that order apply to, and is the Court overseeing

22  the Government's decision?  It seems it's left to the

23  Government to decide whether to withhold or redact or delay

24  production.  Were they allowed to do that as they choose,

25  based on any particular document?

```
 1              THE COURT:  The Government is making the decision as

 2    to what is being redacted in part because it either relates to

 3    ongoing investigations or it relates to classified

 4    information, and so on.  So, I have -- I am certainly not

 5    going to be inclined to be supervising every single little

 6    piece of paper that's going to be turned over to counsel.

 7              I'm not sure what the rest of your question is.

 8              MR. CLEARY:  That was very helpful, Your Honor, the

 9    information you just provided --

10              THE COURT:  Yes.

11              MR. CLEARY:  -- with respect to redacted

12    information.  But the order allows them, as I read it, to

13    withhold discovery from us entirely or to delay.  And if they

14    are going to withhold discovery entirely, we would like to

15    know what that is, a description of it, as well as the basis

16    for it, and so, too, if they're going to delay.

17              THE COURT:  That was the motion that was done ex

18    parte?

19              MR. CLEARY:  Correct.

20              THE COURT:  So you're asking me to divulge what was

21    provided to the Court ex parte, which I'm not going to do.

22              MR. CLEARY:  I'm sorry.  I'm not being clear with

23    Your Honor.  I just want to know if, in fact -- I'm not asking

24    what the Government told the Court -- if, in fact, there is

25    going to be evidence that they're going to withhold from us
```

```
 1  entirely, discovery materials that they're going to withhold

 2  from us entirely, I would like to know a description of what

 3  that evidence is, so we can decide whether to make an

 4  application to the Court or not.

 5          THE COURT:  Does the Government wish to be heard?

 6          MR. PRAVDA:  Your Honor, as the Court will recall,

 7  the order that it issued authorized the Government to withhold

 8  certain discovery, but also to delay the production of other

 9  discovery.  I believe when the discovery is produced that the

10  Court authorized the Government to delay the production of, it

11  will become apparent what information is being withheld.  So

12  in other words, Mr. Cleary will have a basis at that time to

13  understand what he's not getting.

14          THE COURT:  I don't see how I can answer that

15  question without divulging what was in the ex parte

16  application.

17          MR. CLEARY:  I think I now have what I need, Your

18  Honor.  I heard the Government say that they were not going to

19  withhold entirely and never give to us any of the evidence

20  pursuant to the order.

21          THE COURT:  There's a delay in production.

22          MR. CLEARY:  Am I correct about that, just a delay

23  of production and redactions?

24          MR. PRAVDA:  Well, no.  There is both withheld and

25  redacted and delayed discovery.
```

```
 1              MR. CLEARY:  Can we be told when we're going to get
 2    the stuff that's being delayed?  When can we expect to receive
 3    that?
 4              THE COURT:  You're in a position to answer that
 5    question?
 6              MR. PRAVDA:  Your Honor, I don't have a copy of the
 7    application in front of me, but there was certain discovery
 8    that the Government indicated to the Court in the application
 9    that it would produce by a specific date.  What I don't recall
10    because I don't have the application in front me exactly what
11    that date is, but it is sometime I think -- I believe in late
12    summer.
13              THE COURT:  Just bear with me for one second.  I'll
14    bring up the application.
15              Some of the items described should have been turned
16    over already.
17              MR. PRAVDA:  I'm sorry, Your Honor.
18              THE COURT:  Some of the items described should have
19    been turned over already.
20              MR. PRAVDA:  Yes, Your Honor.  Once the Court
21    approved the order, the items that we identified in the order
22    that we would turn over were turned over.
23              THE COURT:  Okay.  And that includes redacted
24    versions of the documents, correct?
25              MR. PRAVDA:  Yes.
```

```
 1                THE COURT:  Okay.  And what I see is, with respect

 2     to delayed discovery, the Government represented that it would

 3     provide -- that it would disclose the documents at a date not

 4     later that 120 days prior to trial.

 5                MR. PRAVDA:  Your Honor, that's correct as to one of

 6     the categories and then there's a second category that we

 7     agreed to turn over in -- I said late summer.  I think it was

 8     late July, the actual date.

 9                THE COURT:  I'm looking.  I'm not seeing an actual

10     date yet.  I'm seeing -- yes.  There were certain -- yes.

11     There were certain documents.

12                So there's one category of documents that the

13     Government is seeking to delay discovery of to a date not

14     later than 120 days prior to trial, and as Mr. Pravda says,

15     there's another category.  There's a second category of

16     delayed disclosure documents that should be, as the Government

17     represented, four months from the date -- from the

18     application.  So that would bring us into July.

19                MR. PRAVDA:  Yes.

20                THE COURT:  Okay.  So that's yet another category.

21     So there are certain categories of documents or evidence that

22     the Government is seeking to disclose 120 days prior to trial.

23     And then the other category, which hopefully, you will be

24     getting in July.

25                MR. CLEARY:  Thank you, Your Honor.  That's very
```

1    helpful and gives me a basis to have a discussion with the

2    Government --

3              THE COURT:  Okay.

4              MR. CLEARY:  -- to try to resolve our differences

5    and we can come back to the Court, but this could be a basis

6    for our discussion. I appreciate that.

7              THE COURT:  All right.

8              MR. CLEARY:  Your Honor, one last issue and it

9    relates to the Speedy Trial clock.  I know you excluded time

10   and it's mandatory to exclude it for the filing of motions, so

11   I have no issue with that.  But previously in going over the

12   record, I've noticed that the Court has excluded time because

13   of the co-defendant's absence.  And if that order is no more

14   applicable, I have nothing to say about that, but if that

15   order is, I would like to be heard on that issue, Your Honor.

16             THE COURT:  We have just been dealing with the case

17   moving forward as to Mr. Zhong.

18             MR. CLEARY:  But the Court previously excluded time

19   under the Speedy Trial Act because of the unavailability of

20   the co-defendant.  And that rule, as the Court knows, only

21   allows exclusion of time for a reasonable period.  Those are

22   words used in the statute.

23             And I think under the circumstances of this case,

24   where we have no extradition treaty with China and there is

25   really no reason to expect that Mr. Wong will be coming back

```
 1   to stand trial, that under those circumstances, the reasonable
 2   period for which time could be excluded has passed.  And
 3   indeed, the very reason for that exclusion, as the Court
 4   knows, is so that the Speedy Trial clock is not in an
 5   impediment to trying co-defendants together.  That really
 6   doesn't apply here.  So if that's a continuing order, we would
 7   ask that there no longer be time excluded due to the
 8   unavailability of the co-defendant.
 9               THE COURT:  Well, does the Government wish to be
10   heard?
11               MR. PRAVDA:  Your Honor, I believe that as a legal
12   matter, in order for that to be the case, the defendant would
13   need to move for severance from the co-defendant, and that's
14   not an application that has been made.
15               THE COURT:  There has not been a motion for
16   severance --
17               MR. CLEARY:  And we plan on doing that, Your Honor.
18               THE COURT:  -- from the co-defendant.
19               MR. CLEARY:  And the last order -- the last basis
20   for excluding time.
21               THE COURT:  And you don't need a motion conference
22   request for that.  You can just make the motion.
23               MR. CLEARY:  Just do it on paper?  So do it on
24   paper?
25               THE COURT:  Yes.
```

```
1              MR. CLEARY:  Okay.  Thank you, Your Honor.

2              The last basis previously that the Court had used to

3    exclude time was a complex case designation.  My position is

4    that I don't think a complex case designation, given some of

5    the delays we have had in receiving the nonclassified

6    discovery -- nonclassified discovery that was not subject to

7    the ex parte order, like the discs that they're going to give

8    us today, because of that, I don't think that it's appropriate

9    to exclude any more time under a complex case designation,

10   because under those circumstances, I don't think the ends of

11   justice would be served by the exclusion of any more time.

12             THE COURT:  Well, you know, it hasn't just been a

13   matter of a delay in discovery here.  Okay?  There was a delay

14   that could not be helped in terms of getting security

15   clearance for prior counsel.  Now there's going to be a delay

16   in the clearance of current counsel.  And to the extent that

17   there is a mixed bag here of both classified and unclassified

18   information, then there's going to be a certain level of

19   built-in delay --

20             MR. CLEARY:  Understood.

21             THE COURT:  -- in any event, and that is due to the

22   complexity of this case.

23             Does the Government wish to be heard with respect to

24   counsel's argument?

25             MR. PRAVDA:  Your Honor, not with respect to what
```

```
 1    you -- what Your Honor just said.  I do want to respond to the

 2    notion that somehow the Government delayed in producing

 3    unclassified discovery because that's not the case.

 4            And Mr. Cleary specifically said that we should have

 5    given it to Mr. Akerman earlier.  This information, including

 6    discovery, that's subject to the protective order that the

 7    Court entered governing sensitive discovery.  Mr. Akerman and

 8    the attorneys from Dorsey and Whitney did not sign the

 9    protective order, nor did Mr. Fitzpatrick sign the protective

10    order.  We are not going to produce discovery subject to the

11    protective order without counsel for the defendant signing the

12    protective order.

13            Mr. Cleary entered the case frankly a couple weeks

14    ago.  We sat down with him.  We met with him.  We brought him

15    up to a speed on the status of the case.  We reached out to

16    Mr. Rucker to get the process of classified clearances for

17    counsel started.  So the notion that the Government has

18    somehow delayed is, quite frankly, offensive.

19            MR. CLEARY:  I don't mean to offend Your Honor.  I

20    was just trying to state my understanding about the state of

21    play with discovery, and we can take these issues up with the

22    Government and not burden the Court with it.

23            THE COURT:  Well, and certainly, the Court -- and

24    with the assistance of the Department of Justice with the

25    office that handles the classified information has done
```

```
1   everything that it can to expedite the clearances and to

2   expedite this case moving forward.  So the case is moving

3   relatively more quickly than other cases like this one that I

4   have presided over and that other judges in this court have

5   presided over.

6          So, Mr. Zhong has built in some delay by, as I said

7   earlier, by getting new counsel.  So we deal with the way that

8   we can deal with and I certainly, to whatever extent the Court

9   can be helpful in moving the case forward, I would glad to

10  assist in that regard.

11         But there has been a lot of material here.  There

12  has been a lot of review.  Some of it has already been done in

13  connection with the Lin case, to the extent that this case

14  crosses over with that, overlaps to a certain degree and with

15  respect to the co-defendant in this case, that you can file

16  your motion as soon as you're able to and I'll ask the

17  Government to respond --

18         MR. CLEARY:  Thank you, Your Honor.

19         THE COURT:  -- within 14 days.

20         MR. PRAVDA:  Nothing else from the Government, Your

21  Honor.

22         THE COURT:  Okay.  Anything else?

23         MR. CLEARY:  Nothing further, Your Honor.  Thank you

24  for your time.

25         THE COURT:  All right.  Thank you, very much.
```

1           Marshals, you may take charge.

2           Thank you, Ms. Ong.

3           (Proceedings concluded.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LISA SCHMID, CCR, RMR