DMP:AAS/ICR
F. #2015R01787

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                          Docket No. 16-CR-614 (DLI)

DAN ZHONG and
LANDONG WANG,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X


GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER


                                                        BRIDGET M. ROHDE
                                                        ACTING UNITED STATES ATTORNEY
                                                        Eastern District of New York
                                                         271 Cadman Plaza East
                                                        Brooklyn, New York 11201


Alexander A. Solomon
Douglas M. Pravda
Ian C. Richardson
Nicholas J. Moscow
Assistant U.S. Attorneys
       (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this memorandum in opposition to defendant Dan Zhong's motion for a severance.  The defendant seeks severance from the prosecution of co-defendant (and fugitive from justice) Landong Wang on speedy trial grounds.  As the government is actively seeking to apprehend Wang, severance is inappropriate.  However, the government will not seek to delay motion or trial schedules in the prosecution of Zhong on the basis of Wang's status as a fugitive.

FACTUAL BACKGROUND

On November 9, 2016, the Honorable Steven L. Tiscione, United States Magistrate Judge for the Eastern District of New York, authorized arrest warrants for Zhong and Wang, on the basis of a criminal complaint.  On November 10, 2016, the U.S. State Department issued a diplomatic note notifying the Embassy of the People's Republic of China ("PRC"), inter alia, that, to the extent that Wang enjoyed any diplomatic privileges, such privileges would expire on November 12, 2016, at noon.  In other words, Wang was provided a limited safe harbor to leave the United States.  On November 11, 2016, U.S. law enforcement authorities apprehended Zhong.  U.S. law enforcement authorities also met that same day with Wang and attempted to persuade him to remain in the United States to face criminal charges.  Instead, later on November 11, 2016, Wang chose to abscond to the PRC.  The U.S. government is presently taking measures to apprehend Wang.

ARGUMENT

Zhong moves for severance on the ground that failure to sever his case from Landong Wang's will result in a violation of his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment to the Constitution.  Both arguments are meritless.

1

I.	Legal Standard

The presumption in favor of a joint trial is especially compelling where the acts alleged in an indictment are "unified by some substantial identity of facts or participants or arise out of a common plan or scheme," United States v. Attanasio, 870 F.2d 809, 815 (2d Cir. 1989) (internal quotation marks and citations omitted), or where the defendants are "charged in the same conspiracy," United States v. Pirro, 76 F. Supp. 2d 478, 483 (S.D.N.Y. 1999) (collecting cases); see also United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003) (holding that joint trials are "particularly appropriate" when defendants are charged in the same criminal conspiracy); United States v. Khmelnitski, No. 10-CR-459, 2012 WL 482022, at *2 (E.D.N.Y. Feb. 14, 2012) (holding that joinder is still appropriate even if co-defendant "did not necessarily have to interact to execute the scheme").

As articulated by the Second Circuit, the Speedy Trial Act "requires that a defendant's trial begin within seventy days of his indictment or his first appearance before a judicial officer, whichever is later." United States v. Pena, 793 F.2d 486, 488 (2d Cir. 1986).  By its own terms, the Speedy Trial clock does not begin to run until all defendants are before the Court:  (1) any period of delay "resulting from the absence of unavailability of the defendant" shall be excluded in computing the time within which a trial must commence, 18 U.S.C. § 3161(h)(3)(A); and (2) a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted," id. at § 3161(h)(6).

Courts are to consider four factors in determining whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the failure to bring the case to trial more quickly.  See United States

v. Vassell, 970 F.2d 1162, 1164 (2d Cir. 1992) (citing Barker v. Wingo, 407 U.S. 514, 530-32 (1972)). These factors must be considered along with "other circumstances as may be relevant" and "have no talismanic qualities." Barker, 407 U.S. at 533. Rather, courts are required to "engage in a difficult and sensitive balancing process." Id.; see also Vermont v. Brillon, 556 U.S. 81, 91 (2009) (noting that "Barker's formulation necessarily compels courts to approach speedy trial cases on an ad hoc basis" (internal quotation marks omitted)).

In connection with the first factor, the Second Circuit has cautioned that, although some courts have found delays approaching one year presumptively prejudicial, delays of significantly longer have been found not to violate the Sixth Amendment. See United States v. Cain, 671 F.3d 271, 296-97 (2d Cir. 2012) (no constitutional violation for pretrial delay of 22 months given "the practical difficulties occasioned by the complexities of the case and not from congestion of the calendar or bad faith or neglect on the part of the government or the district court" (internal quotation marks omitted)); United States v. Vasquez, 918 F.2d 329, 338 (2d Cir. 1990) (no constitutional violation for pretrial incarceration of 26 months); Flowers v. Warden, 853 F.2d 131, 133 (2d Cir. 1988) (no constitutional violation for pretrial delay of 17 months of pretrial incarceration); United States v. McGrath, 622 F.2d 36, 41 (2d Cir. 1980) (same for 24-month delay); United States v. Teyibo, 877 F. Supp. 846, 858-59 (S.D.N.Y. 1995) (same for 18-month delay). As to the final two Barker factors, the Second Circuit requires a showing of "some significant trial-related disadvantage in order to establish a speedy-trial violation." Cain, 671 F.3d at 297 (emphasis added).

II. Severance Is Premature

    A. No Speedy Trial Violation Has Occurred or Will Occur

While the statutory speedy trial clock as to Zhong cannot begin to run until Landong Wang's arraignment on the instant charges, or until severance from Landong Wang's

3

case, see United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983) ("[I]n cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)."), the speedy trial clock has not begun to run in this case for multiple reasons independent of Landong Wang's status as a fugitive. To begin, the speedy trial clock has been tolled by, among other things, the Court's designation of the case as complex and orders of continuance under 18 U.S.C. § 3161(h)(7)(B)(2). Moreover, the significant pretrial litigation in this case, including an interlocutory appeal, see id. § 3161(h)(1)(C), multiple bail motions, the defendant's motion to replace counsel, motions for protective orders, and the instant pretrial motion all have operated to toll the speedy trial clock while such motions were pending, see id. § 3161(h)(1)(D), and while the applications were under advisement by the Court, see id. § 3161(h)(1)(H).[1] Accordingly, Zhong has not suffered—and will not suffer—any unlawful pretrial delay under the Speedy Trial Act.

       Zhong urges severance on the ground that continued exclusion of time based on his joinder with Landong Wang would be unreasonable. In essence, Zhong argues that, should the Court deny his motion for severance and decline to set an accelerated trial schedule, Zhong will be subject to an unreasonable period of pretrial delay. The argument fails.

       The Court enjoys broad discretion in determining a reasonable motion and trial schedule given the complexity of the charges, the volume and nature of the discovery, and the filing of lengthy pre-trial motions. See, e.g., United States v. Beverly, 5 F.3d 633, 641 (2d Cir. 1993); United States v. Ajemian, 878 F. Supp. 2d 432, 436 (S.D.N.Y. 2012). To establish an

---

[1] Finally, the speedy trial clock could also be properly tolled in light of an outstanding official request for evidence from the PRC. The government has not yet made such an application to the Court for an order of delay under 18 U.S.C. § 3161(h)(8).

4

abuse of the Court's discretion in setting a trial schedule, a defendant "must demonstrate arbitrary action substantially impairing the defense." United States v. Bein, 728 F.2d 107, 114 (2d Cir. 1984).

In all proceedings before this Court, the government has reiterated its commitment to an accelerated motion and trial schedule in light of the defendant's detention pending trial, and it has moved aggressively to produce discovery to the defendant to permit a trial as quickly as possible. Nevertheless, and as the Court recognized in designating this a complex case, there are several complicating factors that make a period of pretrial delay inevitable. Those factors include: the government's need to prepare and file a motion under the Classified Information Procedures Act in order to satisfy its discovery obligations to the defendant; the ongoing review by the government firewall team of a voluminous quantity of potentially discoverable material that must be reviewed for attorney-client privileged information before it can be reviewed by the prosecution team for relevance to this case and for production to the defendant; the fact that much of the potentially discoverable material in the case, classified and otherwise, is in a foreign language that must be translated before prosecutors can determine whether it is discoverable; the already significant pretrial litigation in this case, which has included multiple bail motions, an interlocutory bail appeal, and the instant motion; and most recently, the defendant's decision to replace his entire defense team.

The complex-case designation ensures that there will be adequate time for the government to provide, and for the defendant to review, the extensive discovery, and permits the Court enough time to review and adjudicate all motions before trial, including CIPA litigation. See United States v. Ewell, 383 U.S. 116, 120 (1966) (observing that "in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal

5

prosecution are designed to move at a deliberate pace"); United States v. Ghailani, 733 F.3d 29, 41-42 (2d Cir. 2013) ("[B]oth defendants and the public have an interest in a system that is fair and reliable, which must often come at the expense of haste.").

      B.      Zhong is Not Entitled to Severance Under the Sixth Amendment

The defendant's motion for severance under the Sixth Amendment is similarly unavailing. Applying the Barker factors, the pretrial schedule appropriately accommodates the volume of discovery, as well as the complexity of the charges and the pretrial litigation (including classified litigation); it is not a result of calendar congestion or bad faith; and it will not prejudice the defendant in a way specifically related to his trial.

Unsurprisingly, the defendant does not cite a single case in which severance was granted, or a speedy trial violation found, in a factual context similar to this one. United States v. Byrd, 466 F. Supp. 2d 550 (S.D.N.Y. 2006), principally dealt with a severance of a non-death-penalty eligible co-defendant from those who were death-penalty eligible. In United States v. Daughtry, No. 09-CR-1132 (DAB), 2011 WL 724668 (S.D.N.Y. Feb 25, 2011), the Court ordered severance because one co-defendant repeatedly fired his counsel, introducing delays which frustrated efficient judicial administration. In United States v. Nachamie, 101 F. Supp. 2d 134 (S.D.N.Y. 2000), severance was granted due to the unavailability of co-defendant's counsel. These cases do not even approach the facts of the instant case, where indeed the efficient administration of justice is to allow the necessary time allotted by the Court in rightly designating the case as complex. The closest parallel is United States v. Van Sichem, No. 89-CR-813 (KMW), 1990 WL 41746 (S.D.N.Y. Apr. 2, 1990), where co-defendants Harding and Underwood moved for severance—and were denied—awaiting Van Sichem's extradition from Brussels. The court held that "the reasonableness of any delay caused by Van Sichem's pending extradition must be assessed in light of the strong presumption in favor of joint trials." Id. at *2.

Here, not one of the factors that has contributed to the pretrial delay in this complex case has anything to do with the fact that the defendant's coconspirator Landong Wang is currently a fugitive from justice. The government is committed to bringing the defendant to trial as quickly as possible under the circumstances, and it will not seek to delay the defendant's trial if, as the case progresses, it becomes clear that the government will not be able to bring Landong Wang before the Court to stand trial with the defendant. However, it is not certain at this point in the proceedings that the government will be unable to procure Landong Wang's appearance in the Eastern District of New York before the defendant's case is trial ready.

In light of the unavoidable period of pretrial delay in this complex case, the defendant's motion for severance based on Landong Wang's absence is premature and should be denied because he has not demonstrated that his right to a speedy trial has been or will be violated if he remains joined with Landong Wang for trial.

## CONCLUSION

For the reasons set forth above, the defendant's motion for severance should be denied.

Dated: Brooklyn, New York
June 30, 2017

        Respectfully submitted,

        BRIDGET M. ROHDE
        Acting United States Attorney

By:   /s/ Alexander A. Solomon
        Alexander A. Solomon
        Douglas M. Pravda
        Ian C. Richardson
        Nicholas Moscow
        Assistant U.S. Attorneys
        (718) 254-7000