**Proskauer»**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 24, 2017

Robert J. Cleary
Member of the Firm
d 212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Dora L. Irizarry
Chief United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Dan Zhong*
      Criminal Docket No. 16-614 (DLI)

Dear Chief Judge Irizarry:

    We represent Dan Zhong in the above-referenced action. We write pursuant to paragraph A of Your Honor's Rules for Criminal Motions to advise the Court that at the upcoming September 6, 2017 status conference, Defendant intends to request permission to file a motion for a bill of particulars, pursuant to Federal Rule of Criminal Procedure 7(f).

    On June 2, 2017, defense counsel wrote to the government requesting a bill of particulars. Receiving no response, we subsequently made several follow-up requests in an effort to avoid having to seek judicial intervention. This effort, however, proved unsuccessful. After an eleven-week delay, the government finally responded in writing on August 17, 2017, stating that "the government will not provide a response to [defendant's] request for a bill of particulars concerning the allegations of the indictment." Hence, the need for a motion.

    We believe a bill of particulars is warranted in this case. The five-count Indictment does little more than recite the charging language of the referenced statutes and fails to apprise Mr. Zhong sufficiently as to the charges he faces.[1] Accordingly, the government should be required to provide a bill of particulars in this case because "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *See United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). A bill of particulars is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (quoting *United States v. Bortnovsky*, 820 F.2d

---

[1] The Indictment charges Mr. Zhong with (1) conspiracy to commit forced labor in violation of 18 U.S.C. § 1594; (2) a substantive forced labor charge pursuant to 18 U.S.C. § 1589; (3) concealing passports and immigration documents in connection with forced labor in violation of 18 U.S.C. § 1592(a); (4) conspiracy to smuggle aliens in violation of 8 U.S.C. § 1324(a)(1); and (5) visa fraud conspiracy in violation of 18 U.S.C. § 1546(a). (Dkt. No. 20.)

# Proskauer»

The Honorable Dora L. Irizarry
August 24, 2017
Page 2

572, 574 (2d Cir. 1987)). Thus, the government must disclose information that is necessary for the defendant to prepare a defense against the government's charges, even if disclosure reveals the government's evidence or theories of the case. *See also United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998).

Having reviewed the discovery produced to date by the government,[2] we have been able to infer that the charges in the Indictment relate generally to Mr. Zhong's alleged interactions with unidentified construction workers who volunteered to travel to the United States and, after applying for and receiving A2 or G2 visas, entered the United States to perform construction work on Chinese governmental facilities in the United States (the "Workers"). In view of the broad scope of this apparent prosecution theory, Mr. Zhong seeks a tailored bill of particulars to identify three narrow categories of information.

First, Mr. Zhong requests that the government identify the victims of the charged conduct. He cannot be expected to craft a defense against the charges in the Indictment without knowing the specific identities of the Workers who are referenced in each count. *See Davidoff*, 845 F.2d at 1154-55 (district court should have granted bill of particulars "identifying at least the victims of discrete extortionate schemes that the prosecution intended to prove"); *United States v. Magalnik*, 160 F. Supp. 3d 909, 918 (W.D. Va. 2015) (requiring prosecution to provide full names of aliens whom defendants allegedly harbored illegally, and concluding that indictment's identification of aliens merely by their initials was insufficient). Moreover, identification of the "persons" referenced in the Indictment is necessary to insure against double jeopardy. In reviewing the discovery produced by the government to date, we have identified over 250 Workers who applied for A2 or G2 visas; for double jeopardy purposes, it will be crucial to understand which of those Workers allegedly were victimized by the charged conduct.

Second, Mr. Zhong requests that the government be directed to identify the specific acts underlying his alleged criminal conduct, which, according to the Indictment, spans nearly seven years. *See United States v. Gasperini*, No. 16-CR-441 (NGG), 2017 WL 2399693, at *11 (E.D.N.Y. June 1, 2017) (ordering prosecution to provide bill of particulars where defendant was "unguided" as to one of the elements of the charge "and so [was] impaired in his ability to prepare for trial"). For example, in Counts One and Two, the Indictment refers only generally to "labor and services," "physical restraint" and "serious harm and threats of serious harm" without any factual allegations from which one might ascertain the conduct at issue. Similarly in Count Three, the Indictment vaguely and incomprehensibly references "the use of force and coercion for the purpose of subjection to debt bondage." Nowhere does the Indictment define the alleged "debt bondage" or explain whether such "debt bondage" relates to the forced labor charges in Counts One and Two. Without a bill of particulars providing the factual allegations that underlie the Indictment, Mr. Zhong risks being surprised and prejudiced at trial.

---

[2] By the government's own admission in correspondence received as recently as August 17, 2017, it still has not completed disclosure of unclassified discovery material.

Proskauer»

The Honorable Dora L. Irizarry
August 24, 2017
Page 3

      Third, Mr. Zhong asks the government be directed to identify the false statements referenced in the visa fraud charge, Count Five. Charging only generally that Mr. Zhong conspired to commit visa fraud, that count fails to identify the "false statements," "fraud," or any other unlawful conduct allegedly used to obtain the referenced immigration documents. In response to our request for elucidation of these unacceptably vague allegations, the government has flatly refused to specify which of the more than 250 Workers' applications it deems fraudulent, or to identify any allegedly false statements on the applications. In fraud prosecutions, courts routinely have ordered the government to provide a bill of particulars where, as here, the indictment fails to identify the false statements underlying the charges. *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (reversing convictions based on district court's refusal to order particulars regarding documents alleged to be falsified); *Magalnik*, 160 F. Supp. 3d at 918 (requiring prosecution to supplement indictment that actually listed fraudulent visa applications and allegedly false statements with bill of particulars specifying which visa applications prosecution intended to introduce at trial and explaining, in general terms, how each application was deemed to be false or fraudulent); *see also United States v. Scully*, 108 F. Supp. 3d 59, 126 (E.D.N.Y. 2015) (ordering disclosure of the specific fraud alleged in each count, including the false statements alleged to have been made).

      We look forward to the opportunity to discuss our anticipated motion with the Court at the September 6 conference.

Respectfully submitted,

*Robert J. Cleary*

Robert J. Cleary

cc: AUSA Alexander A. Solomon (by ECF)
    AUSA Douglas M. Pravda (by ECF)
    AUSA Ian C. Richardson (by ECF)
    AUSA Nicholas J. Moscow (by ECF)