UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                -against-                   **SUMMARY ORDER**

DAN ZHONG, et al.,                  16-cr-614 (DLI)

                Defendants.
------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

      Dan Zhong ("Defendant") currently awaits trial on charges arising out of his alleged involvement in a forced labor conspiracy. On July 24, 2017, the government moved for a protective order pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 4 and Fed. R. Crim. P. 16(d)(1). (*See* Notice of Motion filing of CIPA Section 4 ("CIPA Mot."), Dkt. Entry No. 63.) The government filed its motion *ex parte* and under seal. On August 7, 2017, Defendant filed an *ex parte*, *in camera* motion concerning the government's CIPA motion. (*See* Defendant Ex Parte, In Camera Memorandum Concerning Classified Discovery Material ("Def. Mem."), Dkt. Entry No. 67.)

      The government requests that the Court issue an order confirming its conclusion that it has no obligation under federal law to produce certain classified materials to the defense. Defendant requests that the Court deny the government's request and compel the government to disclose all classified discovery that is material to the government's allegations or that may support the defense. Additionally, Defendant requests an *ex parte, in camera* conference to further discuss its defenses and answer any questions the Court may have.

      For the reasons set forth below, the government's motion is granted and Defendant's motions to disclose the underlying § 4 materials and for an *ex parte*, *in camera* conference for further discussion of his defenses are denied.

**LEGAL STANDARD**

CIPA establishes procedures for handling classified information in criminal cases. The statute provides:

> The [district] court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4.

"CIPA establishes rules for the management of criminal cases involving classified information." *In re Terrorist Bombings of U.S. Embassies in E. Africa,* 552 F.3d 93, 115 (2d Cir. 2008). "Its animating purpose is to harmonize a [criminal] defendant's right to obtain and present exculpatory material with the government's need to withhold information from discovery when disclosure would be inimical to national security." *Id.* at 115–16 (internal quotation marks and citations omitted). Section 4 acknowledges a government privilege against disclosing classified information, but does not itself create a privilege. *See United States v. Aref,* 533 F.3d 72 (2d Cir. 2008).

Interpreting § 4, the Second Circuit in *Aref* established a three-prong test to determine whether classified material should be disclosed. "[T]he district court must first decide whether the classified information the Government possesses is discoverable." *Aref,* 533 F.3d at 80. Second, the district court must determine whether the state secrets privilege applies. *Id.* To determine whether the state secrets privilege applies, the court must find that "(1) there is a reasonable danger that compulsion of the evidence will expose ... matters which, in the interest of national security,

should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Id.* Third, "[i]f the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense, *i.e.,* useful 'to counter the government's case or to bolster a defense.'" *Id.* In assessing the materiality of the withheld information, the court must consider "not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole.'" *In re Terrorist Bombings,* 552 F.3d at 125.

## DISCUSSION

After reviewing the classified materials at length and examining the potential defenses set forth by Defendant, the Court finds that the information largely is not discoverable. Some of the information has nothing to do with the issues in this case and much of the information has nothing to do with the allegations against Defendant. *See, e.g., United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) (holding that Rule 16 did not require the government to disclose tape recordings of defendant that were "wholly innocuous" or had nothing to do with the crime charged). This information need not be evaluated under the second and third prongs of the *Aref* test.

The remaining information, which the Court liberally construes as discoverable, need not be disclosed under the second and third prongs of the *Aref* test. The Court finds that the government properly invoked the state secrets privilege. *See Aref,* 533 F. 3d at 78-79. Upon review of the government's CIPA motion, the Court finds that there is a real and palpable danger that production of the evidence "will expose . . . matters which, in the interest of national security, should not be divulged." *Id.* at 80. Additionally, the government's submission includes declarations by each appropriate head of the department that has control over the material,

asserting the privilege. *See Abu-Jihaad,* 630 F.3d at 140.

The Court further concludes that the material neither can be seen as helpful or beneficial to the defense, nor is it exculpatory or impeaching. In drawing this conclusion, the Court considers the logical relationship between the information and the issues in the case, the defenses Defendant seeks to assert, and the importance of the information in light of the evidence as a whole. Given the totality of the evidence, the classified material neither counters the government's case, nor bolsters the defenses as laid out in Defendant's *ex parte* filing. Thus, the Court finds that the classified materials do not satisfy the "relevant or helpful" standard, and that disclosure is not essential to a fair determination of this case. Moreover, given the comprehensiveness of Defendant's *ex parte* memorandum discussing his asserted defenses, the Court finds that an additional in person, *in camera* conference is unnecessary. Accordingly, Defendant's request for an *in camera* conference on this issue is denied.

## CONCLUSION

For the reasons discussed above, the Court grants the government's motion for a protective order pursuant to § 4 of CIPA in its entirety; Defendant's motion for disclosure of the CIPA § 4 material is denied as is his request for an *ex parte*, *in camera* conference.

SO ORDERED.

Dated: Brooklyn, New York
September 6, 2017

/s/
DORA L. IRIZARRY
Chief Judge