DMP:AAS/ICR
F. #2015R01787

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

DAN ZHONG and
LANDONG WANG,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 16-CR-614 (DLI)


GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE DEFENDANT DAN ZHONG'S MOTION FOR A BILL OF PARTICULARS


                                     BRIDGET M. ROHDE
                                     ACTING UNITED STATES ATTORNEY
                                     Eastern District of New York
                                     271 Cadman Plaza East
                                     Brooklyn, New York 11201


Alexander A. Solomon
Douglas M. Pravda
Ian C. Richardson
Nicholas J. Moscow
Assistant U.S. Attorneys
       (Of Counsel)

PRELIMINARY STATEMENT

The defendant Dan Zhong moves, pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the government to file a bill of particulars.  In essence, the defendant contends that the indictment in this case does not provide enough specificity to sufficiently inform him of the nature of the charges.  As detailed below, the defendant's motion should be denied.

FACTUAL BACKGROUND

On November 9, 2016, the Honorable Steven L. Tiscione, United States Magistrate Judge for the Eastern District of New York, authorized arrest warrants for Zhong and codefendant Landong Wang, pursuant to a criminal complaint.

The 21-page criminal complaint details the government's theory of forced labor prosecution involving debt-bonded workers who entered into the United States on diplomatic work visas – which visas permitted the holders to work solely at specified diplomatic or consular facilities of the People's Republic of China ("PRC") in the United States.  The complaint sets forth several work locations where the defendant and his coconspirators caused these debt-bonded workers to perform private contracting work.  The non-PRC facilities included private residences in Old Brookville, New York and in Fresh Meadows, New York (the "Fresh Meadows Residence"), as well as an office building on Fifth Avenue in Manhattan (the "Fifth Avenue Building").  (Compl. ¶¶ 5, 9-10, 12-18).

The complaint also references the specific terms of a debt bondage contract for one of the victim workers.  The contract includes a provision requiring the victim to pay a cash deposit to the defendant's company before leaving the PRC for the United States, refundable only if the worker does not violate any terms of the contract.  These terms include the victim's agreement not to leave custody of the defendant's company for the United States or a third party

1

country. (Compl. ¶¶ 7-8). The complaint further demonstrates how codefendant Landong Wang retained all of the workers' passports to ensure that they did not flee, (Compl. ¶¶ 11, 15), and specifies approximately twelve workers who were housed in inhumane conditions in a New Jersey flophouse at the time of a local housing inspection, as well as five workers who performed unauthorized contracting work at the Fresh Meadows Residence. (Compl. ¶¶ 10-12, 14-17).

In many cases, the defendant and his coconspirators obtained the diplomatic work visas through fraudulent means. For example, the complaint cites electronic communications in which codefendant Landong Wang conferred with Dan Zhong regarding the conspirators' efforts to obtain additional workers for the Fifth Avenue Construction Project through the Project Office for the PRC Mission to the United Nations – the office responsible for requesting and obtaining specialized diplomatic visas for construction workers from the U.S. Department of State. The complaint further shows that Zhong or Wang were responsible for the submitted visa applications. (Compl. ¶¶ 8-10, 19-20).

On December 1, 2016, a grand jury in this district returned an indictment charging Zhong and Wang with the following crimes: (1) forced labor conspiracy, contrary to 18 U.S.C. § 1589(d); (2) forced labor, in violation of 18 U.S.C. § 1589(a); (3) concealing passports and immigration documents in connection with forced labor, in violation of 18 U.S.C. § 1592(a); (4) alien smuggling conspiracy, contrary to 8 U.S.C. § 1324(a)(1)(A)(v)(I); (5) and visa fraud conspiracy, contrary to 18 U.S.C. § 371. Each of the counts alleges that the crimes took place in the Eastern District of New York and specifies an approximate date range of the alleged criminal activity. The Court arraigned the defendant on the indictment on December 8, 2016.

On March 6, 2017, the government moved for a protective order permitting the government to delay certain discovery under Rule 16(d)(1). The application pertained, in part, to

materials obtained from victims of the defendant's forced labor scheme.  The Court granted this

application on March 16, 2017.

On June 2, 2017, the defense wrote to the government requesting a detailed bill of

particulars as to each count in the indictment.  During a telephone call between the government

and defense counsel on July 24, 2017, the government advised defense counsel that, based on the

government's review of the applicable case law, the defendant was not entitled to a bill of

particulars.  In a letter dated August 16, 2017, defense counsel demanded that the government

provide a written response to the defendant's request for a bill of particulars.  On August 17,

2017, the government sent a letter to defense counsel reiterating the government's view that the

defendant is not entitled to a bill of particulars.  Zhong filed the instant motion with the Court on

August 24, 2017.

ARGUMENT

Claiming that the indictment "does little more than recite the charging language of

the referenced statutes" and "fails to apprise Mr. Zhong sufficiently as to the charges he faces,"

(Def. Br. at 1), Zhong argues that he is entitled to a bill of particulars regarding: (1) the identities

of the victims; (2) the specific criminal acts underlying the defendant's criminal conduct; and (3)

the false statements alleged in the visa fraud charge.  As discussed below, the defendant's

argument lacks merit.

I.      Legal Standard

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to move

for a bill of particulars "within 14 days after arraignment, or at a later time if Court permits," Fed

R. Crim. P. 7(f), "in order to identify with sufficient particularity the nature of the charge

pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to

3

interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (citation omitted). A defendant is not entitled to a bill of particulars if the defendant is "adequately informed of the charges against him and [is] not unfairly surprised at trial." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (citations omitted). The Second Circuit has held that an indictment is adequate where, as here, "it contains the elements of the offense, sufficiently apprises the defendant of what he must be prepared to meet, and is detailed enough to assure against double jeopardy." United States v. Salazar, 485 F.2d 1272, 1277 (2d Cir. 1973) (citations omitted); see United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (A bill of particulars is "required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.").

Courts, including this one, have repeatedly held that "[a] bill of particulars may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial." United States v. Taylor, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014) (Irizarry, Ch. J.); accord United States v. Torres, 901 F.2d 205, 234 (2d Cir 1990) ("Acquisition of evidentiary detail is not the function of the bill of particulars." (citation omitted)). Thus, demands for detailed information about the charged conspiracy, such as overt acts, how and when the conspiracy was formed, when each participant entered it, or even the identities of the participants are "routinely denied." See United States v. Tripp, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) ("[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."); United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987); accord United States v. Cephas, 937

4

F.2d 816, 823 (2d Cir. 1991) (government need not identify specific activities by which

defendant furthered conspiracy); United States v. Tramunti, 513 F.2d 1087 (2d Cir. 1975)

(defendants not entitled to discover exact time and place at which crime occurred, the identities

of witnesses or documents that will prove the crimes charged); United States v. Andrews, 381

F.2d 377, 377-78 (2d Cir. 1967) (government is not required to describe "the precise manner in

which the crime . . . is alleged to have been committed").

   In sum, broad requests for information such as exact dates and places of events

and the respective roles and manner of participation of coconspirators "ignore the proper scope

and function of a bill of particulars" and, as such, should be denied.  United States v. Volpe, 42

F. Supp. 2d 204, 225 (E.D.N.Y. 1999); see also United States v. Kubitshuk, 2017 WL 3531553,

at *5 (S.D.N.Y. Aug. 17, 2017) ("Defendants are entitled to a bill of particulars only if the

information sought is necessary, not just helpful, to their case."); United States v. Aliperti, 867 F.

Supp. 142 (E.D.N.Y. 1994) (as a general rule, defendants not entitled to detailed evidence about

a conspiracy to properly prepare for trial); United States v. Santoro, 647 F. Supp. 153, 188

(E.D.N.Y. 1986) (bill of particulars "is not to be used . . . to force the government to disclose its

evidence . . . or its legal theory" (citations omitted)).  As another district judge from this Circuit

explained, "The Government may not be compelled to provide a bill of particulars disclosing the

manner in which it will attempt to prove the charges, the precise manner in which the defendant

committed the crimes charged, or a preview of the Government's evidence or legal theories."

United States v. Sattar, 314 F. Supp. 2d 279, 318 (S.D.N.Y. 2004) (Koeltl, J.) (citation omitted).

II.  The Defendant's Request for a Bill of Particulars Should Be Denied

   The defendant's motion should be denied as untimely.  Zhong made his motion

for a bill of particulars on August 24, 2017, nearly nine months after his December 8, 2016

arraignment on the indictment, and well outside the 14 days within which such a motion would

have been timely.  Even the defendant's first written request to the government for a bill of particulars made on June 2, 2017, was made over five months after his time to file such a motion under Rule 7(f) had already run.  As this Court has previously recognized, Zhong's failure to timely file his motion itself "justifies denial of his request for a bill of particulars."  Taylor, 17 F. Supp. 3d at 179.

But even on its merits, the Court should deny Zhong's motion for a bill of particulars because he already has sufficient information regarding each count in the indictment based on the indictment itself, the criminal complaint, and voluminous Rule 16 discovery provided to date.  As this Court has noted, "'[a] bill of particulars is not required where the information sought by the defendant has been made available in alternative forms.'"  United States v. Batista, No. 06-CR-265 (DLI), 2009 WL 910357, at *9 (E.D.N.Y. Mar. 31, 2009) (Irizarry, Ch. J.) (quoting United States v. Kelly, 91 F. Supp. 2d 580, 583-84 (S.D.N.Y. 2000)); see also United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984) (court may consider information provided during discovery when considering the need for a bill of particulars); Taylor, 17 F. Supp. 3d at 179 (denying motion for bill of particulars on the merits where "the government ha[d] provided discovery (including potential Brady material) and described the alleged crimes and [the defendant's] involvement during motion practice"); United States v. Canty, 971 F. Supp. 687, 690 (N.D.N.Y. 1997) ("[T]he Indictment, coupled with the discovery information the government has thus far provided to defendants, sufficiently apprises [the defendants] of the crime charged and the general outline of the government's case against them making defendants' request for a bill of particulars unnecessary.").

The complaint and the indictment in this case are sufficiently specific to inform the defendant of the crimes with which he is charged and to enable him to prepare his defense.

To begin, the indictment sets forth approximate dates of the charged conspiracies and violations

of federal law.  Moreover, the complaint – which is not even referenced in the defendant's

motion papers – provides many, if not all, of the details that the defendant claims he cannot

divine from the indictment, including information sufficient to ascertain the identities of

numerous victims, the locations of the utilization of debt-bonded workers, and the nature of the

false statements in the visa applications.  In addition, the government has provided (and is

continuing to provide) discovery in the case, including redacted search warrant affidavits which

further set forth the government's theory of prosecution, as well as extensive documentary

evidence such as U.S. Department of State and U.S. Department of Homeland Security records

for individuals victimized by the defendants' scheme, and sign-in sheets and identification cards

that identify some of the workers deployed at the Fifth Avenue Building.  Under Second Circuit

law, nothing more is required.

Many of the defendant's claims about his inability to prepare for trial are

misleading.   Most notably, the defendant's brief ignores the existence of the complaint while

claiming that he has been able to infer the general nature of the charges from the discovery.

(Def. Br. at 2).  Indeed, while complaining that the government's discovery suggests that

approximately 250 workers applied for diplomatic work visas, the defendant neglects the fact

that the complaint sets forth several non-PRC work sites where diplomatic visa holders

performed private contracting work, as well as sufficient information for the defendant to

identify the workers deployed to these locations.  Moreover, the Second Circuit case cited by the

defendant is inapposite.  In United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988), the

Second Circuit held that a bill of particulars was necessary where the government proved at trial

evidence of extortions directed at victims – unidentified in the indictment – other than the

primary victim of multiple extortion counts in the RICO conspiracy charge.  Here, the complaint

and the discovery make clear that the victims of the forced labor scheme were debt-bonded

workers who were compelled to perform private contracting work at non-PRC facilities.

Similarly, the defendant's claims that he cannot identify either his specific acts underlying his

alleged criminal conduct or the false statements underlying the visa fraud conspiracy are

ingenuous, in light of the relevant factual allegations contained in the indictment.

Ultimately, what the defendant seeks to have the government disclose the precise

nature of its evidence at trial.  However, he is not entitled to such information at this procedural

juncture.  Therefore, his request for a bill of particulars should be denied.[1]

---

[1]      A bill of particulars would also be inappropriate in this case because it would
unnecessarily confine the government's proof at trial to the particulars furnished.  See, e.g.,
United States v. Muyet, 945 F. Supp. 586, 601 (S.D.N.Y. 1996) (citing, inter alia, United States
v. Glaze, 313 F.2d 757, 759 (2d Cir. 1963)).  "Therefore, a request for a bill of particulars should
be denied when it would unduly restrict the Government's ability to present its case."  Id.
(refusing a request for details on when and where a defendant carried firearms) (citations
omitted).

CONCLUSION

For the reasons set forth above, the defendant Dan Zhong's motion for a bill of

particulars should be denied.

Dated:  Brooklyn, New York
         September 8, 2017

                                        Respectfully submitted,

                                        BRIDGET M. ROHDE
                                        Acting United States Attorney

                           By:     /s/ Alexander A. Solomon
                                        Alexander A. Solomon
                                        Douglas M. Pravda
                                        Ian C. Richardson
                                        Nicholas Moscow
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

9