

U.S. Department of Justice

United States Attorney
Eastern District of New York

AAS/NJM
F. #2015R01787

271 Cadman Plaza East
Brooklyn, New York 11201

September 15, 2017

<u>By ECF and Hand</u>

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Dan Zhong and Landong Wang
                   Criminal Docket No. 16-614 (DLI)

Dear Chief Judge Irizarry:

        At the Court's invitation, the government respectfully submits this letter to respond to the Court's inquiries during the status conference on September 6, 2017 regarding the search warrant affidavit for the defendant's email account (the "Affidavit").

        Pursuant to the Court's authorization of a protective order on March 16, 2017, the government has produced the Affidavit to the defense in redacted format.[1] The defendant presently seeks production of the Affidavit without redactions. At the September 6, 2017 status conference, the defendant claimed that the extent of the redactions prevents him from assessing whether to move to suppress the fruits of the search warrant or to move for a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). The Court instructed the government to review the redactions to determine whether they were still necessary. Upon its review of the redacted materials, the government still believes that the redactions are necessary and does not believe that the redactions should impede any contemplated motion to suppress or motion for a <u>Franks</u> hearing.

        Courts may evaluate probable cause for a search based on an <u>in camera</u> review of affidavits that are available to the defendant only in redacted form. <u>See</u>, <u>e.g.</u>, <u>United States v. Ortiz</u>, 499 F. Supp. 2d 224, 226-27 & n.1 (E.D.N.Y. 2007) (Irizarry, J.) (citing only

---

[1] For the Court's convenience, the Affidavit as it was produced to defense counsel is attached to this letter as Exhibit A, but it is docketed under seal, consistent with the sealing order governing the original Affidavit.

to the redacted version of the warrant affidavit and transcript at issue); United States v. Wood, No. 15-CR-142 (EAW) (MJR), 2017 WL 2964725, at *2 n.2 (W.D.N.Y. June 13, 2017) ("For purposes of determining the instant motion to suppress, the Court has reviewed the unredacted affidavit in its entirety," despite the fact that the "Government [had] provided defendant with a redacted affidavit"). The question, at this stage, is whether the redacted materials would materially aid the preparation of the defendant's suppression motion. United States v. Rajaratnam, No. 09-CR-1184 (RJH), 2010 WL 1691745, at *1-2 (S.D.N.Y. Apr. 27, 2010) (denying the defendant's motion to obtain access to unredacted search warrant affidavits because the redactions did not contain any information that would be material to the defendant's contemplated motion); United States v. Givens, No. 12-CR-421, 2016 WL 6892868, at *4 (N.D. Ill. Nov. 23, 2016) (same in the context of Title III wiretap applications).

In Franks, the Supreme Court held that a defendant can challenge a search warrant upon a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Under Franks, a defendant seeking to suppress a search warrant must show "(1) that the inaccuracies were the product of a Government agent's 'deliberate falsehood' or 'reckless disregard for the truth' rather than innocent mistake, and (2) that, after setting aside the falsehoods, what remains of the warrant affidavit is insufficient to support a finding of probable cause." United States v. Coreas, 419 F.3d 151, 156 (2d Cir. 2005) (quoting Franks, 438 U.S. at 171-72)). Under the second prong, courts reviewing a defendant's motion to suppress fruits of a search excise the improper materials from search warrant affidavits and assess the probable cause with respect to the remaining portion of the affidavit. United States v. Rajaratnam, 719 F.3d 139, 146 (2d Cir. 2013) ("If the untainted portions of the application are sufficient to support the probable cause . . . findings, then the misstatements are not 'material' and suppression is not required."); cf. United States v. George, 975 F.2d 72, 79 (2d Cir. 1992) ("When a warrant is severed (or redacted) the constitutionally infirm portion—usually for lack of particularity or probable cause—is separated from the remainder and evidence seized pursuant to that portion is suppressed; evidence seized under the valid portion may be admitted.").

In this case, because of the reasons outlined in a separate sealed ex parte letter filed today, the government is unable to limit the extent of the redactions in the version of the Affidavit produced to the defense. To the extent that the defendant seeks to exclude evidence obtained through the search of his email account, he should either move to suppress based on the portions of the Affidavit presently available to him, assuming the rest of the affidavit to be severable, or the Court should permit an expedited briefing schedule for any suppression motion post-dating the production of the unredacted (or less-redacted) Affidavit. United States v. Hawit, No. 15-CR-252 (PKC), 2017 WL 3016794, at *3 (E.D.N.Y. July 14, 2017) (setting a briefing schedule for any motion to suppress based on affidavits that were permitted to be withheld until three months before trial).

   The government does not believe that the redacted portions of the Affidavit would be material to a motion to suppress; therefore, to the extent that the defendant seeks a <u>Franks</u> hearing or a suppression hearing, he should move based on the portions of the Affidavit presently available to him.  Any suggestion by the defense that the redacted portions of the Affidavit contain reckless or intentional misrepresentations amount to nothing more than speculation and cannot serve as the basis for prophylactic relief.  <u>See</u> <u>United States v. Saltares</u>, 301 F. Supp. 2d 305, 306-07 (S.D.N.Y. 2004) (rejecting defendant's application for an order directing government to disclose unredacted search warrant affidavits "so that he may determine the viability of a challenge to them"); <u>Givens</u>, 2016 WL 6892868, at *4 (denying a defendant's motion for unredacted affidavits because the redactions "were immaterial to the outcome" of the defendant's suppression motion.).

               Respectfully submitted,

               BRIDGET M. ROHDE
               Acting United States Attorney

         By:  /s/ Alexander A. Solomon
             Alexander A. Solomon
             Douglas M. Pravda
             Ian C. Richardson
             Nicholas J. Moscow
             Assistant U.S. Attorneys
             (718) 254-7000

Enclosures (Not filed on ECF)

cc: Robert J. Cleary, Esq. (by ECF)
   Dietrich L. Snell, Esq. (by ECF)
   Brittany Benavidez, Esq. (by ECF)