
Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

September 29, 2017

Robert J. Cleary
Member of the Firm
d +1.212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

<u>By ECF and Hand</u>

The Honorable Dora L. Irizarry
Chief United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*United States v. Dan Zhong*</u>
                <u>Criminal Docket No. 16-614 (DLI)</u>

Dear Chief Judge Irizarry:

      We write in response to the government's September 15, 2017 letter regarding the government's redaction of the search warrant affidavit for Mr. Zhong's email account. (Dkt. No. 72). We are mystified by the government's position that the redactions to the affidavit are necessary, and by its refusal to provide Mr. Zhong or his attorneys with an unredacted, or even partially unredacted, affidavit. As explained below, the redaction absolutely bars Mr. Zhong from challenging in any viable manner the purported probable cause for the search of his emails and trenches upon his Fourth and Fifth Amendment rights. We therefore ask that the Court direct the government to produce the unredacted search warrant affidavit immediately.

      By way of background, on July 12, 2017 – more than eight months after the Indictment was filed – the government finally produced to the defense a redacted version of the affidavit in support of the search warrant for Mr. Zhong's email account. However, the produced version is so heavily redacted that it is impossible for the defense meaningfully to challenge it.[1] Specifically, the 38-page affidavit has redactions on 19 pages; many pages are redacted in their entirety. In an effort to avoid having to seek judicial intervention, we raised our concerns regarding the redactions during a telephone conference with the government on July 24, 2017 and followed up with a letter on August 16, 2017. Five weeks after the call, the government finally responded in writing on August 30, 2017, stating only that the Court had permitted the redactions under the March 16, 2017 *ex parte* protective order.

      After raising this issue with the Court during the September 6, 2017 status conference, I was hopeful that we would be able to resolve this dispute without further litigation. At the September 6 conference, Your Honor suggested that the government consider producing the unredacted affidavit pursuant to a "counsel's eyes only" protective order. (Tr. 22:9-10). The government has now rejected that viable proposal.

---

[1] A copy of the redacted affidavit, as produced to defense counsel, is attached as Exhibit A to the government's September 15, 2017 letter.

**Proskauer»**

The Honorable Dora L. Irizarry
September 29, 2017
Page 2

      We understand from the Court that "the government is making the decision as to what is being redacted in part because it either relates to ongoing investigations or it relates to classified information." (May 22, 2017 Status Conference Tr. 19:12-20:6). At the September 6 conference, the government disclosed that the redacted material is not classified[2] (Tr. 20:2-3) and further asserted that the government had redacted "portions of the affidavit that are extremely sensitive and that do not pertain to the charges in this case." (Tr. 16:8-10).

      In opposing any unredaction of the search warrant affidavit, the government presents the Court with two completely unacceptable options: either the defense should make its *Franks* motion based on the unredacted portions of the affidavit; or the Court should set an expedited briefing schedule for any suppression motion following the production of the "unredacted (or less redacted)" affidavit. (*See* Dkt. No. 72 at 2).[3] Both options should be rejected, the first because it would completely prevent Mr. Zhong from effectively addressing any constitutional deficiencies in the search warrant, and the second because it would prejudice him by extending his already lengthy pre-trial incarceration and by impeding his counsel's trial preparation.

      Mr. Zhong has a Fourth Amendment right to review search warrants and affidavits. *See Rinaldi v. City of New York*, 2014 WL 2579931, at *4 (S.D.N.Y. June 10, 2014) ("While the Second Circuit does not appear to have addressed this issue directly, some federal courts have recognized a Fourth Amendment right to access warrant materials, including the warrant itself and the supporting affidavits.") (Internal quotation omitted). *See also Matter of Up N. Plastics, Inc.*, 940 F. Supp. 229, 232 (D. Minn. 1996) (discussing "right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued"); *In re Search Warrant*, No. 16-MC-464, 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016) (recognizing presumptive constitutional and common law "right to access" search warrant applications). Withholding lengthy portions of the affidavit also violates Mr. Zhong's Fifth Amendment due process rights. This is because it prevents him from challenging the warrant, as explained below. The government has not established any need for redaction sufficient to outweigh Mr. Zhong's constitutional rights. The factually distinguishable cases cited by the government in its letter do not undermine these bedrock principles.[4]

---

[2] Even if the redacted material were classified, two of Mr. Zhong's attorneys (Dietrich Snell and Brittany Benavidez) have received top secret security clearance and have been briefed by Harry Rucker, the Classified Information Security Officer assigned to this matter. On September 21, 2017, Mr. Rucker informed me that my background investigation has been favorably adjudicated, and that he is prepared to administer the indoctrination that will complete the security clearance process as to me as well.

[3] The government does not say *when* it would produce an unredacted affidavit; nor does it indicate which portions it would unredact.

[4] Several of the cases cited by the government relate to situations in which the search warrant affidavit was redacted to protect the identity of a confidential informant. *See United States v. Wood*, No. 15-CR-142, 2017 WL 2964725, at *2 n.2 (W.D.N.Y. June 13, 2017); *United States v. Ortiz*, 499 F. Supp. 2d 224, 226-27 (E.D.N.Y. 2007); *United States v. Saltares*, 301 F. Supp. 2d

**Proskauer»**

The Honorable Dora L. Irizarry
September 29, 2017
Page 3

      The government's suggestion that the redactions do not impede any contemplated suppression motion and that Mr. Zhong should make his motion based solely on the unredacted portions of the affidavit is meritless. As Your Honor noted at the conference, "since [the Court] is not reviewing all of the discovery, it is concededly a bit more difficult for [the Court] to determine whether or not the agent falsified a statement." (Tr. at 21:25-22:2). Indeed, without fully reviewing the entire body of discovery material, the Court would have no meaningful basis to assess the veracity and accuracy of the warrant affidavit. To state the obvious: It is not the Court's responsibility to review all of the discovery for that purpose; it is defense counsel's job, based upon a full and complete record.

      From the defense perspective, without seeing the entirety of the affidavit, we simply cannot assess whether a viable motion can be made, either under *Franks* or on overbreadth grounds. Although we have uncovered certain false or misleading statements in the unredacted portions of the affidavit, our inability to review the entire affidavit prevents us from advancing the argument that the warrant should be invalidated under *Franks*. As the government correctly points out in its letter (p. 2), the defense bears the burden of proving that once the offending portion is excised, the remaining portion of the affidavit will not demonstrate probable cause. But if the affidavit remains redacted, it will be impossible for the defense to meet its burden because the government will be hiding from the defense what the remaining portion of the affidavit asserts.

      Similarly, without examining the entire affidavit upon which the Magistrate Judge relied, we will not be able to ascertain the extent of the probable cause showing. As a consequence, we will be absolutely precluded from determining whether the scope of the warrant is impermissibly broad. Indeed, it is apparent that information vital to a basic understanding of the affidavit's contents has been concealed from the defense. For example, the affidavit employs the term "Wang Gmail Account" as a defined term in paragraphs 63-66, 68-69 and 75; yet, because the term's definition does not appear within the portions of the affidavit made available to us, we cannot determine the custodian of that account.

      Equally untenable is the government's alternative proposal that the Court defer motion practice concerning this warrant and simply set an expedited briefing schedule for any suppression motion after the government produces a less extensively redacted version of the affidavit on some unspecified date. The government has not demonstrated that disclosing the redacted material now – at least to counsel – rather than waiting until sometime in the future, would materially hinder an ongoing investigation. Moreover, the government has not even committed to producing the complete affidavit at any point. Even if it were to do so, continuing to withhold the unredacted affidavit until shortly before trial would throw a carefully contemplated motions and trial schedule into utter disarray. As the Court knows, *Franks* and overbreadth motions can be quite complex and time-consuming to litigate and to resolve. Upon the disclosure of the full affidavit, Mr. Zhong would have to independently investigate the

---

305, 306-07 (S.D.N.Y. 2004). The government has not suggested that the identity of a confidential informant has been redacted from the affidavit.

**Proskauer»**

The Honorable Dora L. Irizarry
September 29, 2017
Page 4

newly-revealed allegations in the affidavit, in order to be in a position to determine whether – and if so, how – to contest the warrant. With such disclosure being delayed until the eve of trial, there would not be adequate time to investigate, litigate and resolve any suppression motion, let alone afford defense counsel sufficient time to prepare for trial based on the Court's eventual ruling on the motion. This prejudice would be exacerbated by the fact that, even now, the government *still* has not fulfilled its discovery obligations. Given all of the discovery delays, we anticipate yet more discovery will be produced late in the process, and that the defense will be overwhelmed with last minute investigative work.

The government's original decision to include in its application for a warrant material that the government now would prefer to keep secret cannot be permitted to trump Mr. Zhong's rights as a criminal defendant. When the government applies for a search warrant during the course of an investigation, it does so entirely of its own volition and knowing full well that, in the event a warrant is issued and the resulting search yields evidence that supports criminal charges, the search warrant application will need to be disclosed to defense counsel upon the filing of an indictment. Having consciously chosen to include certain allegations in the affidavit because they were deemed necessary in order to obtain a warrant, the government should not later be heard to argue that its investigative work will be impaired as a result of disclosure of those allegations to the defense. The government's desire to advance some other unrelated investigation does not permit it to violate Mr. Zhong's constitutional rights. The government cannot have it both ways.

Accordingly, we respectfully request the Court direct the government to unredact the search warrant affidavit in its entirety and provide it to Mr. Zhong, or at least to his attorneys pursuant to a protective order, without further delay. If the government does not unredact the affidavit, we respectfully request the Court preclude the government from using any material obtained or fruits derived from the search of Mr. Zhong's email account.

Respectfully submitted,

*/s/ Robert J. Cleary*
Robert J. Cleary

cc:   AUSA Alexander A. Solomon (by ECF)
      AUSA Douglas M. Pravda (by ECF)
      AUSA Ian C. Richardson (by ECF)
      AUSA Nicholas J. Moscow (by ECF)