UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,                              :
                                                       :
                  -against-                       :     **SUMMARY ORDER**
                                                       :
DAN ZHONG, et al.,                                     :     16-cr-614 (DLI)
                                                       :
                  Defendants.                      :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

Dan Zhong ("Defendant") currently awaits trial on charges arising out of his alleged involvement in a forced labor conspiracy. On August 24, 2017, Defendant filed a letter requesting permission to move for a bill of particulars. (*See* Letter regarding Defendant request to file a motion for a bill of particulars ("Def. Mot."), Dkt. Entry No. 68.) The letter was filed in accordance with this Court's Individual Rules, rather than this Court's Standard Requirements in Criminal Cases. As such, the Court deemed the letter as a motion.[1] The government opposed the motion on September 8, 2017. (*See* Pretrial Memorandum in Opposition to Defendant's Motion for a Bill of Particulars ("Opp."), Dkt. Entry No. 71.) Defendant replied on September 15, 2017. (*See* Pretrial Memorandum Reply in Further Support Defendant's Motion for a Bill of Particulars ("Reply"), Dkt. Entry No. 74.) For the reasons set forth below, Defendant's motion is granted as to the identification of false statements in the visa applications, and denied as to the specific acts underlying the charged conduct. The Court reserves decision as to the identification of victims pending oral argument.

---

[1] In so doing, the Court permitted Defendant to move for a bill of particulars, making the motion timely. Fed. R. Cr. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.") The government's assertion that the motion is untimely because it was not made within 14 days of Defendant's arraignment is meritless. (Opp. at 5-6.)

## LEGAL STANDARD

The purpose of a bill of particulars is to provide a defendant with information concerning the details of the charges against him if necessary to: (1) prepare for trial, (2) avoid prejudicial surprise at trial, or (3) preclude a second prosecution for the same defense. *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir.1987); *See also United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990). A bill of particulars is required only when "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Id.* The applicable standard for whether a bill of particulars should issue is not whether the information sought would be helpful to the defense, but whether it is necessary. *United States v. Love,* 859 F. Supp. 725, 738 (S.D.N.Y.1994). Moreover, "[a] bill of particulars is not required where the information sought by the defendant has been made available in alternative forms." *United States v. Kelly,* 91 F. Supp. 2d 580, 583-84 (S.D.N.Y. 2000). Whether to grant a bill of particulars generally is a decision entrusted to the sound discretion of the district court. *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010).

## DISCUSSION

Defendant requests that the government identify: (1) the victims of the charged conduct; (2) the specific acts underlying the charged conduct; and (3) the false statements referenced in the visa fraud charge. (Def. Mot. at 2-3.)

Defendant argues that the identification of the victims of the charged conduct is necessary to ensure against double jeopardy. (*Id.* at 2.) The discovery produced by the government reveals over 250 potential victims, and, if Defendant is not informed as to which of these workers the indictment is brought, then Defendant cannot protect himself against double jeopardy. (*Id.*) Defendant argues further that, without knowing the identities of the victims, he is unable to

determine which of the hundreds of workers allegedly were restrained, whether they lived at one of the Jersey City residences, and which were under a debt bondage contract. (Reply at 6.) The Court reserves ruling on this request until after oral argument at the October 25, 2017 conference with the parties.

Next, Defendant asserts that he needs a bill of particulars on the specific acts underlying the charged conduct, because nowhere does the government explain what it means by "labor and services," "physical restraint," "serious harm and threats of serious harm," "abuse and threatened abuse of law and legal process," or "debt bondage" within the context of this case. (Reply at 7.) The Court finds that Defendant has been provided this information by the Complaint, and, as such, a bill of particulars is not warranted as to this information.

The Complaint alleges that Defendant's construction business: (1) compelled workers to perform construction work on private construction projects instead of construction work on People's Republic of China diplomatic facilities; (2) threatened the workers with the loss of their houses and the loss of large cash deposits, both of which were pledged as collateral as a condition of their employment in the United States, and forfeited if they failed to work as directed; (3) did not allow workers to leave their residences or workplaces without permission; (4) made efforts to recapture workers who escaped; (5) entered into debt bondage contracts with at least one of the workers, the terms of which are detailed in the Complaint. (*See* Complaint at ¶ 7, 10, 12-14, Dkt. Entry No. 1.) The Court finds that the Complaint identifies, with sufficient particularity, the specific acts underlying the charges. *See Bortnovsky*, 820 F.2d at 574.

Lastly, Defendant argues that, without a bill of particulars to identify the false statements contained within the over 250 visa applications, he will have to examine, and be prepared to address at trial, every statement on every visa application. (Reply at 8-9.) Second Circuit case

law supports granting Defendant's request.

In *Bortnovsky*, the Second Circuit held that the district court abused its discretion in denying defendant's motion for a bill of particulars seeking to identify the false statements in over 4,000 pages of allegedly fraudulent insurance claims. 820 F.2d at 573-74. Without a bill of particulars, defendant would be forced to "confront numerous documents unrelated to the charges pending. In effect, the burden of proof impermissibly was shifted to appellants." *Id.* at 575. Similarly, in *United States v. Scully,* 108 F. Supp.3d 59 (E.D.N.Y.2015), the court granted a motion for a bill of particulars because the case involved a complex conspiracy to sell misbranded drugs, and the seventy-three count indictment did not allege the specific statements that the government contended were fraudulent.

The visa applications amount to over 1,200 pages; preparing a defense for every statement contained within impermissibly would shift the burden of proof to Defendant. The government is directed to provide Defendant with a bill of particulars identifying the false statements alleged to have been made in the visa applications.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons discussed above, Defendant's motion for a bill of particulars is granted as to the identification of false statements in the visa applications, is denied as to the specific acts underlying the charged conduct, and is reserved as to the identification of victims pending oral argument. Accordingly, the government is directed to provide Defendant with a bill of particulars identifying the false statements alleged to have been made in the visa applications, no later than November 3, 2017. The parties are directed to be prepared to address the portion of Defendant's motion on which the Court reserved decision at the conference previously scheduled for October 25, 2017 at 11:00 A.M.

SO ORDERED.

Dated: Brooklyn, New York
       October 23, 2017

                                              /s/
                                    DORA L. IRIZARRY
                                       Chief Judge