UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　-against-　　　　　　　　　　　　　　　: 　　**SUMMARY ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
DAN ZHONG, et al.,　　　　　　　　　　　　　　　: 　　16-cr-614 (DLI)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants.　　　　　　　　　　　　:
------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

　　　　Dan Zhong ("Defendant") currently awaits trial on charges arising out of his alleged involvement in a forced labor conspiracy. At the September 6, 2017 status conference, Defendant requested leave to view an unredacted version of the July 12, 2016 search warrant affidavit ("Affidavit") that had been provided to him in redacted form, so that he could assess whether to challenge the search of his email accounts. The Court ordered the Government to review its redactions to determine whether any portions of the Affidavit could be unredacted.

　　　　On September 15, 2017, the Government filed a letter on the public docket and a sealed motion for a protective order, proposing to unredact only certain limited portions of the Affidavit. (*See* Letter Regarding Redacted Discovery as to Dan Zhong ("September 15 Letter"), Dkt. Entry No. 72; Motion for Protective Order, Dkt. Entry No. 73.) On September 29, 2017, Defendant responded, again opposing the Government's redactions, and seeking to review the unredacted Affidavit pursuant to a "counsel's eyes only" protective order. (*See* Letter Regarding Redacted Discovery, Dkt. Entry No. 75.)

　　　　At the October 25, 2017 status conference, the Court held oral argument on the issue and directed the parties to brief their respective positions in sealed *ex parte* letters to permit the Government to elaborate on the reasons for sealing the Affidavit and Defendant to discuss his potential defenses regarding the Affidavit.

In its sealed, *ex parte* submission dated November 1, 2017, the Government proposed new, more limited redactions of the Affidavit and conditions for defense counsels' review thereof. The Court finds this proposal to be reasonable. The Government has indicated that it does not object to only *defense counsels'* review of the unredacted Affidavit on an "attorneys' eyes only basis," except as to certain portions of the Affidavit that should remain sealed, specifically, paragraphs 37 and 38, and under certain conditions.

The Court has reviewed these redacted paragraphs and finds that they would have no effect on Defendant's ability to make a *Franks* motion. Moreover, as correctly noted by the Government in its September 15 letter, the Court may make a probable cause determination based on its *in camera* review of the unredacted Affidavit. *See United States v. Ortiz,* 499 F. Supp.2d 224, 226-27 & n.1 (E.D.N.Y. 2007).

Accordingly, it is hereby ORDERED that:

(1) Paragraphs 37 and 38 of the July 12, 2016 search warrant affidavit ("Affidavit") shall remain redacted;

(2) Access to the information contained in the unredacted Affidavit will be limited only to Robert Cleary, Dietrich Snell, and Brittany Benavidez[1] ("Defense Counsel"), and they will not be permitted to share the information in the previously redacted portions of the Affidavit with others, including other attorneys at Proskauer Rose LLP who may be assisting with the case, so as to ensure that the universe of individuals with knowledge of sensitive aspects of the investigation remains limited and to ensure that the Court may identify and take appropriate action against any attorneys who may violate the Order;

---

[1] The Government proposed that defense attorneys Robert Cleary and Dietrich Snell only review the unredacted Affidavit. Given Brittany Benavidez's security clearance and involvement in the case, the Court finds that she, too, should review the unredacted Affidavit.

(3) Defense Counsel will be permitted to view the unredacted Affidavit at the U.S. Attorney's Office only, and will not retain a copy of the unredacted Affidavit, so as to limit the possibility of dissemination of the unredacted Affidavit;

(4) Defense Counsel may take notes while reviewing the unredacted Affidavit, but must make sure to keep them secure and not disclose to anyone else;

(5) Defense Counsel will be precluded from sharing any information in the unredacted Affidavit with anyone, including their client, their client's company and any related entities, anyone who might be paying the bills for their client's representation, any attorney for their client's company or related entities, any attorney with whom they may have a joint defense agreement, or any other individual, subject to further order of the Court;

(6) Defense Counsel will be precluded from speaking with any person or persons they believe to be confidential sources identified in the Affidavit or any other individual in an effort to ascertain the identity of the confidential sources, until further order of the Court.

With respect to these last two conditions, the Government states that, depending on the progress of the case and the date of trial, it can propose to the Court whether, and, if so, when, these restrictions might be lifted. At the earliest date possible before that, the Government shall notify the Court when these restrictions can be lifted.

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2017

/s/
DORA L. IRIZARRY
Chief Judge