

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:DMP  
F. #2015R01787

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 17, 2018

<u>By ECF and Hand Delivery</u>

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Dan Zhong and Landong Wang</u>
              <u>Criminal Docket No. 16-614 (DLI)</u>

Dear Chief Judge Irizarry:

        The government respectfully submits this response in opposition to the defendant Dan Zhong's January 3, 2018 letter motion for a supplemental bill of particulars. The government provided the defendant with a bill of particulars on November 3, 2017 (Dkt. Entry 81), in response to this Court's October 23, 2017 order. The bill of particulars identified specific false and fraudulent statements contained in eleven letters provided to the United States Department of State. The bill of particulars amply satisfied the government's obligation to provide notice of the charges against the defendant and be sufficiently specific for the defendant to plead a bar to double jeopardy, and this Court's Order that the defendant not be required, at trial, to defend every statement in more than 1200 pages of visa applications (Order, Dkt. Entry 77 at 4).

        In his January 3, 2018 letter ("Def. Ltr."), the defendant contends (a) that the government's bill of particulars is too imprecise for him to defend against the charges, and (b) that the Court should require the government to identify the specific visa applications on which it intends to rely at trial. For the reasons set forth below, no further bill of particulars is appropriate, and the Court should deny the defendant's request.

      A.    <u>The Government's Bill of Particulars Was Appropriate and Sufficiently Specific</u>

        In now claiming that the government's November 3, 2017 bill of particulars is insufficiently specific, the defendant ignores information that the government has already provided with respect to its charging theory of the visa fraud conspiracy.

In a detailed complaint, the government alleged that the defendant is a principal of the U.S. operations of a construction business based in the People's Republic of China ("PRC") (Cplt., Dkt. Entry 1 ¶¶ 2, 8). The construction business performs construction work on PRC government facilities in the United States, including the Permanent Mission of the PRC to the United Nations. (Id. ¶ 2). An agreement between the PRC and the United States allows the construction business to bring workers who are PRC nationals into the United States on A2 or G2 visas issued by the United States Department of State to perform construction work on PRC diplomatic facilities. (Id. ¶ 3). These visas do not permit these workers to perform independent contracting work at non-PRC facilities. (Id. ¶ 5). Under the heading "The Illegal Scheme," the complaint states, "To date, the government's investigation has revealed that, among other things, Construction Business workers who were PRC nationals, and who were admitted to the United States for the sole purpose of performing construction work at the PRC Mission or other PRC diplomatic facilities pursuant to A2 or G2 visas, instead performed private contracting work at other sites not owned by the PRC." (Id. ¶ 6). The complaint then specified several non-PRC owned buildings at which the construction business workers performed construction work in violation of the terms of their visas. (Id.)

The indictment charged the defendant with, among other crimes, visa fraud conspiracy in violation of Title 18, United States Code, Section 371. (Indictment, Dkt. Entry 20 ¶ 6). The indictment also included specific overt acts in support of the visa fraud conspiracy, including that the defendant caused workers to provide contracting work at residences in Old Brookville and Fresh Meadows, New York, contrary to the terms of their visas (id. ¶¶ 6(b), 6(e)) and that the defendant discussed with others bringing workers into the United States and using workers to provide labor in the United States contrary to the terms of their visas (id. ¶¶ 6(a), 6(c), 6(d)).

In the government's November 3, 2017 bill of particulars, the government identified statements in eleven letters submitted to the United States Department of State in which requests were made for construction business workers to receive A2 or G2 visas for the purpose of performing construction work at PRC diplomatic facilities. The government alleges that these statements were false and fraudulent.

The defendant's request for a supplemental bill of particulars disregards this background, as evidenced by his tortured attempt to parse statements from the government's bill of particulars in a way to suggest that he does not have sufficient information to defend against the charges.

Specifically, paragraph 8 of the government's bill of particulars states in part as follows:

> A letter dated April 24, 2015, was provided to the United States Department of State in support of multiple visa applications which contained the following false and fraudulent statements in connection with those visa applications: "Requested for the construction of our

building renovation project of Permanent Mission of the People's Republic of China to the United Nations, the engineers and workers of your company are hereby invited to the United States of America to undertake the job of preparation work and then the construction work. According to the schedule of the work, they will depart on April 2015 and stay in the United States of America for about three years." The letter attached a list identifying 19 individuals. (Dkt. Entry 81 ¶ 8).

Ignoring the information already in his possession about the government's charging theory, the defendant parses this excerpt from the government's bill of particulars as identifying seven separate and distinct potentially false factual statements: (1) that the letter is a request for a building project, (2) that the project is located within the PRC Mission, (3) that the engineers and workers are invited to the United States, (4) that they will engage in preparation work, (5) that they will engage in construction work, (6) that they will depart from China in April 2015, and (7) that they will stay in the United States for about three years. (See Def. Ltr. at 2). This dissection of the government's bill of particulars is ludicrous in light of the detailed information about the government's charging theory set forth in the charging documents, specifically that the defendant engaged in visa fraud conspiracy by bringing workers to the United States for the purported purpose of performing construction work on PRC diplomatic facilities and then requiring the workers to perform private contracting work at non-PRC facilities in contravention of the terms of their visas.

The defendant then compounds the absurdity of his argument by complaining that each of these seven potentially false statements, when applied to each of the 19 workers at issue, yields 133 separate potentially false statements. (Def. Ltr. at 2-3). Continuing this tortured reading with regard to other statements that the government alleges to be false and fraudulent in its bill of particulars, the defendant then complains that multiplied over the eleven letters to the Department of State, the government's bill of particulars leaves nearly 1,000 statements that the defendant needs to prepare to defend at trial. (Def. Ltr. at 3).

In light of the detailed information the government has already provided regarding its charging theory and the identification of the false statements in the November 3, 2017 bill of particulars, the defendant's argument that "key aspects of the visa fraud charge [are] so 'shrouded in mystery' as to deprive him of information 'vital to [his] understanding of the charges and to the preparation of a defense'" (Def. Ltr. at 2) rings hollow and smacks of gamesmanship.

The government submits that its charging theory is abundantly clear, and that no supplemental bill of particulars is required.

B.  The Government Is Not Required at this Stage to Identify its Trial Evidence

The defendant next argues that the government should identify the specific workers as to which the statements in the letters submitted to the Department of State are

false and fraudulent and, in addition, the specific workers as to which the government intends to prove at trial that these statements are false and fraudulent.

In making that request, the defendant seeks information far beyond the scope of a proper bill of particulars. The government has set forth its charging theory and has identified the specific statements that it alleges to be false and fraudulent. That information is more than adequate to satisfy the requirement that an indictment – as supplemented by any bill of particulars – advise a defendant of the elements of the offense and what he must be prepared to meet at trial, and be detailed enough to assure against double jeopardy. See, e.g., United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 2013) ("When an indictment delineates the elements of a charged offense, however concisely, the underlying concerns of proper pleading—notice of the charge to be met and protection against double jeopardy—may be further promoted by a bill of particulars or pre-trial discovery.").

Here, the information that the defendant seeks goes far beyond what is appropriate in a bill of particulars and inappropriately calls for the government to disclose to the defendant its trial evidence. Courts, including this one, have repeatedly held that "[a] bill of particulars may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial." United States v. Taylor, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014) (Irizarry, Ch. J.). While the defendant may want this information in order to prepare for trial, it is not required that the government provide it. See Order, Dkt. Entry 77 at 2 ("The applicable standard for whether a bill of particulars should issue is not whether the information sought would be helpful to the defense, but whether it is necessary.") (emphasis added); see also United States v. Kubitshuk, No. 16-CR-711 (KMW), 2017 WL 3531553, at *5 (S.D.N.Y. Aug. 17, 2017) ("Defendants are entitled to a bill of particulars only if the information sought is necessary, not just helpful, to their case.") (emphasis in original). Therefore, no supplemental bill of particulars is required.

Finally, the government notes that there is no danger that the defendant will be subject to unfair surprise at trial, as defendants were in the principal case on which Zhong relies, United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987) (per curiam). In that case, the defendant did not know until the trial itself which of 12 staged burglaries and corresponding insurance claims, and which documents in support of those insurance claims, the government was arguing to the jury were fraudulent. Id. at 574-75.

Here, in contrast, the Court has already instructed the government that it will require, prior to trial, that the government advise the defendant which victims the government will proceed on for each count that the government has charged in this case. Accordingly, the government will inform the defendant prior to trial which specific visa applications it will proceed on at trial. Indeed, the Court has already stated that it will further discuss the timing of such disclosures at the next status conference in this case, on February 22, 2018. At this stage, however, the Court should reject the defendant's request to require the government to provide such information through a supplemental bill of particulars.

4

For all of these reasons, the defendant's request for a supplemental bill of particulars should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/ Douglas M. Pravda
Alexander A. Solomon
Douglas M. Pravda
Ian C. Richardson
Nicholas J. Moscow
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (DLI) (by ECF)
      Defense counsel (by ECF)