Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 23, 2018

Robert J. Cleary
Member of the Firm
d 212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Dora L. Irizarry
Chief United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Dan Zhong*
 Criminal Docket No. 16-614 (DLI)

Dear Chief Judge Irizarry:

We write in response to the government's opposition to defendant Dan Zhong's letter motion for an amended bill of particulars. (Dkt. No. 97).

The government's response is most striking for what it does *not* say. At no point does the government deny that Mr. Zhong is entitled to learn the identities of the specific visa applicants to whom the allegedly "false or fraudulent" statements at issue in Count Five relate. Nor does the government dispute that without this information Mr. Zhong will be required to examine, and be prepared to address at trial, the close to one thousand statements contained in the quoted letter excerpts. Instead, the government irrelevantly asserts that it has provided Mr. Zhong with "detailed information about the government's charging theory." (*Id*. at 2-3).

The government's argument misses the point. *Bortnovsky* requires that the government provide a bill of particulars in fraud prosecutions where the indictment fails to identify the purported false statements underlying the charges. 820 F.2d 572, 574-75 (2d Cir. 1987). Here, the government has submitted a bill of particulars that fails to specify which statement or statements in each of the quoted letter excerpts are "false or fraudulent" with respect to which of the 198 individuals identified in the letters. The government should not be permitted to ignore its obligation under *Bortnovsky*. Nor should it be permitted to hide behind its conclusory assertions that an amended bill of particulars is not necessary because its charging theory is "abundantly clear." (Dkt. No. 97 at 3). *Bortnovsky* does not suggest that information concerning the government's charging theory relieves the government of its obligation to specifically identify the false statements upon which the indictment is based, and the government cites no authority for its dubious suggestion. Furthermore, this Court squarely rejected this very argument in its October 23, 2017 order when it directed the government to provide Mr. Zhong with a bill of particulars notwithstanding the government's position that the charging documents and discovery were "sufficiently specific" to inform Mr. Zhong of the crimes with which he was charged and to enable him to prepare his defense. (Dkt. No. 71 at 5-6).

**Proskauer»**

The Honorable Dora L. Irizarry
January 23, 2018
Page 2

  On a related point, the government admits that it must "inform [Mr. Zhong] prior to trial which specific visa applications it will proceed on at trial." (Dkt. No. 97 at 4). Nevertheless, it urges the Court to deny – "[a]t this stage" – Mr. Zhong's ripe and legitimate request for this information. (*Id*.). The Court should reject the government's attempt to evade its prosecutorial obligations, and instruct the government to provide Mr. Zhong with the information that the government itself acknowledges Mr. Zhong deserves to receive.

  For all of the foregoing reasons, Mr. Zhong respectfully requests that the Court direct the government to submit an amended bill of particulars that identifies the individual or individuals to whom the "false or fraudulent" statement or statements relate. Alternatively, in the event the government maintains that the statements in the quoted excerpts are false or fraudulent with respect to *all* 198 visa applications, Mr. Zhong requests that the Court order the government to identify those statements that it intends to prove at trial are false or fraudulent as to particular visa applications.

                Respectfully submitted,

                */s/ Robert J. Cleary*
                Robert J. Cleary

cc:  AUSA Alexander A. Solomon (by ECF)
    AUSA Douglas M. Pravda (by ECF)
    AUSA Ian C. Richardson (by ECF)
    AUSA Nicholas J. Moscow (by ECF)