Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 2, 2018

**By ECF**

Dietrich L. Snell
Member of the Firm
d 212.969.3830
f 212.969.2900
dsnell@proskauer.com
www.proskauer.com

The Honorable Dora L. Irizarry
Chief United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Dan Zhong*
              Criminal Docket No. 16-614 (DLI)

Dear Chief Judge Irizarry:

    We write in response to the government's letters of August 1 and August 2, 2018 requesting an additional four weeks to provide certified translations of Chinese-language documents for potential use at trial. (Dkt. Nos. 136, 137). Although the government duly notes in its second letter that we do not consent to its extension request, the Court should understand the basis for our objection, which we now lodge only after having been unable to enter into an equitable alternative arrangement with the government.

    Due to a "technical error," the government now will be able to produce only a small fraction of its translations by tomorrow's deadline, which the Court set over six weeks ago, at our June 20, 2018 status conference. (Dkt. No. 136 at 1). The government states that, in exchange for the requested extension of its deadline to complete its production, it consents to an adjournment of the defense's current September 12, 2018 deadline for submission of defense objections to any of the translations. (*Id.*). Any such result, by itself, however, still would unfairly prejudice the defense – despite the government's claims to the contrary (*see* Dkt. No. 137). The defense therefore respectfully requests that the Court accompany any extension granted to the government with a modest further schedule adjustment, an adjustment the government inexplicably has rejected.

    The schedule set by Your Honor at the June 20 conference calls for the government to produce the material withheld pursuant to the March 16, 2017 protective order (the "Protective Order material") by September 7, 2018, 120 days before the January 7, 2019 trial date. This material – which likely will include some of the most significant evidence in the case – undoubtedly will receive intensive scrutiny and will require extensive follow-up work by the defense team as we prepare for trial. For the defense to be saddled simultaneously with reviewing and considering the government's certified translations would amount to an unfair burden that the Court-ordered schedule specifically sought to avoid. The vague and highly qualified assurances contained in the government's August 2 letter fail adequately to allay this concern.

**Proskauer»**

The Honorable Dora L. Irizarry
August 2, 2018
Page 2

      In an effort to mitigate the burden posed by the government's requested extension – a burden that would stem solely from the government's failure to meet its Court-imposed production deadline – we suggested to the government earlier today that it agree to produce the Protective Order material immediately. Such an arrangement would enable the defense to use time that otherwise would have been devoted to review and consideration of the translations instead to work with the critical Protective Order material. But the government refused to accept this eminently reasonable solution.

      Mr. Zhong's case has been pending ever since his November 10, 2016 arrest – during all of which time he has been incarcerated while awaiting trial. The government has had *well over 20 months* – not merely since the June 20 conference – to prepare its translations. Indeed, we have been actively requesting those translations for well over a year. In fairness, therefore, the government's current request for relief from a problem entirely of its own making should be accompanied by some measure of accommodation by the government, beyond the granting of an extension that simply would cut into time the defense already was planning to use for other vital trial preparation.

      As Your Honor recognized during the June 20 conference, review of the translations of foreign language documents intended for use at trial – first by qualified translators, then by counsel – involves a significant part of the case and will require a labor-intensive process that likely will include the parties conferring with each other and, if necessary, seeking judicial intervention well in advance of the trial. (Jun. 20, 2018 Tr. at 45:21-46:14). That activity should not now be permitted to compromise the defense's other trial preparation plans.

      Accordingly, we respectfully request that the Court require the government to produce forthwith the Protective Order material as a condition for granting the government an extension of time for production of its translations. Otherwise, the Court should deny the government's extension request and should preclude the government from offering at trial any certified translation produced after August 3, 2018, the original Court-ordered deadline.

      Respectfully submitted,

      */s/ Dietrich L. Snell*
      Dietrich L. Snell

cc:    AUSA Alexander A. Solomon (by ECF)
       AUSA Douglas M. Pravda (by ECF)
       AUSA Ian C. Richardson (by ECF)
       AUSA Nicholas J. Moscow (by ECF)