


**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AAS/DMP/ICR/NJM
F. #2015R01787

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 24, 2018

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Dan Zhong
      <u>Criminal Docket No. 16-614 (DLI)</u>

Dear Chief Judge Irizarry:

  The government respectfully submits this letter to request the Court's permission to disclose victim materials to the defense on September 7, 2018, in a manner consistent with the approach outlined in the government's April 27, 2018 omnibus motions <u>in limine</u> (Motion ("Mot."), Dkt. No. 115), pending the Court's ultimate decision on the parties' motions <u>in limine</u>.

  As the Court is aware, the government moved <u>in limine</u>, for imposition of a protective order allowing victim witnesses to testify under pseudonyms, limiting disclosure of the actual names of the victim witnesses and testifying family members of victim witnesses to defense counsel only, and permitting the government to redact trial exhibits and witness statement disclosures referencing the actual names of the victim witnesses and family members, as well as other personal identifying information, and to replace these names with the pseudonyms used by the testifying witnesses. (<u>See</u> Mot. at 25-30). This motion remains pending before the Court. As the Court is further aware, the Court's March 16, 2017 protective order (Dkt. No. 39) permits the government to delay disclosure of materials provided by victim witnesses until no later than 120 days before trial.

  Based on the currently scheduled trial date of January 7, 2019, and pursuant to the March 16, 2017 protective order, the government will disclose victim materials to defense counsel no later than September 7, 2018. As the parties are presently awaiting the Court's rulings on the motions <u>in limine</u>, the government has proposed to the defense that: (1) no later than September 7, 2018, it will provide un-redacted victim materials to defense counsel for attorneys' eyes only, together with redacted materials for the defendant to review

in the presence of defense counsel only, and (2) it will modify the manner of disclosure of these materials, to the extent necessary, pursuant to the Court's eventual ruling on the government's motions in limine.  The defense has objected to this proposal.

The government believes that the approach outlined above will minimally prejudice the defense, in that defense counsel will be able to conduct effective investigations to obtain cross-examination material, while ensuring the safety of victim witnesses, many of whom have suffered violent reprisals by Rilin, and of their family members, many of whom continue to reside in China.

Accordingly, the government respectfully requests that the Court authorize the government to provide un-redacted victim materials to defense counsel for attorneys' eyes only, together with redacted materials for the defendant to review in the presence of defense counsel only, subject to the Court's eventual ruling on this issue.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:    /s/ Alexander A. Solomon
        Alexander A. Solomon
        Douglas M. Pravda
        Ian C. Richardson
        Nicholas J. Moscow
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Robert J. Cleary, Esq. (by ECF)
        Dietrich L. Snell, Esq. (by ECF)
        Brittany Benavidez, Esq. (by ECF)
        Clerk of Court (DLI) (by ECF)