

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

August 26, 2018

Dietrich L. Snell
Member of the Firm
d 212.969.3830
f 212.969.2900
dsnell@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Dora L. Irizarry
Chief United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Dan Zhong*
                 Criminal Docket No. 16-614 (DLI)

Dear Chief Judge Irizarry:

      We write in response to the government's letter of August 24, 2018 requesting permission to withhold certain information from the discovery the Court ordered the government to produce on September 7, 2018.  (Dkt. No. 143).  Although the government duly notes in its letter that the defense does not consent to the instant request, the Court should understand the basis for our objection.

      The schedule set by Your Honor at the June 20, 2018 conference calls for the government to make a *full disclosure* of all of the materials withheld by the government pursuant to the March 16, 2017 protective order (the "Protective Order Material") by September 7, 2018, 120 days before the January 7, 2019 trial date.  The government has failed to provide any justification for deviating from that plan.  The Protective Order Material – which the government has withheld from the defense for nearly two years – constitutes some of the most critical evidence in the case and undoubtedly will require extensive investigation by the defense team in the limited time left before trial.

      In its letter, the government renews its motion *in limine* for a protective order that would (1) permit alleged "victim" witnesses and their family members to testify using pseudonyms; (2) permit the government to redact from the Protective Order Material, trial exhibits and witness statement disclosures the witnesses' names and "other personal identifying information"; and (3) permit the government to produce two versions of the Protective Order Material – an unredacted version  designated "attorneys' eyes only" that could not be reviewed by Mr. Zhong or anyone outside defense counsel's legal team, and a redacted version with pseudonyms and redactions, which Mr. Zhong would be allowed to review only in the presence of counsel, and which counsel would be compelled to use when interacting with potential witnesses.  (Dkt. No. 115 at 22-26; Ex. B ¶¶ 3-5).  Because this unjustified arrangement simply cannot be squared with Mr. Zhong's fundamental right to prepare for trial, the defense has opposed the government's pending *in limine* motion.  (Dkt No. 119 at 15-19).

**Proskauer»**

The Honorable Dora L. Irizarry
August 26, 2018
Page 2

      Indeed, as detailed in Mr. Zhong's opposition, the defendant in a criminal case has a Sixth Amendment right to participate fully in crafting his defense, which includes participating in the investigation of any witnesses who may be called to testify against him. (*See id.*). The government's proposal would deprive Mr. Zhong of the ability to confer meaningfully with counsel about these crucial adverse witnesses in advance of trial, thereby impeding counsel's ability to conduct an effective investigation of the government's allegations and trenching upon Mr. Zhong's confrontation rights. For example, based on the government's proffered testimony, at least one "victim" whose name the government seeks to replace with a pseudonym is expected to testify about an alleged conversation the witness supposedly had with Mr. Zhong sometime in the distant past. (*See* Dkt. No. 115 at 3). Counsel cannot possibly prepare adequately to cross-examine this person regarding that conversation if prohibited from disclosing the witness's identity to Mr. Zhong or other potential defense witnesses.

      In its misguided effort to have the Court restrict Mr. Zhong's ability to defend himself, the government relies on nothing more than vague claims that unspecified victim witnesses have experienced "violent reprisals by Rilin" (but notably, *never by Mr. Zhong*) and — even less impressively — that their families "continue to reside in China." (Dkt. No. 143 at 2). Based on the government's own proffer, one or two acts of force against a worker allegedly were committed by unidentified China Rilin employees — *not* Mr. Zhong — in 2001 or 2002, at least eight years before the Indictment period. (*See* Dkt. No. 115 at 3). The government has made no showing of any actual threat, at any time — including during the pendency of the prosecution of Mr. Zhong — against any workers or workers' family members. Simply put, the government's mere generalities cannot begin to justify abrogating Mr. Zhong's constitutional rights, and the government's failure to cite any relevant authority to the contrary speaks volumes.

      Having succeeded in withholding such key evidence until 120 days before trial, the government already has materially compromised the defense's ability to prepare for trial. Much of the evidence at issue is in Chinese; critical witnesses are in China; and the defendant remains in pretrial detention. To grant the government's current request would only exacerbate the prejudice the defense already has suffered.

      Accordingly, for the reasons set forth herein and in Mr. Zhong's opposition to the government's motions *in limine* (Dkt. No. 119), the government's request should be denied. The government should be directed to produce all of the Protective Order Material, with translations, by September 7 as scheduled, and without any restriction placed on defense counsel's ability to confer with Mr. Zhong about that material.

      Respectfully submitted,

      */s/ Dietrich L. Snell*
      Dietrich L. Snell

cc:    AUSA Alexander A. Solomon (by ECF)
       AUSA Douglas M. Pravda (by ECF)
       AUSA Ian C. Richardson (by ECF)
       AUSA Nicholas J. Moscow (by ECF)