1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
                                      16-CR-614(DLI)
UNITED STATES OF AMERICA,
                                      United States Courthouse
                                      Brooklyn, New York

        -against-                     October 03, 2018
                                      10:00 a.m.
DAN ZHONG,

            Defendant.

------------------------------x

       TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
           BEFORE THE HONORABLE DORA L. IRIZARRY
              UNITED STATES CHIEF DISTRICT JUDGE

APPEARANCES

For the Government:       UNITED STATES ATTORNEY'S OFFICE
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201
                          BY:  ALEXANDER SOLOMON, ESQ.
                               DOUGLAS PRAVDA, ESQ.
                               NICHOLAS MOSCOW, ESQ.
                               ELIZABETH MACCHIAVERNA, ESQ.
                          Assistant United States Attorneys

For the Defendant:        PROSKAUER ROSE LLP
                          Eleven Times Square
                          New York, New York 10036
                          BY:  ROBERT CLEARY, ESQ.
                               DIETRICH SNELL, ESQ.
                               BRITTANY BENAVIDEZ, ESQ.


Court Reporter:           Rivka Teich, CSR, RPR, RMR
                          Phone:  718-613-2268
                          Email:  RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

STATUS CONFERENCE

1         (In open court.)

2         THE COURTROOM DEPUTY: All Rise.

3         Criminal cause for status conference, docket

4    16-CR-614, United States versus Dan Zhong.

5         State your appearances.

6         MR. SOLOMON: Good morning, your Honor. Alex

7    Solomon, Doug Pravda, Nick Moscow for the Government. We're

8    joined by a member of the privileged team, Elizabeth

9    Macchiaverna. And I'd note the presence in the court of DOJ

10   Officer Harry Rucker.

11        THE COURT: Thank you. Good morning to everyone.

12        MR. CLEARY: Good morning, your Honor. Robert

13   Cleary for Mr. Zhong. Mr. Zhong is present in the courtroom

14   with an interpreter. Also appearing with me are my

15   colleagues, Mr. Snell and Ms. Benavidez.

16        THE COURT: Good morning to all of you. May we have

17   please the name of the Mandarin language interpreter?

18        THE INTERPRETER: Patsy Ong.

19        THE COURT: Good morning, Ms. Ong. Please

20   administer the oath to Ms. Ong.

21        COURTROOM DEPUTY: Raise your right hand. Do you

22   affirm you will well interpret the proceedings before the

23   Court?

24        THE INTERPRETER: I do.

25        THE COURT: Thank you. Just so the parties are

1    aware, the two gentlemen in the jury box are two of my law
2    clerks.
3           All right, so let me just give you an update because
4    there are a number of open motion matters that are before the
5    Court.  I have a draft on the Franks motion.  I'm hoping that
6    all of this -- and again, part of that decision may be filed
7    under seal, which makes it a little bit kind of trickier to
8    maneuver.  And I also have two separate drafts on the motion
9    in limines, those were dockets 115, 116, and 117.  The Court
10   had ordered additional briefing on the diplomatic immunity
11   question and that has been received.  The Court had
12   received -- first of all, I'm going to take it a little bit in
13   reverse order.
14          Recently, just about I think last week, the defense
15   filed a motion to take Rule 15 depositions.  There is no
16   response yet from the Government.  When is the Government
17   going to have a response?
18          MR. SOLOMON:  Yes, your Honor, we were preparing a
19   response.  We were hoping to file the response two weeks after
20   the initial filing date of the motion, which I think brings us
21   to October 9.
22          THE COURT:  Yes, because the 8th is a holiday.
23          MR. SOLOMON:  Yes.
24          THE COURT:  Do you want to have time to respond to
25   the Government's answer?

1        MR. CLEARY:  Yes, if we could have --

2        THE COURT:  You can remain seated.

3        MR. CLEARY:  If we can have one week, your Honor.

4        THE COURT:  That's fine.  All right, so the
5   Government's response to the Rule 15 deposition motion shall
6   be due October 9.  And then defendant's reply shall be due on
7   October 16.  That's one week.

8        I just need two hard courtesy copies.  I know
9   defense has been giving us three, I feel badly about the extra
10  trees being killed.

11       MR. CLEARY:  Your Honor --

12       MR. SOLOMON:  Your Honor, sorry to interrupt, just
13  on that motion, while we were preparing our opposition papers
14  yesterday we discovered that in order to effectuate and
15  overseas Rule 15 deposition either in Hong Kong or Dubai, as
16  suggested by defense counsel, defense counsel would have to
17  work with the State Department and file a letter of rogatory
18  with the host nation where the deposition would be taking
19  place.  We understand from the Office of International Affairs
20  that that process would likely take more than a year.  We've
21  advised defense counsel of this eventuality.

22       So it's possible, I don't want to box defense
23  counsel in, it's possible they may change the scope of their
24  request to be a request for videotaped depositions.  We'll
25  communicate with Mr. Cleary and find out what the exact

1  request will be in response to that.
2          THE COURT:  Why would that make a difference in
3  terms of the process?  I have had -- I've dealt with these
4  motions before in other cases where we've had witnesses from
5  other countries.  In one case, for reasons peculiar to that
6  case that I'm not certain are present here, I denied the Rule
7  15 motions.  That was a completely different case.
8          But in another case, the depositions were held by
9  videotape.  I know at least one other judge of this Court who
10 also did Rule 15 depositions that way by videotape.  So I do
11 know that it is a possible alternative.
12         But if you could just clarify for me, why that would
13 make a difference in terms of the procedure?  And kind of
14 reading between the lines, does this mean that then the
15 defense would not have to file a letter of rogatory with the
16 State Department?
17         MR. SOLOMON:  So Mr. Cleary and I had a discussion
18 this morning before coming in, I'm not sure if he would be
19 required to still file a letter of rogatory, even if he wants
20 to do a videotape deposition.  I don't have complete
21 information for the Court this morning.
22         THE COURT:  Okay.
23         MR. CLEARY:  Your Honor, I do have some information
24 on that.
25         THE COURT:  Yes.

STATUS CONFERENCE

1    MR. CLEARY:  Just from my personal experience
2 working in another DOJ criminal case.  We were permitted to
3 take depositions in Hong Kong.  The Government did not attend
4 physically, we had them videotaped in.  So they participated
5 that way.
6    And as far as we knew, there was no additional
7 burden put on the Government, additional clearance, that had
8 to be made.  We got the depositions taken very quickly there.
9    In order to do this we are going to need the
10 cooperation of the Government.  I have raised this issue with
11 them, to try to work this out cooperatively.  I feel it's in
12 everyone's best interest to reach an agreement on location,
13 time, ground rules, et cetera, and the Government just refused
14 to agree to any depositions.  It's just not going to work
15 here, your Honor.
16    THE COURT:  Okay.  There has been a real reticence
17 on the part of the Government here.  And quite frankly, it's
18 made certainly my job a little bit more difficult in deciding
19 some of the motions in limine, for example, because the
20 Government just isn't forthcoming.  And the Government has not
21 been cooperative.
22    There is an element of fairness.  Here the defendant
23 is entitled to prepare for trial.  The defendant certainly, if
24 they want to take Rule 15 depositions and I find that they are
25 relevant and material, then they are going to be permitted to

1    do that.

2             That assumes, I always assume in every case, not
3    just this one but in every case, that there is going to be a
4    level of cooperation among the parties on both sides in order
5    to move the case forward.  And can I note that October, on top
6    of being a month celebrating many and recognizing many things,
7    is also Professional Civility Month in the legal profession.

8             I am expecting the Government to cooperate and work
9    this out to the best of everybody's ability, or else you know
10   what, you're going to force the Court to inject itself into
11   the process, which truly should be worked out amicably by the
12   parties.  The same way that it's generally not a good thing if
13   a judge has to inject him or herself in a deposition process
14   in the civil sphere.  It's generally not a good thing.  The
15   Court's generally expect that the parties are able to work
16   things out professionally and amicably.

17            There is always the possibility as it happened, it
18   didn't happen in my case but I know that it happened in
19   another case in the Court, where it was also necessary for the
20   judge to participate in a deposition, which was I believe done
21   by video because of certain objections that were made.  In my
22   case I addressed the objections after the fact, then the video
23   was edited according to the rulings of the Court.  There are
24   options that are available, but the process is difficult
25   enough without injecting unnecessary lack of cooperation.

1       Mr. Solomon.

2       MR. SOLOMON: Yes, your Honor. I regret that remark
3  by Mr. Cleary. If anything, we've been extremely
4  accommodating. We have offered to help procure visas for
5  these individuals to travel to the states. I'm confident that
6  we'll continue our dialogue outside the courtroom to the
7  extent possible to figure something out.

8       But the Government does have serious issues with the
9  merits going forward with any Rule 15 deposition in a case
10 where the defendant's company procured the unavailability of
11 these witnesses and then --

12      THE COURT: You need to -- that's your response.
13 Then let me see the response to the motion and give me
14 information that I can work with, and not just conclusory
15 statements. I need some real information that I can base a
16 decision on, and not just some bald allegations.

17      MR. SOLOMON: That's what we plan to file in our
18 opposition brief on the 9th, your Honor, and provide the Court
19 with all the necessary information to make an informed
20 decision.

21      THE COURT: I'll take a look at the papers and
22 address that as soon as possible.

23      The Court also -- that brings me to the other matter
24 that is pending before the Court, an exparte letter from
25 defense counsel with respect to requesting to expand the scope

1   of the June 18 protective order to permit defense counsel to
2   show documents to certain potential witnesses in order to be
3   able to prepare them for trial.  I imagine that some of this
4   is relevant to the Rule 15 motion as well.  The letter was
5   filed exparte for defense counsel to explain the defense
6   strategy.  And I'm satisfied that there is a reasonable basis
7   for making the application in terms of a defense strategy.
8   And the documents that the defense would like to show these
9   potential witnesses fall into three different categories.
10          They are Rilan documents and e-mails from the
11  various Rilan entities, workers' travel documents, and
12  Government documents relating to the workers' visas.  I know
13  I'm short cutting everything, but in essence those are the
14  three different categories.
15          From what I can tell, from the samples that were
16  provided as exhibits, these do not appear to be victim
17  documents, as victims have been defined by the Government
18  these are additional witnesses.  So why should I not give the
19  defendant the -- grant the request that's been made by the
20  defendant?
21          MR. CLEARY:  If I may clarify on one point, a number
22  of these documents -- let me confirm this -- thank you.
23          The documents at issue, some relate to people that
24  have been designated by the Government as victims and some
25  relate to people who are not in that category.

1    THE COURT: All right. Either way, what is the
2 Government's position?
3    MR. SOLOMON: As this is an exparte application,
4 your Honor, I believe the Court is in the best position to
5 assess the merits. Obviously, we've made quite clear to the
6 Court and to the defense what our position is with respect to
7 the security concerns regarding certain documents. I think
8 the Court is best positioned to assess those concerns in the
9 context of the defense application.
10    THE COURT: As I alluded to a minute ago, the
11 Government's purported concerns over potential intimidation of
12 witnesses or whether there has already been intimidation or
13 threats made to witnesses has been conclusory. There have
14 been no specific examples that have been given to the Court in
15 order to really enable the Court to make the determination
16 that in fact such conduct has actually been committed.
17    So I'm going to allow counsel to show these
18 documents that are being requested in examining the witnesses
19 and the June 18 protective order is expanded accordingly.
20    MR. CLEARY: Thank you, your Honor. Just so we have
21 the right record date for the order, it's February 22, 2017.
22    THE COURT: I'm sorry, there was another ruling
23 later, yes.
24    So that brings us then to anything additional that
25 the parties would like to address today?

1 MR. SOLOMON:  Yes, your Honor.  I believe the last
2 matter outstanding is, as we informed the court  officer the
3 summer, we received search warrant returns or are receiving
4 search warrant returns pursuant to the CLOUD Act.
5 There have been two sets of warrants.  One of those
6 warrants has already gone through taint review.  We're in the
7 process of preparing production.  I informed Mr. Cleary this
8 morning there is a relatively small number of Chinese-language
9 documents, which we've already translated.  And we expect the
10 production to be relatively light.
11 As Ms. Macchiaverna will detail, there is a second
12 warrant to go through.  We're hoping the responsive materials
13 to the responsive warrant will be light in that as well.
14 THE COURT:  When will that be completed?
15 MS. MACCHIAVERNA:  The taint filter, filter review
16 of that second warrant, should be completed by October 19.
17 And just to note for the record, your Honor, we will
18 be producing the e-mails from that return that were sent to or
19 from the defendant by Monday.
20 There is one other additional piece of discovery --
21 THE COURT:  Just to be clear, the entirety of the
22 remaining discovery is expected to be to turned over to
23 defendant by when?
24 MS. MACCHIAVERNA:  The entirety of the remaining
25 discovery will be completed, the filter team will complete it

1   by October 19.  I anticipate that the Rule 16 review will be

2   able to proceed on a parallel track because we'll provide

3   non-privileged documents to the prosecution team on a rolling

4   basis.  I suspect it will not be completed simultaneously.

5              THE COURT:  When is the Rule 16 going to be done?

6              MR. SOLOMON:  So we will endeavor to turnover the

7   non-Chinese, the English-language documents, as soon as we

8   can.  Receiving them --

9              THE COURT:  Dates.  "As soon as we can," that's not

10  helping me.  I'm looking for dates.

11             MR. SOLOMON:  We'll endeavor to turn them over

12  within 30 days after receiving them from the privileged team,

13  that will include any translations of Chinese documents.

14             THE COURT:  So that will be by November 19.

15             MR. SOLOMON:  Correct, your Honor.

16             MR. CLEARY:  Your Honor, could we have for that

17  production to be done on a rolling basis?

18             THE COURT:  I think that's reasonable.

19             MR. CLEARY:  Thank you.

20             THE COURT:  Discovery will be done on a rolling

21  basis.

22             Anything else from the Government?

23             MR. SOLOMON:  Yes, one last thing, your Honor.  We

24  had previously discussed with the Court whether a hearing

25  would be necessary to assess the translations of certain

1  Chinese documents provided to the defense.  I'm happy to
2  inform the Court, I think the defense shares this view, to the
3  extent defense has provided us with errata, that errata has
4  been with respect to specific nits.  There haven't been
5  substantive disagreements, so we're confident and not need a
6  hearing.
7             MR. CLEARY:  We're in agreement.
8             THE COURT:  That's very good news.  I'm very happy
9  to hear that.
10            Anything else?
11            MR. SOLOMON:  Not from the Government.  Thank you.
12            THE COURT:  Okay.  Mr. Cleary?
13            MR. CLEARY:  Your Honor, I just had some questions
14 about trial procedure, I don't know if this is the appropriate
15 time to raise that.
16            THE COURT:  I think it's premature at this point in
17 time.  We'll have additional conferences before that.
18            I think if there is nothing else, I think it might
19 be a good idea -- I'm expected to start a three-week trial
20 October 15, but it might be a good idea to put this down for
21 an additional status conference, if the parties are available
22 November 13.
23            MR. CLEARY:  Fine with the defense.
24            THE COURT:  At 11, if that's good with everybody.
25            MR. SOLOMON:  One moment, your Honor.

1           THE COURT:  Of course.

2           MR. SOLOMON:  So I understand Ms. Macchiaverna will
3   be on trial that date.

4           THE COURT:  Is there anybody else?  Are you the only
5   person on the filter team?

6           MR. SOLOMON:  There is one other person.

7           THE COURT:  Can that person appear instead?

8           MR. SOLOMON:  We'll arrange for that person to
9   appear instead.  I understand Mr. Pravda will be on trial with
10  her, if you'll excuse his absence.

11          THE COURT:  That's fine.  Let's make that
12  November 13 at 11:00 a.m.

13          Any objection to the entry of the order of
14  excludable delay until then?

15          MR. CLEARY:  No objection.

16          THE COURT:  It's entered on consent.  Also in the
17  interest of justice in light of what we discussed here today.

18          I am very hopeful, as I said, already a number of
19  the drafts are done, and I'm hopeful that long before the
20  November date you will have a decision on the motions, the
21  written decisions on those motions.  Thank you all very much.

22                   *     *     *     *     *

I certify that the foregoing is a correct transcript from the
23  record of proceedings in the above-entitled matter.

24  Rivka Teich, CSR RPR RMR FCRR
    Official Court Reporter
25  Eastern District of New York