```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,                 :
                                          :
                                          :
         -against-                         :
                                          :        **SUMMARY ORDER**
                                          :
DAN ZHONG,                                :        16-cr-614 (DLI)
                                          :
         Defendant.                        :
----------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Defendant Dan Zhong ("Defendant") currently awaits trial on charges arising out of his alleged involvement in a forced labor conspiracy. On April 27, 2018, the government filed a brief containing eight motions in limine (collectively, the "Government's Motions *in Limine*"). First Mot. *in Limine* ("Gov't Mot."), Dkt. Entry No. 115. Defendant opposed the Government's Motions *in Limine* on May 11, 2018. Mem. in Opp. ("Def.'s Opp."), Dkt. Entry No. 119. The government filed its reply to the Government's Motions *in Limine* on May 18, 2018. Reply to Resp. ("Gov't Reply"), Dkt. Entry No. 124. This order addresses one of the Government's Motions *in Limine*, the government's motion to permit victims of the alleged forced labor conspiracy to testify using pseudonyms. The Court will address the remainder of the Government's Motions *in Limine* in a separate written decision.

This Order is written for the benefit of the parties and familiarity with the underlying facts, circumstances, and issues is presumed.

## DISCUSSION

**I.      Legal Standard**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2

(1984); see also *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). A judge is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling," particularly in the event that, "when the case unfolds . . . the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

## II. Witness Pseudonyms

The government requests that the victims of the alleged forced labor conspiracy be permitted to testify using pseudonyms. Gov't Mot. at 22-26. Specifically, the government seeks a protective order that would: (1) permit victim witnesses to testifying without revealing identifying information, including their true names; (2) require the government to provide the defense with the witnesses relevant criminal history and immigration information pursuant to the Jencks Act, 18 U.S.C. § 3500 ("3500 material"); (3) limit the disclosure of the actual names of the victim witnesses and testifying family members of victims to defense counsel only; and (4) permit the government to redact witnesses' personal identifying information from trial exhibits and witness statement disclosures, and replace names with pseudonyms. *See* Gov't Mot. at 22-23.

The government's proposed protective order also permits the government to delay (i) the production of any materials provided by the victims to the government until 120 days before trial and (ii) any Jencks Act and *Giglio* materials until one month before trial. *Id.* at Ex. B, ¶ 2. The government submits that, without the use of pseudonyms and the protection of victims' identifying information, the victims and/or their families potentially face reprisals for their testimony. *Id*. at 25. Defendant opposes the government's motion, arguing that the protective order that the government requests would "infringe upon [Defendant]'s right to confront witnesses against him, and would stymie the defense's effort to conduct a meaningful investigation of the relevant

witnesses and events." Def.'s Opp. at 16.  The Government's motion is granted as the Court finds that the proposed protective order would not impinge upon Defendant's Sixth Amendment rights.

The Sixth Amendment's Confrontation Clause guarantees defendants the right to cross-examine adverse witnesses.  U.S. Const. amend VI.  However, "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . the witness' safety."  *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).  "[T]he court may properly allow the government to withhold the identity of persons who have furnished information of criminal activities to law enforcement officials where there is a legitimate concern for the safety of the informant."  *Morgan v. Bennett*, 204 F.3d 360, 367 (2d Cir. 2000) (citing *Roviaro v. United States*, 353 U.S. 53, 59-62 (1957) and *United States v. Napolitano*, 761 F.2d 135, 139 (2d Cir.), *cert. denied*, 474 U.S. 842 (1985)).  In some circumstances, where "the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the [informer's] privilege must give way."  *Roviaro*, 353 U.S. at 60-61.  "[T]he court must balance[e] the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.* at 62.  The Second Circuit requires the disclosure of a confidential witness' testimony when it is material to the defense.  *Vega v. Walsh*, 258 Fed. App'x. 356, 359 (2d Cir. 2007) (summary order) (citing *DiBlasio v. Keane*, 932 F.2d 1038, 1041-42 (2d Cir. 1991)).

Here, Defendant's need for the identity of the victim witnesses does not outweigh the concerns raised as to the safety of those witnesses.  The proposed protective order authorizes the government to use pseudonyms and redact identifying information; but it does not permit the government to withhold substantive information about those witnesses that Defendant may rely upon during cross-examination.  It will be the obligation of the government, under these

circumstances, to run criminal background checks on all their witnesses shortly prior to trial for disclosure with other 3500 material. The witness' true names and identities are immaterial to Defendant's guilt or innocence.

## CONCLUSION

For the foregoing reasons the government's motions *in limine* seeking a protective order permitting alleged victims of the forced labor conspiracy to testify using pseudonyms is granted.

SO ORDERED.

Dated: Brooklyn, New York
November 26, 2018

/s/
DORA L. IRIZARRY
Chief Judge