UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - ------ - - -x

UNITED STATES OF AMERICA                                          **PROTECTIVE ORDER**

     - against -                                                         **16-CR-614 (DLI)**

DAN ZHONG,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - ----- - - - -x

**DORA L. IRIZARRY, Chief United States District Judge:**

        IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.      Victim witnesses and family members of victim witnesses (the "Victims") may testify at trial using pseudonyms and without revealing their names, home or work addresses, or dates and places of birth;

        2.      Pursuant to the Protective Order issued by the Court on March 16, 2017 and Federal Rule of Criminal Procedure 16(d), the government will provide to the defense four months prior to trial any documents or other materials provided by the Victims to the government in redacted form.  In addition to these documents or materials, the government will also provide, no later than one month before trial, Jencks Act and Giglio material for the Victims.  Such material will include relevant criminal information, to the extent any exists, as well as impeachment materials from the witnesses' U.S. immigration files.  These materials collectively (the "Victim Materials") will be designated as Sensitive Discovery Material, pursuant to the Court's protective order dated February 22, 2017;

        3.      The government will provide two versions of Victim Materials to the defense—one containing the personal identifying information of the Victims (the "Unredacted Victim Materials") and one containing redactions of such information with substitute pseudonyms

1

to be used by the Victims during their trial testimony (the "Redacted Victim Materials").  Only the Redacted Victim Materials shall be used in any pretrial evidentiary hearing or at trial;

4. The Unredacted Victim Materials will be marked with the words "ATTORNEYS' EYES ONLY" or otherwise designated in production letters.  The Unredacted Victim Materials may be reviewed only by defense counsel and paralegals, law clerks, experts, and assistants for defense counsel, all of whom shall sign Attachment A to indicate that they have reviewed and will abide by the terms of this Protective Order.  The Unredacted Victim Materials may not be disseminated to or reviewed by the defendant or any other person not authorized by this paragraph to review these materials;

5. The Redacted Victim Materials shall not be disseminated to the defendant, and may be reviewed by the defendant only while in the presence of defense counsel;

6. The Victim Materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Second Circuit or Supreme Court of the United States;

7. None of the Victim Materials nor any copies, notes, transcripts, documents or other information derived or prepared from the Victim Materials or Victim Materials shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to refer to or to attach any portion of the Victim Materials in public filings made with the Court, defense counsel must provide advance notice to the government and, unless the government consents to the disclosure, make application to the Court for authorization to make such disclosure,

and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure, except that the requirements of advance notice to the government and application to the Court for authorization to make such disclosure shall not apply to the use of Redacted Victim Materials at pretrial evidentiary hearings or at trial or where all documents referring to, attaching or consisting of Victim Materials are filed under seal;

8.      Nothing in this Protective Order in any way releases counsel for the government or defense counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

9.      If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the Victim Materials or any copies, notes, transcripts, documents or other information derived or prepared from the Victim Materials unless and until substitute counsel enters into this Protective Order;

10.      Any violation of this Protective Order, as determined by the Court, will require, in addition to any other sanction deemed appropriate by the Court, the immediate destruction of or return to the United States of the Sensitive Discovery Material and all copies thereof.

SO ORDERED.

Dated: Brooklyn, New York
        November 26, 2018

_____/s/_____
            DORA L. IRIZARRY
            CHIEF JUDGE

3

Attachment A to Protective Order

I have read the attached Protective Order in the matter of <u>United States v. Dan Zhong</u>, No. 16-CR-614 (DLI), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature | Date Signed |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |