UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
                                             :
           -against-                         :        **REDACTED**
                                             :     **MEMORANDUM & ORDER**
                                             :
DAN ZHONG,                                   :        16-cr-614 (DLI)
                                             :
                    Defendant.               :
------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

Defendant Dan Zhong ("Defendant") currently awaits trial on charges arising out of his alleged involvement in a forced labor conspiracy. On March 9, 2018, Defendant moved for an order granting an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), asserting that the affidavit submitted in support of an application for a warrant to search an email address associated with Defendant contains deliberate or reckless material representations. *See* Def.'s Mem. of Law in Supp. of Def.'s Mot. for a *Franks* Hearing (the "*Franks* Mot.") filed under seal,[1] Dkt. Entry No. 108. On March 30, 2018, the government opposed the motion. *See* Gov't Mem. of Law in Opp'n to Def.'s Mot. for a *Franks* Hearing ("Gov't Opp'n") filed under seal, Dkt. Entry No. 111. The government's opposition includes exhibits filed *ex parte* and under seal for the Court's *in camera* review. *See* Exs. 2, 4, 6-27 to the Gov't Opp'n filed under seal and *ex parte*, Dkt. No. 111-4. On April 16, 2018, Defendant replied. *See* Def.'s Reply Mem. of Law in Further Supp. of Def.'s Mot. for a *Franks* Hearing ("Def.'s Reply") filed under seal, Dkt. Entry No. 113. For the reasons set forth below, Defendant's motion is denied.

---

[1] The parties filed their submissions under seal because the information contained in the submissions is subject to a Protective Order dated March 21, 2017. *See* Dkt. Entry No. 39.

# BACKGROUND

On July 12, 2016, the government obtained a search warrant for two email accounts, including zhongdan515@msn.com, an email address associated with Defendant ("Zhong Email Account"). *See* Ex. C ("July 12, 2016 Warrant") to the Decl. of Dietrich L. Snell in Supp. of the *Franks* Motion ("Snell Decl.") filed under seal, Dkt. Entry. No. 108-2. The July 12, 2016 Warrant authorized the seizure of all information "that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. §§ 201, 371, 666, 1343, 1349, 1351, 1512, 1519, 1546, 1952" by Defendant and others, including:

> Documents, records, and information relating to the [REDACTED]; conspiracy to procure visas by means of false and fraudulent statements and to use foreign nationals to work on construction projects without legal authorization; [REDACTED]; recruitment, solicitation, and hiring of persons outside the United States by means of materially false or fraudulent pretenses, representations or promises regarding employment; [REDACTED]; a scheme or artifice to defraud; obtaining of money or property by means of false or fraudulent pretenses, representations, or promises; and travel in interstate and foreign commerce with intent to distribute the proceeds of any unlawful activity and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity.

*See* July 12, 2016 Warrant at Attach. B2. The government submitted an affidavit (the "Affidavit") of Jill S. Goeckner, a Special Agent with U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("the Affiant"), in support of its application for the July 12, 2016 Warrant. *See* Ex. A ("Aff.") to the Snell Decl. filed under seal, Dkt. Entry No. 108-1; Ex. 2 to the Gov't Opp'n filed under seal and *ex parte*, Dkt. Entry No. 111-4.[2] With permission from the Court, and pursuant to a Protective Order, the government produced a redacted version of the Affidavit to

---

[2] While the Affidavit is sealed pursuant to the Protective order, some information contained in the Affidavit is available in publicly available filings on the docket and discussions held in open Court. Accordingly, the Court does not see the need to redact those portions of the Affidavit from this Memorandum and Order. The Court redacts the information from the Affidavit that is not publicly available and subject to a protective order.

defense counsel on July 12, 2017. *See* Gov't Letter Regarding Rule 16 Disc., Dkt. Entry No. 58. The government has since produced more limited redactions of the Affidavit for defense counsel's review containing only two paragraphs of redactions unavailable to defense counsel. *See* Order Granting in Part and Denying in Part Gov't Mot. for Protective Order, Dkt. Entry No. 82.[3]

The Affidavit describes the investigation of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ conspiracy to commit visa fraud, ▮▮▮▮▮▮▮▮▮▮▮▮ fraud in connection with labor trafficking, wire fraud, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ interstate and foreign travel to engage in unlawful activity, and conspiracy to commit the foregoing offenses." Aff. at ¶ 5. According to the statements sworn to by the Affiant, China Rilin Construction Group Co. Ltd. ("China Rilin") is a construction business owned by codefendant, Landong Wang ("Wang") and based in the People's Republic of China ("PRC") that employs PRC nationals to perform construction work on PRC governmental facilities in the United States. *See* Aff. at ¶ 6. China Rilin construction workers who are PRC nationals enter the United States pursuant to A-2 or G-2 visas issued by the U.S. Department of Justice. *See* Aff. at ¶ 10. Several U.S.-based business entities exist as alter egos and instrumentalities of Wang and China Rilin. *See* Aff. at ¶ 7. Defendant is listed in New York State Department records as the chief executive officer of one of the U.S.-based businesses, U.S. Rilin Corp. ("U.S. Rilin"). *See* Aff. at ¶ 8.

The Affidavit further alleges that, during the summer and fall of 2015, construction workers admitted to the United States pursuant to visas issued by the United States Department of Justice for the sole purpose of performing construction work on PRC government facilities instead performed private contracting work at other sites not owned by the PRC. *See* Aff. at ¶¶ 10-11.

---

[3] After an *in camera* review of the unredacted Affidavit, the Court determined that the two paragraphs remaining under seal would have no effect on Defendant's ability to make the instant motion. *See* Nov. 9, 2017 Summary Order. Dkt. No. 82 at 2.

3

The Affidavit further asserts that an investigation has revealed evidence [of a criminal offense.]

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ *See* Aff. at ¶ 12.

Finally, an investigation has revealed evidence [of a criminal offense.] ████████████

███████████████████████████████████████████████████████████

████████████ *See* Aff. at ¶ 13.

On December 1, 2016, a grand jury in the Eastern District of New York returned and an indictment charging Defendant and Wang[4] with: (1) conspiracy to commit forced labor in violation of 18 U.S.C. §§ 1589(d), 1594(b), and 3551; (2) forced labor in violation of 18 U.S.C. §§ 1589(a), 1589(b), 1589(d), 2, and 3551; (3) concealing passports and immigration documents in connection with forced labor in violation of 18 U.S.C. §§ 1592(a), 2 and 3551; (4) conspiracy to commit alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and 18 U.S.C. § 3551; and (5) conspiracy to commit visa fraud in violation of 18 U.S.C. §§ 1546(a), 371, and 3551. *See* Indictment, Dkt. Entry No. 20.

## DISCUSSION

### I. Legal Standard

Under *Franks v. Delaware*, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks,* 438 at 155-56. "The *Franks* standard is a high one." *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991). "Affidavits supporting search warrants are

---

[4] Wang fled prosecution and currently is a fugitive. *See* Tr. of Arraignment, Dkt. Entry No. 7 at 11-12.

presumed to be valid." *United States v. Patterson*, 135 Fed. App'x 469, 472 (2d Cir. 2005) (citing *Franks*, 438 U.S. at 171). "*Franks* does not require that all statements in an affidavit be true; it simply requires that the statements be 'believed or appropriately accepted by the affiant as true.'" *United States v. Campino*, 890 F.2d 588, 592 (2d Cir. 1989) (quoting *Franks*, 438 U.S. at 165).

To prevent fishing expeditions, the Court in *Franks* held that, in order to mandate an evidentiary hearing:

> [T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or in their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Franks*, 438 U.S. at 171.

However, satisfaction of these requirements does not end the Court's inquiry to determine whether a hearing is warranted. "[I]f these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.*, at 171-72. "A judge's probable-cause determination is not overly strict." *United States v. Martin*, 426 F.3d 68, 74 (2d Cir. 2005). A probable cause determination requires a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Klump,* 536 F.3d 113, 119 (2d Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (internal editing and quotation marks omitted).

## II. <u>Analysis</u>

Defendant contends that the Affidavit contains deliberate or reckless material

5

misstatements that undermine the issuing judge's probable cause finding. Specifically, Defendant contends that the Affidavit contains four false statements concerning the Zhong Email Account, *i.e.*, that: (1) U.S. Rilin, among other named entities, does not appear to "engage in any legitimate business but rather exist[s] for the sole purpose of enabling China Rilin to funnel funds into the United States and to distribute those funds through corporate shell companies in a manner that masks China Rilin's involvement." *See* Aff. at ¶ 7; (2) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Aff. at ¶ 54; (3) Defendant, on behalf of U.S. Rilin, signed a 2015 H-1B visa application for an individual named ▇▇▇. *See* Aff. at ¶ 66; and (4) Defendant "submitted and signed" fraudulent visa applications. *See* Aff. at ¶ 63.

Defendant further alleges that the Affidavit contains additional misrepresentations, including the statement that federal agents conducted an English language interview of Wang, a native Mandarin speaker who neither speaks nor understands English. *See* Aff. at ¶ 18. Defendant argues that absent the false statements, the Affidavit fails to establish the existence of probable cause to search the Zhong Email Account.

The government contends that: (1) the Affidavit contains no false statements concerning Defendant; (2) any alleged misstatements were not made intentionally or recklessly; and (3) any alleged misstatements were immaterial to the issuing Court's probable cause determination. *See generally,* Gov't Opp'n.

First, Defendant argues that, contrary to the assertions in the Affidavit, U.S. Rilin is a legitimate New York-based real estate and construction management company. *See Franks* Mot. at 7. Defendant points to U.S. Rilin business records to support his argument, including a New

6

York certificate of incorporation and New York City Department of Buildings work permits for a construction project at 304 Fifth Avenue. *Id.* at 17-18; Exs. E-I, K-P to the *Franks* Mot. filed under seal, Dkt. No. 108-2. The government does not dispute that U.S. Rilin engages in construction work or keeps business records, but maintains that the government's investigation revealed that U.S. Rilin does not appear to engage in any *legitimate* business. *See* Gov't Opp'n at 17-19. Instead, the Affiant stated that U.S. Rilin "functions for the sole purpose of enabling China Rilin to funnel funds into the United States and disburse those funds in a way that masks China Rilin's involvement." *Id.* at 18 (quoting Aff. at ¶ 7). The government supports the Affiant's statement through references in the Affidavit to information from confidential sources doubting the legitimacy of the income and cash flow for U.S. Rilin and other entities associated with China Rilin. *See* Gov't Opp'n at 18-19; Aff. at ¶ 41. Thus, the Court finds that the Affidavit includes sufficient evidence to support the Affiant's belief that U.S. Rilin did not appear to engage in any legitimate business. *See Campino*, 890 F.2d at 592 (affirming the denial of a *Franks* hearing where an affidavit contained sufficient evidence to support the affiant's belief). The Court further finds that Defendant has failed to demonstrate that the Affiant's statement was deliberately or recklessly false.

Second, Defendant contends that, because Defendant's own search of the Zhong Email Account did not reveal a ▮▮▮▮▮▮▮ email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the Court should presume that the Affiant's statements regarding that email are false. *See Franks* Mot. at 7-8. Defendant also contests the Affiant's statement that an underlying email was forwarded to another email account and copied the Zhong Email Account, because, according to Defendant, that underlying email was not sent directly to the Zhong Email Account. *See Franks* Mot. at 18. The government attached

7

to its opposition papers the ▮▮▮▮▮ email discussed in the Affidavit for the Court's *in camera* review. *See* Ex. 4 to the Gov't Opp'n filed under seal and *ex parte*, Dkt. Entry No. 111-4. Pursuant to that *in camera* review, the Court finds that the Affiant's statement that an underlying email forwarded to another email account, which was copied to the Zhong Email Account is not recklessly false or misleading.[5]

Third, Defendant contends that, contrary to the assertions in the Affidavit, Defendant did not sign an H-1B visa application for ▮▮▮▮. *See Franks* Mot. at 6. In support of its contention, Defendant points to ▮▮▮▮'s U.S. Department of State nonimmigrant visa application that lists Defendant as ▮▮▮▮'s employer, but contains no signature and lists ▮▮▮▮▮ as the location of submission. *See Id.*; Ex. D to the Snell Decl. filed under seal, Dkt. Entry No. 108-2. In response, the government attached an H-1B petition letter and I-29 petition forms signed by Defendant on March 31, 2014. *See* Ex. 3 to the Gov't Opp'n filed under seal, Dkt. Entry No. 111-2. The Affidavit states that an "investigation has revealed that ▮▮▮▮ . . . was . . . sponsored for an H-1B visa in a 2015 application signed by [Defendant] on behalf of U.S. Rilin." Aff. at ¶ 66. The government submits that the H1-B petition on behalf of U.S. Rilin for ▮▮▮▮ was approved in 2014, but ▮▮▮▮ was still required to apply for the H-1B visa in a separate application. *See* Gov't Opp'n at 14, n.2. According to the government, ▮▮▮▮ received her H1-B visa in 2015. *Id*. The statement in the Affidavit refers to the H-1B petition signed by Defendant, not ▮▮▮▮'s nonimmigrant visa application as Defendant erroneously suggests. Defendant describes the Affiant's characterization of the H1-B petition letter and I-29 forms as "an application" as "false." *See* Def.'s Reply at 4. However, Defendant's conclusory arguments fail to demonstrate that the Affiant's use of the word "application," instead of "petition," was made to mislead "knowingly or

---

[5] The Court takes no position at this time as to the apparent dispute between the parties regarding the production of a ▮▮▮▮ email because the dispute is irrelevant to the instant motion.

8

intentionally," or "with reckless disregard for the truth." *See Franks*, 438 U.S. 155-56. Whether the document was an application or petition is of no consequence as either document would have been submitted with the intent to obtain an H1-B visa for the individual in question.

Finally, Defendant argues that the Affiant's assertion that Defendant and others submitted and signed fraudulent visa applications in furtherance of the alleged visa fraud conspiracy is false because none of the visa applications at issue in this case was submitted or signed by Defendant. *See Franks* Mot. at 6. The Affidavit states that a review of visa applications submitted by China Rilin and its U.S.-based affiliates "has revealed that many of applications are likely fraudulent and were not actually intended or used for the purpose stated in the visa applications." Aff. at ¶ 63. The Affidavit asserts that Defendant and others submitted and signed many of the fraudulent applications. *Id.* In support of her statements, the Affiant referenced specific visa applications she believed were submitted fraudulently in furtherance of a visa fraud conspiracy, including the H1-B visa application submitted by Defendant for ▉. *See* Aff. ¶¶ 63-76.

Though Defendant argues that Defendant did not sign any of the visa applications at issue *in this case*, namely A-2 and G-2 visas, the statements in the Affidavit are not limited to A-2 and G-2 visa applications. *Id.* Instead, the Affiant references likely fraudulent visa applications, including the H-1B petition for ▉ signed by Defendant, as support for her belief of an overall visa fraud conspiracy. *See* Aff. at ¶¶ 63-76. Thus, the Affiant's statement regarding likely fraudulent visa applications is not recklessly false or misleading.

Defendant alleges that the Affidavit contains additional misrepresentations that do not specifically mention Defendant or the Zhong Email Account, but "undermine the credibility and veracity of the Affidavit when read as a whole." *See Franks* Mot. at 18. However, Defendant points only to a single additional alleged misrepresentation, *i.e.*, that federal agents interviewed

9

Wang in English. *Id.* at 18-19. The government concedes that the Affidavit incorrectly states that Wang spoke to federal agents in English. *See* Gov't Opp'n at 20. Instead, the government explains that an "Asian male who advised agents that he was a friend of Wang's and would translate for Wang" accompanied Wang. *Id.* (citing Aff. ¶¶ 18-20). During Wang's interview with federal agents, "Wang spoke occasional words in English, but principally relied on the translator." *Id*. A Report of Investigation discussing the interview with Wang, attached as a sealed, *ex parte* exhibit, confirms that Wang spoke to federal agents with the assistance of another individual serving as a translator. *See* Ex. 6 to the Gov't Opp'n filed under seal and *ex parte*, Dkt. No. 111-4. Though the Affiant's statement that Wang spoke to federal agents in English admittedly was erroneous, Defendant has failed to demonstrate that the statement was either material or anything more than "negligence or innocent mistake." *Franks*, 438 U.S. at 171 ("Allegations of negligence or innocent mistake are insufficient.").

Even assuming *arguendo*, the Affiant's misrepresentation regarding the Wang interview was intentional or reckless, Defendant has not shown that the falsehood was "necessary to the finding of probable cause." *Franks*, 438 U.S. at 156. That Wang spoke in Mandarin through a translator instead of in English is inconsequential to the substance of Wang's interview with federal agents described in the Affidavit. Aff. at ¶¶ 18-20. Even excluding the Affiant's statements regarding the Wang interview, there remains sufficient content in the Affidavit to support a finding of probable cause for the search of the Zhong Email Account.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion requesting a hearing pursuant to *Franks v. Delaware* is denied.

SO ORDERED.

Dated: Brooklyn, New York
November 26, 2018

/s/
DORA L. IRIZARRY
Chief Judge