

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

January 4, 2019

Robert J. Cleary
Member of the Firm
d +1.212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Ann M. Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Dan Zhong*
              Criminal Docket No. 16-614 (AMD)

Dear Judge Donnelly:

      We write in brief reply to the government's letter of January 3, 2019 concerning Mr. Zhong's pending motion for Rule 15 depositions. The government's continued opposition to a meritorious motion reflects an inexplicable attempt to forestall, at the cost of constitutional error, Mr. Zhong's defense against the charges that the government has brought.

      The testimony of the Witnesses goes right to the heart of the charges. This is a forced labor case. The Indictment alleges that through physical restraint the Workers were forced to work. In its motions in limine, the government asserts that it has evidence of such physical restraint as early as 2001. Seven of the Witnesses worked in the U.S. for some portion of the newly-truncated alleged physical restraint period through February 2011, and are alleged to be victims of the forced labor scheme. *Every single one* of them will forcefully deny ever being subjected to force or physical restraint or witnessing the same being used on others. Thus, that evidence is unquestionably material and exculpatory. Tellingly, the government does not even try to offer a counterargument. There is none.

      Moreover, the Witnesses directly refute the government's flawed legal conclusion that the employment contracts amounted to debt bondage, a term the government has never defined. The Witnesses' testimony will firmly establish that there was no debt bondage. All ten Worker-Witnesses will testify that they signed their employment contracts voluntarily and knowingly agreed to the contracts' terms and conditions. By definition, this means there was no debt bondage. As laid out in detail in the defendant's Reply Brief in support of the pending Motion to Dismiss, (Dkt. No. 181 at 5), an employment contract entered into voluntarily – even one involving the posting of collateral – cannot, as a matter of law, form the basis of criminal forced labor. *Panwar v. Access Therapies, Inc.*, 2015 WL 1396599, at *3 (S.D. Ind. Mar. 25, 2015) (employment contract containing $20,000 liquidated damages provision secured by promissory note did not violate forced labor statute where plaintiffs "voluntarily entered into the employment contracts"). The government's own cited-authority, Report of the Special Rapporteur on Contemporary Forms of Slavery, United Nations Human Rights Council, July 4,

**Proskauer»**

Hon. Ann M. Donnelly
January 4, 2019
Page 2

2016, U.N. Doc. A/HRC/33/46 at 4, makes this same point: *i.e.*, debt bondage is a form of forced service "for which the said person has not offered himself voluntarily." Apparently recognizing this legal impediment to its prosecution, the government tries to navigate around it by contending workers "were *forced* to pledge as collateral significant assets." (Dec. 11, 2018 Tr. at 9:8-14) (emphasis added). But the Witnesses' testimony will directly reject the government's contention of the use of force in the execution of the contracts or the posting of collateral. Thus, it is difficult to imagine evidence that could be any more exculpatory and material to the central issue in the case.[1]

<u>The Witnesses are unavailable</u>. The defense has done everything it can to secure the Witnesses' presence either in the United States or in the United Kingdom as alternatively proposed by the government. The Witnesses themselves (through counsel), not Mr. Zhong, have rejected both proposals. Contrary to the government's argument, the law does not authorize either the government or the Court to determine whether the Witnesses have sufficiently compelling reasons to refuse to travel to the U.S. They unequivocally have refused to come; the cases make clear that this ends the inquiry. They are unavailable for purposes of Rule 15. (*See* Def. Reply Br. (Dkt. No. 157) at 5). Moreover, there is simply no legal or factual basis to hold Mr. Zhong responsible for either the Witnesses' refusal to attend the trial, or China Rilin counsel's purported past inability to secure the appearance of workers in the grand jury.

<u>The Rule 15 logistics proposed by the defense are reasonable and workable</u>. The government's objection to conducting the depositions by videoconference amounts to another attempt to create an artificial roadblock to prevent Mr. Zhong from securing highly exculpatory testimony. As previously noted (Dkt. No. 157 at 3 n.2), courts have readily accepted Rule 15 depositions conducted by videoconference as a means to preserve trial testimony in criminal cases. *See, e.g.*, *United States v. Hayat*, 2017 WL 6539610, at *7 (E.D. Cal. Dec. 20, 2017) (ordering Rule 15 depositions taken by videoconference to address logistical and safety concerns raised by government regarding witnesses located in Pakistan); *United States v. Van de Weg*, Case No. 10-80157-CR-MARRA (S.D. Fla.) (Dkt. Nos. 86, 90, 91 and 92).

The defense will make arrangements with a U.A.E. law firm to host the depositions, document who is present in the room with each witness, and place before the witness any exhibits marked by either side and emailed to the law firm shortly in advance or even while the deposition is being conducted. As for the oath, a number of alternatives exist, including among others having the oath administered by a court reporter on stipulation of the parties or the Court

---

[1] The government's letter also ignores other aspects of the Witnesses' testimony that directly rebuts other prosecution theories, including the voluntary process by which Workers signed employment contracts and that Workers' passports were held in the United States for safekeeping, without any involvement by Mr. Zhong.

**Proskauer»**

Hon. Ann M. Donnelly
January 4, 2019
Page 3

commissioning a court reporter to administer the oath.  Simply put, the supposed logistical issues conjured up by the government are nothing but a makeweight.[2]

      The Rule 15 depositions that the defense seeks are absolutely "necessary to prevent a failure of justice" in this case.  *See United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001).  Nothing in the government's letter warrants a contrary conclusion.  This is a potentially outcome determinative issue.  For this reason, we request that the Court hear argument on the matter.

                                        Respectfully submitted,

                                        */s/ Robert J. Cleary*
                                        Robert J. Cleary

cc:    AUSA Alexander A. Solomon (by ECF)
          AUSA Douglas M. Pravda (by ECF)
          AUSA Ian C. Richardson (by ECF)
          AUSA Nicholas J. Moscow (by ECF)
          AUSA Craig R. Heeren (by ECF)

---

[2] The government's baseless expressions of concern for the reliability of the Witnesses' testimony and its complaints about the absence of "reciprocal discovery" find no place at all in the well-established Rule 15 analysis.