Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 25, 2019

Robert J. Cleary
Member of the Firm
d +1.212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Ann M. Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Dan Zhong*
               Criminal Docket No. 16-614 (AMD)

Dear Judge Donnelly:

      I write pursuant to Your Honor's January 23 Order to provide the Court with a further update concerning the parties' efforts to stipulate to the testimony of witnesses who are the subjects of Mr. Zhong's pending motion for Rule 15 depositions. We had hoped to report today that the parties had successfully concluded their negotiations on the defense's proposed stipulations. While the parties are still making progress on a number of fronts, yesterday the government introduced a new issue into the discussions that will require additional time to resolve. Accordingly, we are requesting some additional time to allow the discussions to continue.

      During a telephone call yesterday afternoon, the government informed us that it was still working through the six outstanding draft stipulations previously provided by the defense (three of which have already been through two sets of constructive revisions by the parties).[1] The government also advised defense counsel that an alleged victim of the forced labor charges that the government intended to call at trial was too ill to testify, either at trial or in a Rule 15 deposition.[2] As a result, the government requested that the defense consider stipulating to the use of the witness's grand jury testimony as trial testimony. In furtherance of this request, the government provided us with the witness's grand jury testimony and 3500 material. The government further stated that it considers its new proposal to be part of the negotiations involving the defense's proposed Rule 15 witness stipulations.

      Defense counsel reviewed the material concerning the government's stipulation request. In a call at noon today, we explained that we could not stipulate to the introduction of the

---

[1] In addition, as reported in our letter to the Court of January 23, 2019, the parties have agreed in principle as to two of the defense's proposed stipulations.

[2] At the status conference on January 10, 2019, the government referenced the possibility that it might move to take a Rule 15 deposition of this individual. It has not filed such a motion.

**Proskauer»**

Hon. Ann M. Donnelly
January 25, 2019
Page 2

witness's grand jury testimony at trial because that testimony is unclear, incomplete or inaccurate on certain material points, and inconsistent with the 3500 material on others. At the government's request, we provided illustrations of these shortcomings. As a possible solution, we suggested that the government prepare a proposed testimonial stipulation that would address the specific issues we raised. The government undertook to draft such a proposed stipulation and, in addition, to provide comments on the six remaining proposed defense stipulations. The defense urged the government to decouple its new request for a government witness testimonial stipulation from the negotiations of the defense's proposed stipulations, which have been constructively underway for two weeks. At the conclusion of the call the government reiterated its position that it considers the two issues to be part of the same negotiation.

Shortly before filing this update, we received from the government a proposed stipulation concerning the testimony of the its witness as well as the government's comments on the outstanding proposed defense stipulations. We have not yet had time to meaningfully review these documents.

The defense will consider in good faith the government's proposed stipulation. However, the request raises significant Confrontation Clause issues that will need to be fully discussed with Mr. Zhong before any agreement can be reached. Of course, the defense's proposed stipulations do not implicate any constitutional concerns. Thus, we believe the two issues are entirely separate and should remain so. We intend to continue to discuss these matters with the government through the weekend. However, because we have just received the government's proposed testimonial stipulation and because we understand the MDC has eliminated weekend visiting hours due to staffing issues, we will not be able to meet with our client and meaningfully discuss the Confrontation Clause issues raised by the stipulation requested by the government until early next week.

Accordingly, we request that the Court order the parties to provide a further update by Tuesday, January 29, 2019.

Respectfully submitted,

*/s/ Robert J. Cleary*
Robert J. Cleary

cc:  AUSA Alexander A. Solomon (by ECF)
     AUSA Ian C. Richardson (by ECF)
     AUSA Craig R. Heeren (by ECF)