AAS/ICR/CRH
F. #2015R01787

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                  Docket No. 16-CR-614 (AMD)

DAN ZHONG,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## THE GOVERNMENT'S MEMORANDUM OF LAW
## IN OPPOSITION TO THE DEFENDANT'S MOTIONS *IN LIMINE*

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Alexander A. Solomon
Ian C. Richardson
Craig R. Heeren
Assistant U.S. Attorneys
    (Of Counsel)

TABLE OF CONTENTS

I. The Court Should Deny The Defendant's Motion Regarding Pre-2010 Evidence of The Defendant's Criminal Conspiracy ................................... 1

II. The Court Should Deny The Defendant's Motion To Preclude Evidence Of His Obstructive Conduct ........................................................................... 4

CONCLUSION ....................................................................................................................... 5

The government writes in response to the defendant's pretrial motions in limine, dated February 4, 2019 (ECF No. 198) (under seal) ("Def.'s Mot."). The defendant asks the Court to preclude admission of (1) evidence of the defendant's criminal conduct that occurred prior to 2010 and (2) evidence of the defendant's telephone calls while incarcerated. Both requests should be denied. Chief Judge Irizarry carefully considered these issues and ruled in favor of the government more than two months ago. See Nov. 26, 2018 Order at 3-4 (ECF No. 167) (granting motion for protective order related to victim identity) ("Protective Order Ruling"); Nov. 26, 2018 Order at 6-13, 15-17 (ECF No. 170) (granting (i) motion to use pre-2010 conduct as direct evidence of defendant's involvement in criminal conspiracy and (ii) motion to present evidence of obstructive conduct to show consciousness of guilt) ("Motion Ruling"). This is a third attempt (after the defendant's original briefing and the subsequent motion for reconsideration that was denied by this Court) to relitigate settled matters and should be denied on that basis alone. The first motion should also be denied because the government agrees to allow the defendant to know the names of the victim witnesses at issue.

I. The Court Should Deny The Defendant's Motion Regarding Pre-2010 Evidence of The Defendant's Criminal Conspiracy

The defendant moves to preclude the testimony of witnesses who were victimized by the defendant's criminal activities prior to 2010. See Def.'s Mot. at 1-6. The defendant claims the evidence is unduly prejudicial and that they have been unable to conduct an effective investigation. These claims are without merit.

The government expects to introduce evidence of several victim employees who were forced to labor by the defendant and his co-conspirators or who suffered harm or threats of harm due to their relationship with victim employees who stopped working for the defendant and his co-conspirators and escaped from their control. Some of those witnesses were employed prior

to 2010, during a period of time when the defendant was an accredited diplomat. In April and May 2018, the defendant moved to exclude victim-related evidence from the pre-2010 period. See Def.'s Mot. Def.'s Mot. at 1-5 (ECF No. 116) (under seal); Def.'s Opp. to Mot. at 4-9 (ECF No. 119). The defendant also opposed the use of pseudonyms by victims, as proposed by the government, in part because it would "stymie the defense's effort to conduct a meaningful investigation." Def.'s Opp. to Mot. at 15-19.

In a thoroughly reasoned order, Chief Judge Irizarry held that "the government may admit evidence of Defendant's acts while he was an accredited diplomat as direct evidence, and to prove Defendant's intent, planning, and knowledge of the alleged forced labor conspiracy." Motion Ruling at 12. Specifically, the Chief Judge noted the relevance of proof "that Defendant's coercive techniques and practices as a China Rilin employee were the same as those Defendant used as president of U.S. Rilin during the charged conspiracy," and also agreed that evidence related to the "kidnapping and abduction of victim laborers" was both relevant and not unduly prejudicial.[1] Id. at 12-13. As to the use of pseudonyms, Chief Judge Irizarry likewise ruled against the defendant, and held that "the Defendant's need for the identity of the victim witnesses does not outweigh the concerns raised as to the safety of those witnesses." Protective Order Ruling at 3-4 (also ruling that "[t]he witness' true names and identities are immaterial to Defendant's guilt or innocence"). The defendant moved to reconsider both of these rulings. See Def.'s Mot. for Reconsideration at ECF No. 176 at 8-14 (under seal). The Court denied that motion. See Jan. 10, 2019 Minute Entry. The defendant has offered nothing new in the present motion, and therefore the motion should again be denied.

---

[1] Indeed, Chief Judge Irizarry found the relevance as direct evidence so clear that she found it unnecessary to explore the ways in which the evidence could also be used as "other acts" evidence under Rule 404(b). See Motion Ruling at 12-13.

In any event, the motion also fails on its merits. The government provided the defendant's counsel with both unredacted and redacted copies of discovery pertaining to the victims in September 2018. Counsel has known the identities of most of the victims for six months and, as the protective order granted by Judge Irizzary reflects, could have allowed the defendant to review redacted versions of the same documents in their presence.

The defendant relies most heavily on material turned over pursuant to Title 18, United States Code, Section 3500 (the "Jencks Act"). Pursuant to that statute, material produced pursuant to the Jencks Act need not be turned over "until said witness has testified on direct examination in the trial of the case." See 18 U.S.C. § 3500(a); United States v. Coppa, 267 F.3d 132, 145 n.10 (2d Cir. 2001) ("The Jencks Act was enacted to clarify that the Government need not disclose such statements to the defense until after the Government witness has testified against the defendant on direct examination in open court."). The majority of Jencks Act material was provided more than a month prior to trial to the defendant, and long before any witness' testimony, as a matter of courtesy. Setting aside the fact that this early disclosure provides the defendant's counsel with ample time to investigate and "develop lines of cross-examination," the defendant does not have a right to early access to Jencks Act material for this purpose. See United States v. Feola, 651 F. Supp. 1068, 1139-40 (S.D.N.Y. 1987) (denying motion for Section 3500 materials that defendant claimed was "necessary to prepare and present the defense").

In any event, the government has conferred with the victims who, notwithstanding their considerable and justified fears of reprisal against them and their families, will likely testify under their true names. The government therefore does not object to defense counsel identifying the victim's true names to the defendant in the course of their trial preparation and will produce

3

3500 material related to the victims with those victims' names left unredacted.[2]  Critically, these materials should still be treated as "Redacted Victim Materials," and therefore may only be reviewed by the defendant in the presence of defense counsel and not left in the defendant's possession at the Metropolitan Detention Center.  See Protective Order ¶ 5 (ECF No. 168).

II.  The Court Should Deny The Defendant's Motion To Preclude Evidence Of His Obstructive Conduct

The defendant also seeks to preclude the use of telephone calls made by the defendant from the Metropolitan Detention Center (the "MDC").  See Def.'s Mot. at 6-10.

Chief Judge Irizarry previously granted the government's motion to admit evidence of obstructive conduct by the defendant and his co-conspirators as evidence of consciousness-of-guilt.  See Motion Ruling at 15-17.  The defendant's telephone calls following his arrest, which could be fairly construed to reflect an attempt to hide or destroy evidence and otherwise obstruct the government's investigation, are precisely the type of evidence that may fairly be admitted to show the defendant's consciousness-of-guilt.  To mitigate any unfair prejudice that the defendant could suffer from the disclosure that he was in jail, the Court could give the jury a limiting instruction making clear that the jury is not to draw any inference that the defendant is guilty of the crime simply because he was held in custody.  See United States v. Sakoc, No. 2:13-CR-106, 2014 WL 7336079, at *6 (D. Vt. Dec. 22, 2014)  (denying motion to preclude defendant's jail calls and indicating that Court would give jury a limiting instruction if requested by defendant).

---

[2] Other sensitive personal identifying information, such as non-testifying family members' names and identification numbers, will remain redacted.

## CONCLUSION

For the reasons stated above, the Court should deny the defendant's motions.

Dated: Brooklyn, New York
       February 11, 2019

                                          Respectfully submitted,

                                          RICHARD P. DONOGHUE
                                          United States Attorney

By:    /s/ Craig R. Heeren
        Alexander A. Solomon
        Ian C. Richardson
        Craig R. Heeren
        Assistant U.S. Attorneys
        (718) 254-7000