

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 13, 2019

**By ECF**

Robert J. Cleary
Member of the Firm
d +1.212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

The Honorable Ann M. Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *United States v. Dan Zhong*
     Criminal Docket No. 16-614 (AMD)

Dear Judge Donnelly:

  I write on behalf of defendant Dan Zhong in brief response to two of the government's most recent filings.

  *First,* the government's opposition (Dkt. No. 202) to Mr. Zhong's motion *in limine* to preclude pre-indictment period testimony ignores the reality – as evidenced by the government's 3500 material and as noted in the defense brief – that *there is no evidence* connecting Mr. Zhong in any fashion to any of the violent acts alleged by two of the government's prospective witnesses. (*Id.* at 2-4).

  Further, although the government now states that it "does not object" to defense counsel sharing with Mr. Zhong the identities of the government's "victim witnesses" (*id.* at 1, 3), the protective order entered previously by Chief Judge Irizarry, at the government's behest, expressly prohibits such disclosure. (Dkt. No. 168). Accordingly, the defense respectfully requests that the Court amend the protective order to permit counsel to disclose the identities of all witnesses to Mr. Zhong.

  With respect to the defense's current motion to exclude the MDC tapes (Dkt. No. 202 at 6), the government incorrectly broadens the scope of Chief Judge Irizarry's decision granting the government's prior motion "to admit evidence of Defendant's and [co-defendant Landong] Wang's obstructive conduct to show Defendant's consciousness of guilt" generally. (Dkt. No. 170 at 17). Contrary to the government's description, Chief Judge Irizarry's opinion contains no discussion at all of the MDC tapes – for the simple reason that at the time the earlier motion was submitted, the government had not yet provided translations for all of the calls it intended to introduce at trial, either to the defense or the Court, as the defense duly noted in its opposition to that motion. (Dkt. No. 119 at 22). Thus, it is simply wrong for the government to represent to this Court that "Chief Judge Irizarry carefully considered" the admissibility of the MDC tapes.

**Proskauer»**

Hon. Ann M. Donnelly
February 13, 2019
Page 2

   *Second*, the Court should reject out of hand the government's untimely purported Rule 16(a)(1)(G) notice of its intention to present expert testimony (Dkt. No. 204), which comes one week *after* the government's motion to admit such testimony and more than two weeks *after* the January 24, 2019 discovery deadline.[1]

                       Respectfully submitted,

                        */s/ Robert J. Cleary*
                        Robert J. Cleary

cc: AUSA Alexander A. Solomon (by ECF)
   AUSA Ian C. Richardson (by ECF)
   AUSA Craig R. Heeren (by ECF)

---

[1] The defense's memorandum in opposition to the government's motions *in limine*, states that the discovery deadline is January 14, based on the official transcript of proceedings.  (Jan. 10, 2019 Tr. at 42:14-15).  The transcript entry, however, is in error; the deadline actually imposed by the Court was January 24.