

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RMT:AAS/ICR/CRH
F. #2015R01787

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 21, 2019

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Dan Zhong
     Criminal Docket No. 16-614 (AMD)

Dear Judge Donnelly:

  The government writes to provide the Court with material information bearing on the defendant's request to conduct Rule 15 depositions, and to advise the Court of the representations the United States Attorney's Office is prepared to provide to the potential witnesses identified by the defendant going forward.

  I. Background

  As the Court is aware, the defendant has sought Rule 15 depositions for certain witnesses currently residing in the People's Republic of China (the "PRC"). On January 4, 2019, in support of their motion, counsel for the defendant stated that "[t]he Witnesses themselves (through counsel), not Mr. Zhong, have rejected" the United States and the United Kingdom as locations for their testimony. (Def. Br. 2, Dkt. No. 186 (Jan. 4, 2019)). On January 30, 2019, the Court issued a memorandum and order permitting the defendant to take witness testimony "in the United Kingdom or in another jurisdiction amenable to both parties, provided that the Government provides safe passage letters for the witnesses." On February 8, 2019, defense counsel informed the government that, despite their prior representations, several of the witnesses had become willing to travel to the United Kingdom to be deposed, and later that day filed a letter requesting a one-week adjournment of trial to conduct depositions in London based on the representation that "the defense has, through counsel for the proposed deponents (the "Witnesses"), obtained the agreement of a number of the Witnesses to sit for depositions in London, with the protection of the safe passage letters that the government offered." (Def. Ltr., Dkt. No. 200.).

  In an effort to determine how best to transmit the "safe passage letters" that the government had agreed to provide to the potential deponents, the government thereafter contacted Marjorie J. Pierce, counsel for the proposed deponents, and inquired whether her clients were in

fact willing to participate in the depositions in the United Kingdom. Ms. Pierce advised the government that, contrary to defense counsel's representations to the Court, she had not spoken to her clients about doing so and stated that she planned to fly to China to discuss the matter with them on February 15, 2019. The government provided safe passage letters for each of the five potential witnesses identified by defense counsel to Ms. Pierce on February 12, 2019. Those letters represented that the United States Attorney's Office for the Eastern District of New York (the "USAO-EDNY") would "not take any action or cause any law enforcement officer in the United Kingdom to take any action, based on any act or offense relating to the Trial, to cause [the witnesses] to be subject to service of process, arrest, or detention, or otherwise pursue any action that would cause [the witnesses] to be prevented from freely leaving the United Kingdom." The letters further represented that the USAO-EDNY "is unaware of any other such law enforcement officers or persons having an interest in taking any action that would prevent from [the witnesses] from freely leaving the United Kingdom. Nor will the USAO-EDNY request U.K. immigration authorities to conduct a border search of [the witnesses]."

The government thereafter made preparations to attend the depositions of five witnesses in London on February 20-22, 2019. Defense counsel subsequently advised the government on February 16, 2019, that they planned to depose just three of the five potential witnesses: Yunping Xia, Dehuai Tang and Yuliang Wang. On the night of Sunday, February 17, 2019, defense counsel advised the government that they had just learned that all three of their prospective deponents had been denied visas to travel to the United Kingdom. In a call the next day, February 18, 2019, defense counsel stated that they did not know why the visas had been denied and proposed that the parties conduct depositions in one of several Caribbean Islands that does not require Chinese visitors to obtain visas in advance of travel. Later that day, the defendant filed a letter with the Court notifying the Court of his proposal to conduct depositions in one of several Caribbean Islands. (See Def. Ltr., Dkt. No. 212).

II.     The Witnesses' Visa Fraud Against the Laws of the United Kingdom

Earlier this morning, the government obtained information from the Government of the United Kingdom's Home Office that at least two of the prospective deponents were denied visas because they presented fraudulent banking statements in support of their visa applications for travel to the United Kingdom. The government has requested further information and documentation through official channels.

It is the government's understanding that, similar to the United States, banking statements provided in support of a visa application are material to the U.K. Government's visa determination, because a visa applicant's financial situation in their home country bears on the determination whether the applicant has an intent to immigrate to the United Kingdom. An applicant with strong finances in their home country is less likely to attempt to overstay a non-immigrant visa than an applicant with poor finances or prospects in their country of origin. The government further understands that making a materially false statement in connection with a U.K. visa application is a crime under U.K. law as it is under U.S. law. Accordingly, the witnesses, or the persons who prepared their applications, made potentially criminal false or fraudulent statements to the government of the United Kingdom.

As the Court is aware, the defendant in this case is charged with conspiring to commit visa fraud under U.S. law, and the government expects to admit evidence that will show that the defendant and his coconspirators agreed to prepare and submit materially false visa applications for workers they brought to the United States. The potentially criminal acts committed by these individuals, or caused by third parties attempting to facilitate their travel, are troubling, particularly because of the close relationship between visa fraud and forced labor in this case. Based on this new conduct, the government can represent to the potential witnesses only that it will not seek to extradite any witness from a foreign country to which they are traveling for depositions.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ Craig R. Heeren
        Alexander A. Solomon
        Ian C. Richardson
        Craig R. Heeren
        Assistant U.S. Attorneys
        (718) 254-7000

cc:     Defense counsel (by ECF)
        Marjorie J. Peerce, Esq. (counsel for individual witnesses) (by email)