

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 21, 2019

<u>By ECF</u>

Robert J. Cleary
Member of the Firm
d +1.212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

The Honorable Ann M. Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *United States v. Dan Zhong*
     <u>Criminal Docket No. 16-614 (AMD)</u>

Dear Judge Donnelly:

  For the reasons set forth below, we respectfully (1) object to the inclusion of a jury instruction on conscious avoidance; and (2) request that the Court declare a mistrial on Count V based on the government's summations.  In the event the Court declines to declare a mistrial on Count V, we request that the Court instruct the jury that they must disregard any argument by the government suggesting that a conviction on that count can be premised on an omission, as opposed to an affirmative misstatement.

### 1. The Addition Of A Conscious Avoidance Charge After The Conclusion Of Closing Arguments Would Violate Rule 30(b) And Substantially Prejudice Mr. Zhong

  Pursuant to Federal Rule of Criminal Procedure 30(b), the Court "*must inform the parties before closing arguments how it intends to rule on the requested instructions.*"  Requiring the court to issue rulings on requests to charge prior to summations ensures that the parties are afforded the "opportunity to frame their closing remarks in light of the court's subsequent legal instructions."  *United States v. Eisen,* 974 F.2d 246, 256 (2d Cir. 1992).  The purpose of this rule is fundamentally undermined if the court "after informing counsel of [the] proposed charge, then changes the charge after summations are completed."  *United States v. James*, 239 F.3d 120, 124 (2d Cir. 2000).

  At the charge conference on Tuesday, March 19, the Court heard argument on whether a conscious avoidance instruction was appropriate.  In objecting to the inclusion of such a charge, the defense underscored the absence of any evidentiary basis for a jury to conclude that the defendant took affirmative steps to avoid learning any fact, as contrasted with an absence of evidence to prove knowledge of that fact.  (Trial Tr. at 1706:22-1707:5); *see generally*, *United States v. Rodriguez*, 983 F.2d 455, 458 (2d Cir. 1993) (conscious avoidance requires evidence that defendant deliberately "*decided* not to learn" the fact in dispute) (emphasis in original).

**Proskauer»**

Hon. Ann M. Donnelly
March 21, 2019
Page 2

At the conclusion of the discussion on the conscious avoidance instruction, the Court informed the parties that it would "let you know *by the end of the day* what I think about that." (Trial Tr. at 1707:6-9 (emphasis added)).  That evening, the Court emailed the parties an "updated draft of the jury charge, which incorporates the charges discussed at today's conference."  The revised charge did *not* include any conscious avoidance instruction.  The defense reasonably interpreted this omission as reflecting the Court's promised decision "by the end of the day."  Further, the defense relied on the omission of this instruction in crafting and delivering its closing argument, including by not addressing the concept of conscious avoidance in its discussion of the trial evidence.

After the summations were completed yesterday, the Court informed the parties that now it planned to give a conscious avoidance instruction, "just based on the defense summation." (Trial Tr. 1919:13-14).  Not only was there nothing in the defense summation that could provide a basis for a conscious avoidance instruction, the question whether or not such a charge is appropriate hinges on whether the *evidence*, as opposed to the attorneys' arguments, would support a jury finding beyond a reasonable doubt that Mr. Zhong affirmatively decided not to learn any particular fact.  *Rodriguez*, 983 F.2d at 458.  The government identified no such evidence at the charge conference.

The defense summation simply pointed to the absence of evidence, and thus the government's failure of proof, on certain aspects of Mr. Zhong's knowledge.  If arguing lack of knowledge, standing alone, were a basis for a conscious avoidance instruction, then such a charge would always be appropriate in any case in which knowledge is a contested element.

For these reasons, adding a conscious avoidance charge now, would be a clear violation of Rule 30(b)'s mandate and a violation of Mr. Zhong's right to a fair trial.

**2.  The Court Should Declare A Mistrial On Count V Because the Government Made Closing Arguments In Conflict With The Bill of Particulars**

There is a long tortured history to the defense's efforts to ascertain, by way of a bill of particulars, the alleged false statements underlying the charged visa fraud conspiracy.  We will not repeat that history here, other than to note that the matter was brought to a head and definitively resolved at a status conference before Chief Judge Irizarry on February 21, 2018.  At this conference, the government unequivocally made its position on the bill of particulars clear.  With respect to the affirmative statement in invitation letters that China Rilin workers were invited to the United States to undertake work on diplomatic properties the following colloquy took place:

> The Court: Are you saying that the whole thing was false?  . . . .
> Just using the example that defense counsel has handed up, this
> April 24, 2015 [invitation] letter.

**Proskauer»**

Hon. Ann M. Donnelly
March 21, 2019
Page 3

Mr. Richardson: Your Honor, the argument is that these are fraudulent statements because it failed to disclose the real purpose these workers - -

The Court: Are you saying that the entire letter constitutes a false statement?  It's a short letter.

Mr. Richardson: We're saying it is a fraudulent statement.

The Court: It's basically got two sentences in it.

Mr. Richardson: It is a fraudulent statement, yes.

The Court:  The whole thing is a fraudulent statement?

Mr. Richardson: Yes, because the real purpose for bringing these workers was to do private work, not the public PRC work that's described in the letter.

The Court: So, are you saying then that that's the same with respect to the other [invitation letter and diplomatic note] documents that have been identified?

Mr. Richardson: That's correct, Your Honor.

The Court: So in essence, they're saying that the entire letter constitutes a false statement.

Mr. Richardson: That's correct, Your Honor.

[. . .]

The Court:  . . . So, the government's position is that that [first paragraph of the invitation letter] is a false statement?

Mr. Richardson:  Yes.

The Court:  Because in fact they were not brought to work on the mission, right, that would have been government work.  All right. They were brought in fact to work on private property.

Mr. Richardson:  That's right.

(February 21, 2018 Tr. at 37:13-38:16, 40:4-11).

**Proskauer»**

Hon. Ann M. Donnelly
March 21, 2019
Page 4

Thus, the bill of particulars, as explained by the government itself, established that the government's theory of falsity is that the letters provided *incorrect* information, not *incomplete information.*

The government never amended its bill of particulars, and never otherwise suggested the alleged falsity in the invitation letters or diplomatic notes was the *omission* of facts rather than the *affirmative misrepresentations* it confirmed to Chief Judge Irizarry. The government waited until after the close of its case before providing any indication that it was relying on an omissions theory. Indeed, the government's request to charge failed to include any such charging language. (Dkt. No. 222).

In its main summation, the government argued:

> And you also know that the worker's visa applications didn't inform the U.S. Government that these folks would be working at unauthorized job sites.

(Trial Tr. 1799:19-21).

This theme continued in the government's rebuttal:

> There's a suggestion in the defense summation that because they left out that information that there is some kind of loophole. That by leaving out an important detail, an important fact of what these people were coming to the United States to do, they did not commit a crime.

> But I submit to you that when you leave out an important fact that would have changed the State Department's entire decision, entire way of approaching and processing your application, you have lied to the State Department.

(Trial Tr. 1945:3-11).

The defense relied on the bill of particulars in preparing for and presenting its defense at trial. The government's omission theory of criminal liability, first suggested at the Rule 29 argument and then articulated in closing argument, directly contravened the bill of particulars. While the defense recognizes that the government may amend a bill of particulars "subject to conditions as justice requires," Fed. R. Crim. P. 7(f), the attempted last-minute amendment here cannot possibly satisfy that standard.

**Proskauer»**

Hon. Ann M. Donnelly
March 21, 2019
Page 5

   Under these circumstances a mistrial on Count V is appropriate.   If the Court does not grant a mistrial, the Court should provide a curative instruction that the jury must disregard any argument by the government that a false statement concerning the visa fraud charges can be based on an omission, as opposed to an affirmative misstatement.

          Respectfully submitted,

          */s/ Robert J. Cleary*
          Robert J. Cleary

cc:  AUSA Alexander A. Solomon (by ECF)
   AUSA Ian C. Richardson (by ECF)
   AUSA Craig R. Heeren (by ECF)