

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS/ICR/CRH
F. #2015R01787

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 22, 2019

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Dan Zhong
>      Criminal Docket No. 16-614 (AMD)

Dear Judge Donnelly:

The government respectfully requests that the Court not dismiss any alternate jurors until the conclusion of the forfeiture phase of the trial.

It is well established that "the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection" because it is an aspect of the sentence, not an element of the underlying crime. Libretti v. United States, 516 U.S. 29, 49 (1995); see also United States v. Stevenson, 834 F.3d 80, 86 (2d Cir. 2016) (holding that Libretti remains controlling law). Rather, the right to a jury determination of forfeiture derives from Federal Rule of Criminal Procedure 32.2(b)(5), which provides that upon a party's timely request, "the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."

Notably, should one or more members of the jury become unable to serve during the jury's deliberations regarding forfeiture, the Federal Rules of Criminal Procedure permit the Court to substitute the unavailable juror or jurors with alternate jurors. Rule 24(c)(3) provides that if "[i]f an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew." Alternatively, the Court may, pursuant to Rule 23(b)(3), "permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the court finds good cause to excuse a juror." See United States v. Cantu, 167 F.3d 198, 207 (5th Cir. 1999) (identifying no error in allowing an eleven-person jury to decide forfeiture after deciding the guilt phase of trial).

In sum, should it become necessary to replace one or more jurors who are, for whatever reason, unable to continue during deliberations regarding forfeiture, the continued

presence of alternate jurors would provide the Court flexibility to permit a jury of eleven persons to proceed or to further replenish the jury as necessary. Accordingly, the government respectfully requests that the Court not dismiss the alternate jurors until the conclusion of the forfeiture proceedings.

          Respectfully submitted,

          RICHARD P. DONOGHUE
          United States Attorney

By:   /s/ Ian C. Richardson
      Alexander A. Solomon
      Ian C. Richardson
      Craig R. Heeren
      Assistant U.S. Attorneys
      (718) 254-7000

cc:     Defense counsel (by ECF)