

U.S. Department of Justice

United States Attorney
Eastern District of New York

SLR:LDM:BDM
F. #2015R01787

271 Cadman Plaza East
Brooklyn, New York 11201

January 10, 2020

Via ECF
The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Dan Zhong
                 Criminal Docket No. 16-614 (AMD)

Dear Judge Donnelly:

      The government respectfully writes in response to the Scheduling Orders entered on December 19 and December 23, 2019 regarding the petitions filed on behalf of Development Group of NYP, LLC ("DGNYP") and by Xiaohong Fang, the wife of defendant Dan Zhong, as they relate to the conduct of a criminal forfeiture ancillary proceeding in the above-captioned case. For the reasons set forth below, DGNYP's and Fang's petitions are premature and should be held in abeyance until the government completes steps required to commence an ancillary proceeding in accordance with the provisions of Rule 32.2 of the Federal Rules of Criminal Procedure.

    I.    Factual and Procedural Background

      Following a jury trial, on March 22, 2019, the defendant was convicted of all counts, to wit: Forced Labor Conspiracy, in violation of 18 U.S.C. §§ 1589(d) and 1594(b); Forced Labor, in violation of 18 U.S.C. §§ 1589(a), 1589(b) and 1589(d); Concealing Passports and Immigration Documents in Connection With Forced Labor, in violation of 18 U.S.C. § 1592(a); Alien Smuggling Conspiracy, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and Visa Fraud Conspiracy, in violation of 18 U.S.C. § 1546(a). See Verdict Sheet, Dkt. #235.

      Included in the indictment were forfeiture allegations that provided notice of the government's intent to seek, in the event of the defendant's conviction, forfeiture of all right, title and interest in: (a) the real property and premises located at 54 Glendale Avenue, Livingston, New Jersey 07039 (the "Glendale Avenue Property"); (b) the real property and premises located at 210 Pavonia Avenue, Jersey City, New Jersey 07302 (the "Pavonia

Avenue Property"); (c) the real property and premises located at 304 Fifth Avenue, New York, New York 10001 (the "Fifth Avenue Property"); (d) the real property and premises located at 5707 Parsons Boulevard, Fresh Meadows, New York, 11355 (the "Parsons Boulevard Property"); (e) the real property and premises located at 147-37 Beech Avenue, Apartment 2C, Flushing, New York 11355 (the "Beech Avenue Property"); and (f) the real property and premises located at 4 Valentine Farm Court, Old Brookville, New York 11545 (the "Valentine Farm Court Property") (items (a) through (f), collectively, the "Real Property"). See Indictment, Dkt. #20, at ¶¶ 7-10.

Following a post-conviction forfeiture phase of the trial, the jury returned a special verdict finding each parcel of Real Property forfeitable to the United States, as property involved in, used, or intended to be used to commit or to facilitate the commission of the offenses of conviction, pursuant to 18 U.S.C. §§ 1594(d) and/or 982(a)(6). See Special Verdict Sheet, Dkt. #239, at ¶¶ 1.a.-1.f.

On November 20, 2019, the Court entered a Preliminary Order of Forfeiture (the "Preliminary Order") forfeiting the defendant's interest in (a) the Glendale Avenue Property, the Pavonia Avenue Property, the Fifth Avenue Property, and the Valentine Farm Court Property (together, the "Forfeited Real Property"), and (b) the sum of $145,000.00 paid to the government by a putative third-party claimant, Yin Lin, a defendant in another case before Your Honor captioned United States v. Lin, 15-CR-601 (AMD), as a substitute res for the Parsons Boulevard Property and the Beech Avenue Property (the "Forfeited Funds"). See Preliminary Order of Forfeiture, Dkt. #262.

Five days later, on November 25, 2019, Zhong was sentenced before Your Honor, at which time the forfeiture was orally pronounced and the Preliminary Order made final as to the defendant in accordance with the provisions of Rule 32.2. Id. at ¶ 5 (citing Fed. R. Crim. P. 32.2(b)(4)(A) and (B)).

On December 18, 2019, the defendant's wife, Xiaohong Fang, filed a petition asserting an interest in the Glendale Avenue Property purportedly held as a tenancy by the entirety with Zhong. See Petition of Xiahong Fang For Ancillary Hearing, Dkt. #268, at ¶¶ 1 and 10. Two days later, on December 20, 2019, attorney Cathy Fleming filed a petition on behalf of DGNYP asserting an interest in the Fifth Avenue Property as purported titleholder of the property. See Petition of DGNYP, Dkt. #270, at ¶ 5. Both Fang and DGNYP seek amendment of the Preliminary Order to recognize the petitioners' respective claimed interests in the Forfeited Real Property. See Petition of Xiaohong Fang For Ancillary Hearing, at ¶ 3; Petition of DGNYP, at ¶¶ 13 (citing 21 U.S.C. § 853(n)(6)).

II.  Conduct of the Ancillary Proceeding

The post-trial ancillary proceeding is where third parties have an opportunity to establish their legal right, title or interest in criminally forfeited property. See 21 U.S.C. § 853(n). The ancillary proceeding closely resembles a civil action and, as such, is generally governed by the same procedures as those set forth in the Federal Rules of Civil Procedure.

See, e.g., Pacheco v. United States, 393 F.3d 348, 352 (2d Cir. 2004) (commenting that civil procedures aid efficient resolution of claims in ancillary proceeding); Fed. R. Crim. P. 32.2(c)(1) (authorizing motions to dismiss, discovery, and motions for summary judgment in ancillary proceeding).

In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in the order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2). United States v. Watts, 786 F.3d 152, 160 (2d Cir. 2015) (citing United States v. Ribadeniera, 105 F.3d 833, 834-35 (2d Cir. 1997)); see also United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("[A] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.") (citation omitted); United States v. Salti, 579 F.3d 656, 667 n. 11 (6th Cir. 2009) (holding that standing must be supported in same way as any other matter on which claimant bears burden of proof).

Only after a claimant makes a threshold showing of standing under Section 853(n)(2) may a court reach the merits of a claim, at which point the court must determine whether the claimant has met the burden of showing that his or her legal interest is a "superior interest" as compared to the government's interest at the time of the acts giving rise to forfeiture. Watts, 786 F.2d at 160; Timley, 507 F.3d at 1130, n. 2 (distinguishing between "legal interest" required for claimant to establish standing under Section 853(n)(2), and "superior legal interest" required for claimant to ultimately prevail on merits under Section 853(n)(6)); Pacheco, 393 F.3d at 351 ("burden [falls] ultimately on the petitioner to prove her claim by a preponderance of the evidence"); United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008) ("To prevail in a § 853(n) claim, [claimant] had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property . . . ."); United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("[T]he petitioner bears the burden of proving his right, title, or interest under Section 853(n)(6).").

In order to show a superior interest, a claimant must either demonstrate under Section 853(n)(6)(A) that he or she had priority of ownership over the forfeited property at the time of the offense, or must demonstrate under Section 853(n)(6)(B) that he or she subsequently acquired the property as a bona fide purchaser for value without cause to believe the property was subject to forfeiture. Ribadeniera, 105 F.3d at 834-35. In addition, under the relation back doctrine, the government's exclusive interest in forfeited property "vests in the United States upon the commission of the act giving rise to forfeiture . . . ." 21 U.S.C. § 853(c); Nava, 404 F.3d at 1124 ("The title to forfeited property vests in the United States at the time the defendant commits the unlawful acts . . . .").

In sum, the ancillary proceeding is essentially a quiet title proceeding in which the Court must determine, under the standards set forth in Section 853(n)(6), whether forfeited property actually belongs to the third party that has asserted a claim to it. See, e.g., United States v. McHan, 345 F.3d 262, 275-76 (4th Cir. 2003) (holding that petitioner in ancillary proceeding, which is akin to equitable quiet title proceeding, has no Seventh

Amendment right to jury trial).  If the forfeited property belongs to the third party, then the property must be stricken from the order of forfeiture; however, if the property does not belong to the third party, then the preliminary order of forfeiture becomes final and the United States becomes the exclusive titleholder to the property.  See 21 U.S.C. §§ 853(n)(6) and (7); United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005) (holding that if no third party files a meritorious claim to assets included in order of forfeiture, then United States obtains clear title to property pursuant to 21 U.S.C. § 853(n)(7)).

In accordance with the provisions of Rule 32.2, the Preliminary Order entered by the Court in this case authorizes the government to commence an ancillary proceeding by publishing notice of the order and sending notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the Forfeited Real Property and the Forfeited Funds.  See Preliminary Order, at ¶¶ 2-3; Fed. R. Crim. P. 32.2(b)(6).  Consistent with the custom and practice in this district, the Preliminary Order also authorizes publication on the government website, www.forfeiture.gov, which is to run for a period of thirty days under the applicable rules.  See Preliminary Order, at ¶ 2; Fed. R. Crim. P. 32.2(b)(6)(C) (cross-referencing internet publication procedures found in Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C) that govern in rem forfeiture actions).  Within thirty days following final publication or receipt of direct notice, the Preliminary Order further authorizes any third party asserting a legal interest in the Forfeitable Real Property and the Forfeitable Funds to file a petition requesting a hearing to adjudicate the validity of her alleged interest in the property and seeking amendment of the order to recognize the claimed interest.  See Preliminary Order, at ¶ 4 (citing 21 U.S.C. § 853(n)(6)).

III.     The Petitions Are Premature and Should Be Held In Abeyance Pending
         The Government's Commencement Of The Ancillary Proceeding

At present, the government has yet to commence an ancillary proceeding by publishing notice of the Preliminary Order and sending notice to potential third-party claimants, such as Fang and DGNYP.  This renders Fang's and DGNYP's petitions premature.  See United States v. Marion, 562 F.3d 1330, 1338 (11th Cir. 2009) (recognizing that authority to commence ancillary proceeding rests with government) (citing Advisory Committee Notes to Fed. R. Crim. P. 32.2).

The government is currently in the process of identifying all potential claimants to the Forfeited Real Property, including through the review of property records, so that it may proceed to issue direct notices of the Preliminary Order, together with commencing publication, in accordance with the Preliminary Order and the applicable rules.  As a result, the government respectfully requests a period of ninety days in order to complete this process, which will ensure the orderly and efficient commencement of the ancillary proceeding that is likely to involve multiple assets and claimants.

Accordingly, the government respectfully requests that the Court hold Fang's and DGNYP's petitions in abeyance while the government takes steps to issue direct notices and commence publication in accordance with the statutory scheme.  Based upon the

practices in this district, it is also contemplated that during this time, the Glendale Avenue Property and the Fifth Avenue Property will continue to remain in the possession of Fang and DGNYP, respectively, absent a change of circumstances, such as those that would place the properties at risk of loss.  The government further requests that it be directed to file a status report in ninety days advising the Court as to whether it has completed the steps necessary to commence the ancillary proceeding by providing notice to all potential third-party claimants.

On January 7, 2020, the government conferred with Marc Kunkin, an attorney recently retained as counsel for Xiaohong Fang, who indicated that he consents to the requested relief.  In addition, on January 8, 2020, the undersigned spoke with Cathy Fleming, counsel of record for DGNYP.  Ms. Fleming indicated that she was unable to provide her client's position as to the requested relief before first having an opportunity to consult with a DGNYP representative, who could be difficult to reach in China.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Brian D. Morris
Brian D. Morris
Assistant U.S. Attorney
718-254-6512

cc: Counsel of Record (by ECF)
Marc Kunkin (by e-mail)