SLR:LDM:BDM
F. 2015R01787

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | STIPULATION OF SETTLEMENT |
| - against - | 16 CR 614 (AMD) |
| DAN ZHONG, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

XIAOHONG FANG,

        Interested Third Party.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about December 1, 2016, a grand jury empaneled in the Eastern District of New York returned an indictment (the "Indictment") charging defendant Dan Zhong (the "defendant") with Forced Labor Conspiracy, in violation of 18 U.S.C. §§ 1589(d) and 1594(b); Forced Labor, in violation of 18 U.S.C. §§ 1589(a), 1589(b) and 1589(d); Concealing Passports and Immigration Documents in Connection With Forced Labor, in violation of 18 U.S.C. § 1592(a); Alien Smuggling Conspiracy, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and Visa Fraud Conspiracy, in violation of 18 U.S.C. § 1546(a);

        WHEREAS, the Indictment included a forfeiture allegation that provided notice of the government's intent to seek, in the event of the defendant's conviction, forfeiture of all right, title and interest in, among other assets, the real property and premises

located at 54 Glendale Avenue, Livingston, New Jersey 07039 (the "Glendale Avenue Property");

WHEREAS, following a jury trial in March 2019, the defendant was convicted of all counts charged in the Indictment;

WHEREAS, following a post-conviction forfeiture phase of the trial, the jury returned a special verdict finding the Glendale Avenue Property, among other assets, forfeitable to the United States, as property involved in, used, or intended to be used to commit or to facilitate the commission of the offenses for which the defendant was convicted, pursuant to 18 U.S.C. §§ 1594(d) and 982(a)(6);

WHEREAS, on November 20, 2019, the Court entered a Preliminary Order of Forfeiture (the "Preliminary Order") requiring the defendant to forfeit his interest in, among other assets, the Glendale Avenue Property;

WHEREAS, approximately five days later, on or about November 20, 2019, the defendant was sentenced, at which time the forfeiture of the Glendale Avenue Property was made final as to the defendant in accordance with the provisions of Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

WHEREAS, on or about December 19, 2019, the defendant's wife, Xiaohong Fang ("Fang"), filed a petition asserting an interest in the Glendale Avenue Property as a tenant by the entirety with the defendant (the "Petition");

WHEREAS, by Order entered on February 5, 2020, the Court denied Fang's petition as moot, without prejudice to renew it, following the government's commencement of an ancillary proceeding; and

WHEREAS, the United States and Fang (together, the "Parties") hereby desire to enter into this stipulation of settlement (the "Stipulation") for the purpose of resolving Fang's claimed interest in the Glendale Avenue Property without further litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

1. Fang represents that she holds an interest in the Glendale Avenue Property, in a tenancy by the entirety with the defendant, and that she is authorized to execute this and all other documents necessary to effectuate the settlement with regard to the Glendale Avenue Property as contemplated by this Stipulation. Upon the filing of this Stipulation with the Court, this Stipulation shall be deemed a timely-filed claim by Fang to the Glendale Avenue Property.

2. In consideration of the government's release of its interest in the Glendale Avenue Property, Fang agrees to forfeit to the United States the sum of two hundred twenty-five thousand dollars and no cents ($225,000.00) as a substitute res for the Glendale Avenue Property (the "Forfeited Funds"). Fang shall pay the full amount of the Forfeited Funds within fifteen days of issuance to the Parties of ECF notice of the Court's "so ordering" of this Stipulation (the "Due Date"). All payments made by Fang toward the Forfeited Funds shall be made by money order, certified check and/or official bank check, payable to the "U.S. Marshals Service." Fang shall cause said payment(s) to be delivered by hand or overnight courier to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the instrument(s). Fang represents that she holds exclusive right, title and interest in the Forfeited Funds, and

consents to the restraint and forfeiture of such funds pursuant to 18 U.S.C. §§ 1594(d) and 982(a)(6) as a substitute <u>res</u> for the Glendale Avenue Property, as: property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offenses charged in the Indictment of which Zhong was convicted. Fang waives all notice requirements pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and consents to the entry of a final order of forfeiture directed to the Forfeited Funds as a substitute <u>res</u> for the Glendale Avenue Property.

3. Fang acknowledges and agrees that by entering into this Stipulation, she waives any right to petition for remission or mitigation of the forfeiture of the Forfeited Funds. Fang hereby waives her right, if any, to use the above-captioned action or its settlement as a basis to bring any administrative or judicial civil cause of action against the United States or as a basis for any statutory or constitutional defense in any other civil, criminal, or administrative action, including, without limitation, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. Neither entering into this Stipulation nor making or receiving any payment hereunder shall be construed as an admission of liability or wrongdoing by any party.

4. The United States acknowledges and agrees that by entering into this Stipulation it shall have no further right to pursue, based upon the facts and circumstances set forth in the Indictment, forfeiture of the Glendale Avenue Property, and that the final order of forfeiture shall, in accordance with paragraph 13 below, exclude the Glendale Avenue Property and include, in its place, the Forfeited Funds.

5. The settlement contemplated by this Stipulation resolves only the

government's claims with respect to the forfeiture of the Glendale Avenue Property in the above-captioned ancillary proceeding. This settlement does not resolve, or affect in any way, any other claims that the government may have, including, but not limited to, claims with respect to restitution, fines, tax liabilities and/or any other existing potential liabilities or obligations that Fang may have to the government.

6. The government makes no representations, express or implied, as to the tax consequences, if any, of the settlement of Fang's claims, the forfeiture of the Forfeited Funds, or the release of the Glendale Avenue Property.

7. Fang and her heirs, assigns, and representatives hereby agree to release, indemnify and hold harmless the United States, and any officers, agents, and employees, past and present, of the United States, including but not limited to the United States Department of Justice, the United States Attorney's Office for the Eastern District of New York, the United States Marshals Service, and the Federal Bureau of Investigation, from and against any and all claims for relief or causes of action for any conduct or action which currently exists or which may arise as a result of the government's restraint of any assets in connection with the Indictment, the release of the Glendale Avenue Property, the forfeiture of the Forfeited Funds, or otherwise arising from entering into this Stipulation.

8. This Stipulation is contingent upon the Court's "so ordering" of this Stipulation. The Court shall maintain jurisdiction over this action in order to enforce the provisions of this Stipulation.

9. Fang and the United States agree that each of the Parties shall bear their respective costs and attorney's fees. Fang agrees to waive any and all rights that she has, if

any, to recover attorney's fees or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

10. This Stipulation constitutes the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Stipulation and supersedes all prior agreements and understandings, whether oral or written. No other document, nor any representation, inducement, agreement, understanding, or promise constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation. For purposes of construction, this Stipulation shall be deemed to have been drafted by the Parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceedings in which the United States seeks to enforce the terms of this Stipulation.

11. If any provision of this Stipulation is hereafter determined to be invalid for any reason, the balance of this Stipulation shall remain in full force and effect. The obligations of this Stipulation apply to and are binding upon the Parties and any of their successors, transferees, heirs, and assigns.

12. The signature pages of this Stipulation, which may include electronic and scanned signature pages, may be executed in one or more counterparts, each of which will be deemed an original but all of which together shall constitute one and the same instrument.

13. Following entry of this Stipulation by the Court, and provided that no other claims are filed to the Forfeited Funds upon completion of any required noticing and publication in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, counsel for the United States shall submit to the Court a proposed Final Order of Forfeiture:

(a) forfeiting the Forfeited Funds to the United States; and (b) excluding the Glendale Avenue Property in accordance with paragraph 4 above.

14. In the event that the defendant's conviction is reversed as to all counts on appeal, then this Stipulation shall be void ab initio and the government shall return the Forfeited Funds to Fang; provided, however, that if title to the Glendale Avenue Property, in whole or in part, has been transferred to, or otherwise encumbered by, a third party, then Fang consents to the government's continued retention of the Forfeited Funds as a substitute res for the Glendale Avenue Property, pending a judicial determination of the forfeitability of such property in connection with any retrial of Zhong or civil forfeiture proceeding commenced by the government.

15. Upon the Court's "so ordering" of this Stipulation, the Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this Stipulation to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
January 14, 2021

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza
Brooklyn, New York 11201

By: _____
Brian D. Morris
Assistant United States Attorney
(718) 254-6512

In re: Xiaohong Fang, Stipulation of Settlement

Page 7

Dated: New York, New York
January 06, 2021

                                      HILL RIVKINS LLP
                                      *Counsel to Xiaohong Fang*
                                      45 Broadway, Suite 1500
                                      New York, NY 10006

                          By: _____
                                      Marc I. Kunkin
                                      Justin M. Helig
                                      (212) 669-0698

AGREED AND CONSENTED TO BY:

_____
Xiaohong Fang

On the 06 day of January in the year 2021, Xiaohong Fang, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and that by her signature on the within instrument, she executed the same.

                                       _____
                                       NOTARY PUBLIC

SO ORDERED
This 15th day of January, 2021:

PIYUSH CHOWHAN اتتال عبدہ
Notary Public
State of New Jersey
My Commission Expires Jun 2, 2021

s/Ann M. Donnelly
_____
HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE