UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against –<br><br>DAN ZHONG<br><br>Defendant. | FACTUAL ALLEGATIONS<br>IN SUPPORT OF JUDICIAL REMOVAL<br><br>Criminal Docket No. 16 CR 614 (AMD) |

- - - - - - - - - - - - - - - - - -X

NOTICE IS HEREBY GIVEN TO DAN ZHONG ("the defendant") and to his attorney of record herein, Alexandra Shapiro, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of the People's Republic of China and a citizen of the People's Republic of China.

3. The defendant's status was adjusted to that of a lawful permanent resident on January 8, 2013.

4. The defendant was last admitted to the United States on January 28, 2016 at Newark, New Jersey as a lawful permanent resident.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Eastern District of New York, of the following offenses: Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1589(d)

6. A total maximum sentence of twenty years' imprisonment may be imposed for the above-mentioned offense.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), in that after admission defendant was convicted of an aggravated felony, as defined in Section 101(a)(43)(U) of the INA, as amended, 8 U.S.C 1101(a)(43)(U), for a conspiracy to commit an aggravated felony as defined in section 101(a)(43)(K)(iii) of the INA, as amended, 8 U.S.C. 1101(a)(43)(K)(iii) namely an attempt or conspiracy to commit an offense described in any of sections 1581-1585 or 1588-1591 of title 18 United States Code (relating to peonage, slavery, involuntary servitude, and trafficking in persons).

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to the People's Republic of China.

Dated: Brooklyn, New York
~~January 4,~~ Feb. 14, 2023

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Craig Heeren
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------X

UNITED STATES OF AMERICA

- against --

DAN ZHONG

                Defendant.

------------------X

DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 16 CR 614 (AMD)

DAN ZHONG, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is DAN ZHONG.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, January 4, 2023. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated January 4, 2023. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Alexandra Shapiro, Esq. and Julian Brod, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the

Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), in that after admission defendant was convicted of an aggravated felony, as defined in Section 101(a)(43)(U) of the INA, as amended, 8 U.S.C 1101(a)(43)(U), for a conspiracy to commit an aggravated felony as defined in section 101(a)(43)(K)(iii) of the INA, as amended, 8 U.S.C. 1101(a)(43)(K)(iii) namely an attempt or conspiracy to commit an offense described in any of sections 1581-1585 or 1588-1591 of title 18 United States Code (relating to peonage, slavery, involuntary servitude, and trafficking in persons).

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations

Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in the People's Republic of China and have no present fear of persecution in the People's Republic of China, the country of my citizenship. I further acknowledge that I have not been tortured in the People's Republic of China and have no present fear of torture in the People's Republic of China, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers

needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to the People's Republic of China, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

2/14/23
Date

Defendant's Signature

2/14/23
Date

Attorney for the Defendant

2/14/23
Date

Interpreter:
Lily Lau

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against –

DAN ZHONG

                Defendant.

- - - - - - - - - - - - - - - - - -X

CONCURRENCE OF
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT

Criminal Docket No.  16 CR 614 (AMD)

      Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

New York, New York

Dated   JAN X 4 2023

WILLIAM JOYCE
Deputy Field Office Director
United States Immigration and Customs Enforcement
For
KENNETH GENALO
Acting Field Office Director
United States Immigration and Customs Enforcement