AAS/CRH/ICR/BDM
F. #2015R01787

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against –

DAN ZHONG,

Defendant.

------------------------------X

PRELIMINARY
ORDER OF FORFEITURE

16-CR-614 (AMD)

WHEREAS, on or about February 14, 2023, DAN ZHONG (the "defendant") entered a plea of guilty to the offense charged in Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. §§ 1589(d) and 1594(b);

WHEREAS, pursuant to 18 U.S.C. § 1594(d), the defendant has consented to the forfeiture of all right, title, and interest, if any, to the United States in the following assets:

- a. The real property and premises located at 54 Glendale Avenue, Livingston, New Jersey 07039 (the "Glendale Avenue Property") which, pursuant to the Stipulation of Settlement entered by the Court in this matter on January 15, 2021 provided the same remains in effect, shall be perfected through forfeiture of the sum of two hundred twenty-five thousand dollars and no cents ($225,000.00), and all proceeds traceable thereto, previously paid to the government by third-party petitioner Xiaohong Fang as a substitute <u>res</u> for the Glendale Avenue Property (the "Fang Funds");

- b. The real property and premises located at 210 Pavonia Avenue, Jersey City, New Jersey 07302;

- c. The real property and premises located at 304 Fifth Avenue, New York, New York 10001;

- d. The real property and premises located at 5707 Parsons Boulevard, Fresh

Meadows, New York 11355 (the "Parsons Boulevard Property") and the real property and premises located at 147-37 Beech Avenue, Apartment 2C, Flushing, New York 11355 (the "Beech Avenue Property"), including the sum of one-hundred forty-five thousand dollars and no cents ($145,000.00), and all proceeds traceable thereto, paid to the government by putative third-party claimant Ying Lin, the defendant in a case captioned United States v. Lin, 15-CR-601 (AMD), as a substitute res for the Parsons Boulevard Property and the Beech Avenue Property (the "Lin Funds"); and

e. The real property and premises located at 4 Valentine Farm Court, Old Brookville, New York 11545 (items (a) through (e), collectively, the "Forfeited Assets")

as: (i) property, real or personal, that was involved in, used or intended to be used to commit or to facilitate the commission of the defendant's violation of 18 U.S.C. §§ 1589(d) and 1594(b); and (ii) property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, or property traceable to such property.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, on consent of the United States and the defendant, as follows:

1. Pursuant to 18 U.S.C. 1594(d), the defendant shall forfeit to the United States, if any, all right, title, and interest in the Forfeited Assets.

2. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Fang Funds and the Lin Funds, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website

www.forfeiture.gov, and of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty days (30) of the final publication of notice or receipt of notice or no later than sixty days (60) after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Forfeited Assets in any administrative or judicial (civil or criminal) proceeding. The defendant further shall not assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Forfeited Assets in any administrative or judicial (civil or criminal) forfeiture proceeding.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder,

including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeited Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Forfeited Assets is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. The Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be binding only upon the Court "so ordering" the Order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail three (3) certified copies of this executed Preliminary Order to the United States Attorney's Office, Eastern District of New York, Attn: ProMinds Paralegal Yvette Ramos, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      May 18, 2023

SO ORDERED:

s/Ann M. Donnelly
HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK